| | |
|---|---|
| 1 | **Rebecca A. Caley, Bar No. 131997** |
|   | **Christopher M. Domin, Bar No. 273951** |
| 2 | **CALEY & ASSOCIATES** |
|   | A Professional Corporation |
| 3 | **265 S. Randolph Avenue, Suite 270** |
|   | **Brea, California 92821-5777** |
| 4 | **714/529-1400 Office** |
|   | **714/529-1515 Facsimile** |
| 5 | **2030-276** |
| 6 | Attorneys for Defendant, |
|   | BMW Financial Services NA, LLC |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIPITO LLC, A MONTANA LLC DBA SAN DIEGO MOTORWERKS, CHIDIEBERE AMADI, an individual, RICHARD JOHN HAGEN dba EUROMOTORWERKS, RICHARD JOHN HAGEN, an individual and CARRIE SORRENTO, an individual, | ) ) ) ) ) ) ) ) ) ) ) | Case No. 21-cv-1205-H-JLB Hon. Marilyn Huff NOTICE OF MOTION AND MOTION OF BMW FINANCIAL SERVICES TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES |
| Plaintiffs, | ) ) | Date:       November 1, 2021 Time:       10:30 a.m. |
| v. | ) ) | Dept:       TBD |
| MANHEIM RIVERSIDE AKA COX AUTO INC. AKA MANHEIM INVESTMENTS INC. AKA COX AUTO AUCTIONS, LLC, MANHEIM NEVADA AKA COX AUTO INC. AKA MANHEIM INVESTMENTS, INC. AKA COX AUTO AUCTIONS, LLC CARFAX, INC., NEXTGEAR CAPITAL, DANNY BRAUN, an individual, CESAR ESPINOSA, an individual, STEVE HARMON, an individual, JERRY SIDERMAN, an individual, BMW OF NORTH AMERICA, LLC, CENTER AUTOMOTIVE, INC DBA CENTER BMW and DOES 1 through 200, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Trial Date: Note Set Date Action Filed: July 1, 2021 |
| Defendants. | ) ) | |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on November 1, 2021 at 10:30 a.m. or as soon thereafter as this matter may be heard before the Honorable Marilyn Huff, United States District Judge, in the above-entitled Court, located at 350 W. 1st Street, in Los Angeles, California 90012, Defendant, BMW FINANCIAL SERVICES NA, LLC, a Delaware limited liability company, erroneously named as BMW of North America, LLC[1] will and hereby does move the Court for an order dismissing with prejudice the Complaint filed against it in this action. BMW FS brings this motion pursuant to Rules 8(a), 8(d)(1), 9(a), 9(b), and 12(b)(6) of the Federal Rule of Civil Procedure because Plaintiffs fail to allege facts sufficient to state a cause of action.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and upon such oral argument and other submissions that may be presented at or before the hearing on this Motion.

Dated: September 21, 2021   CALEY & ASSOCIATES
                            A Professional Corporation

                                    /s/ Rebecca A. Caley
                            By: _____
                            Rebecca A. Caley
                            Christopher M. Domin
                            Attorneys for Defendant,
                            BMW Financial Services NA, LLC

---

[1] Plaintiffs erroneously name this defendant as BMW OF NORTH AMERICA, LLC.

I.     **INTRODUCTION**.

Plaintiffs Dipito LLC, a Montana LLC dba San Diego Motorwerks ("SD Motorwerks"), Richard John Hagen dba EuroMotorwerks ("EuroMotorwerks"), Richard John Hagen ("Hagen"), Carrie Elin Sorrento ("Sorrento") and Chidiebere Amadi ("Amadi") (collectively, "Plaintiffs") assert seven causes of action against numerous defendants including Defendant, BMW FINANCIAL SERVICES NA, LLC, a Delaware limited liability company, erroneously named as BMW of North America, LLC[2] . Each of Plaintiffs' claims fail as a matters of law for a plethora of reasons and should be dismissed with prejudiced.

Plaintiffs appear to allege damages arising from the auctions sales of three separate motor vehicles conducted through defendant Manheim. The subject vehicles are identified as follows: 2016 BMW M6 ("BMW"); 2018 Bentley Continental ("Bentley"); and a 2009 Chevrolet Corvette ("Corvette"). **The only direct allegations against BMW FS relate to the auction sale of the BMW (referred to as "Subject Vehicle #1" in the Complaint) to defendant SD Motorwerks and subsequent possession of the Vehicle by defendant Amadi.** There are no allegations that BMW FS was in anyway involved with the sales of the Bentley or Corvette (referred to as "Subject Vehicle #2" and "Subject Vehicle #3" respectively in the Complaint) to plaintiffs EuroMotorwerks, Hagen, and Sorrento and therefore, this Motion should be granted and the Complaint dismissed with prejudice as to these Plaintiffs.

As to the two remaining plaintiffs, SD Motorwerks and Amadi, the Complaint's allegations are so vague and conclusory that it is uncertain which plaintiff has standing to assert any claims against BMW FS. For example, the Complaint alleges SD Motorwerks purchased the Vehicle from BMW FS through a Manheim auction. However, the Complaint does not allege that Amadi

---

[2]   Plaintiffs erroneously name this defendant as BMW OF NORTH AMERICA, LLC.

subsequently **"purchased"** the BMW from SD Motorwerks.  Instead, only alleges that SD Motorwerks purchased "the [Vehicle] for the benefit of with the intention of selling it to [Amadi]" and "[Amadi] took possession of the [Vehicle] on or about February 4, 2020." [Complaint, ¶37.]  The absence of such a key fact causes each cause of action against BMW FS to become vague, unclear and conclusory.

SD Motorwerks and Amadi's failure to plead facts establishing they are entitled to relief is coupled with their failure to meet the requisite pleading standards for each of their alleged causes of action.  Here, SD Motorwerks alleges it is a limited liability company rather than an individual consumer and that is purchased the BMW for resale rather than personal, family, or household use. [Complaint, ¶¶ 2 and 7.] Therefore, it cannot obtain relief under its Consumer Legal Remedies Act, Song-Beverly, and Manguson-Moss Warranty Act which all require that the motor vehicle or good be purchased for such use.  Neither can Amadi's CLRA, Song-Beverly, and Magnuson-Moss claims also fail because he fails to allege he purchased the BMW. Instead, it is only alleged that he took possession. [Complaint, ¶37.]  As for SD Autowerks and Amadi's Quasi-Contract cause of action, the allegations pled are too ambiguous to support a cognizable legal theory.  If SD Motorwerks sold the BMW to Amadi then it has suffered no damages.  However, if Amadi purchased the BMW from SD Motorwerks then any money he paid to purchase the Vehicle would be in possession of SD Motorwerks, not BMW FS.  Furthermore, SD Motorwerks and Amadi's remaining causes of action, sounding in fraud, fail to meet Federal Rule of Civil Procedure 9(b)'s requirements that they pled allegations indicating how, when, where, or to whom the alleged fraudulent representations by BMW FS were made. SD Motorwerks and Amadi's claims are simply too confusing, vague, and ambiguous for BMW FS' to answer the Complaint.  As a result, BMW FS' Motion should be granted and the Complaint dismissed.

## II. FACTUAL ALLEGATIONS AGAINST BMW FS.

Plaintiffs allege they have purchased numerous vehicles, including the BMW, through Manheim automobile auctions and subsequently discovered hidden damages not disclosed by the auction. [Complaint, ¶25.] Specifically as to BMW FS, Plaintiffs allege that following the conclusion of lease terms, it fails to inspect leased vehicles for hidden damage prior to placing the vehicles for auction sale at Manheim. [Complaint, ¶28.]   Plaintiffs further allege that the subject BMW was sold to SD Motorwerks on or about January 28, 2020 through a Manheim auction. [Complaint, ¶32.]   SD Motorwerks was not physically present for the auction sale or during Manheim's PSI (Post Sale Inspection) conducted on the date of sale. [Complaint, ¶34 and incorporated **Exhibit "E".**] Manheim made the BMW available for pick-up by SD Motorwerks with a gate pass on January 29, 2020.  SD Motorwerks thereafter took delivery of the BMW and conducted a "visual inspection" after purchasing the Vehicle on January 30, 2020.  Its "visual inspection" allegedly revealed damage that it represents was not disclosed by Manheim's "multipoint inspection" prior to sale. [Complaint, ¶35.]

Plaintiffs then allege Amadi took possession of the BMW from SD Motorwerks and encountered numerous issues with the BMW requiring him to visit multiple dealerships for repairs.  During these visits, Amadi was allegedly informed the BMW had body damage that was not disclosed prior to SD Motorwerks' purchase. [Complaint, ¶¶37-48.]  The Complaint is absent any allegation that BMW FS knew or intentionally concealed these alleged defects as to the BMW.  It is also absent any allegation that Amadi purchased the Vehicle from SD Motorwerks.  Instead, the Complaint only alleges that SD Motorwerks purchased the BMW "for the benefit of with the intention of selling it to [Amadi] and that Amadi "took possession of SUBJECT VEHICLE #1 on or about February 4, 2020, after SD Motorwerks' own January 30, 2020 inspection which allegedly noticed damage to the Vehicle. [Complaint, ¶37.]

### III. **STANDARD OF MOTION TO DISMISS**.

In deciding whether to grant a motion to dismiss, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences". *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001). Further, factual allegations must be "more than mere labels and conclusions, and a formulaic recitation of the elements of the cause of action." *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

Although Rule 8 only requires, "a short and plain statement of the claim showing that the pleader is entitled to relief", the factual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly*, 127 S. Ct. at 1964-1965. When the allegations in the complaint, however true, can not raise a claim for relief, the deficiency in the case should be exposed at the earliest opportunity when expenditures of time and money by the parties and the Court are minimal. *Id*. at 1966.

For Plaintiffs' causes of action for Violation of the Consumer Legal Remedies Act ("CLRA"), Business & Professions Code ("B&P"), Wire Fraud, and RICO, they must meet heightened "particularity" requirements pursuant to Rule 9(b). Specifically, Plaintiffs were required to pled factual allegations reflecting "how, when, where, to whom and by what means the [fraudulent] representations were tendered. *Swartz v. KPMG LLP* 476 F.3d 756, 764 (9th Cir. 2007). Furthermore, "rule 9(b) does not allow a complaint to merely lump multiple defendants together 'but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his [or her] alleged participation in the fraud." *Swartz,* 476 F.3d at 764-65.

///
///

## IV. PLAINTIFFS FAIL TO PLEAD SUFFICIENT ALLEGATIONS SHOWING THEY ARE ENTITLED TO RELIEF FROM BMW FS.

"Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  Here, the Complaint is immediately confusing and disorganized as to BMW FS.  The Summons and Complaint's caption identify "BMW of North America, LLC" as a defendant, yet the body of the Complaint identifies BMW Financial Services NA, LLC as a defendant.  This inconsistency was highlighted to Plaintiffs' counsel and expressly agreed to be corrected in the Joint Motion to Extend Time to Respond previously filed as between Plaintiffs and BMW FS, but has still not been addressed.  Furthermore, four plaintiffs bundle their claims regarding three different vehicles without clearly attempting to set forth facts supporting each allegation statutory violation or alleged tort against the nine (9) defendants.  Plaintiffs' bundling of their claims makes it nearly impossible for BMW FS or any responding party to craft an answer to the Complaint.

Additionally, it is unclear which plaintiffs have standing to bring claims against BMW FS because the Complaint either lacks or contains contradictory allegations regarding which plaintiffs were damaged by BMW FS.  For example, the Complaint lacks any allegations that plaintiffs EuroMotorwerks, Hagen, and Sorrento were involved with the purchase of the BMW.  As to the remaining plaintiffs, SD Motorwerks and Amadi, the allegations are murky.  While SD Motorwerks clearly alleges it purchased the BMW from BMW FS via an online auction conducted by Manheim, the Complaint does not allege it ever sold the BMW to Amadi or that Amadi purchased the BMW from SD Motorwerks.  Instead, all that is alleged is Amadi took *possession* of the BMW following SD Motorwerks purchase from BMW FS.  If SD Motorwerks sold the Vehicle to

Amadi then what damages has it suffered? Furthermore, if Amadi purchased the Vehicle from SD Motorworks than his vehicle condition claims would be against SD Motorworks as the seller and not BMW FS. In its present state, the Complaint is simply too confusing and disorganized to pled adequate causes of action against BMW FS.

## V. PLAINTIFFS' CLAIMS FAIL AS A MATTER OF LAW.

As previously noted, the only plaintiffs directly alleging wrongdoing as to BMW FS are SD Motorwerks and Amadi. To that end, the Complaint's own allegations establish that their **Consumer Legal Remedies Act** ("CLRA") fails as a matter of law. The CLRA is applicable only to goods "bought or leased for use primarily for personal, family, or household purposes". Civil Code § 1761 (a). The CLRA further defines consumers as "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes. SD Motorwerks is limited liability company and used car business located in San Diego. [Complaint, ¶1.] In its business capacity, SD Motorwerks alleges it has purchased numerous vehicles from defendant Manheim. [Complaint, ¶25.] While, SD Motorwerks alleges it is a consumer within the meaning of the CLRA, this court does not have to accept such a legal conclusion in the face of obvious contradictory allegations in the Complaint. (*Sprewell*, supra, 266 F. 3d. at 988.) Especially, when considering that SD Motorwerks alleges it purchased the BMW not for personal, family, or household purposes, but with the intention of selling it to Amadi! [Complaint, ¶37.] The allegations of the Complaint clearly establish SD Motorwerks purchased the Vehicle for business or re-sale rather than personal, family, or household purposes. As to Amadi, the Complaint is absent allegations that he purchased the BMW, let alone purchased it for personal, family, or household purposes. Instead, the Complaint only alleges that Amadi took *possession* of the Vehicle after it was *purchased by* SD Motorwerks. [Complaint, ¶37.] Finally, there are no allegations that BMW

FS made any representations regarding the BMW's condition to Amadi at any time and as the CLRA is based in fraud, SD Motorwerks and Amadi's CLRA claim fails to pled facts with particularly required by Rule 9(d).

SD Motorwerks and Amadi's **Song-Beverly and Magnuson-Moss** claims fail for the same reason. Song-Beverly defines "consumer good" as "any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes. Magnuson-Moss defines "consumer" as a buyer (other than for purposes of resale) of any consumer product . . ." 15 U.S. Code § 2301(3). As previously discussed, SD Motorwerks did not purchase the BMW For personal, family, or household purposes but instead with the "intention" of selling it to Amadi. Amadi, however, has not alleged that he purchased the BMW from SD Motorwerks but only that it is in his possession. [Complaint, ¶37.] Finally, even if Amadi has alleged he purchased the BMW from SD Motorwerks, his claims against BMW FS would still fail as it has long been established precedent in California that privity of contract is required for implied warranty claims (*Young v. Aeroil Products Co. (*1957) 248 F.2d 185, 190.) Here, there is no allegation that Amadi contracted with BMW FS to purchase the subject BMW vehicle.

SD Motorwerks and Amadi's **restitution/quasi contract claim** also fails. California does not recognize a claim for restitution. (*Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006). However, the elements of a quasi-contract cause of action are the "receipt of the benefit and unjust retention of the benefit at the expense of another." (*Lectrodryer v. Seoulbank* (2000) 77 Cal.App.4th 723, 726). "Even when a person has received a benefit from another, he is required to make restitution, 'only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it." *Ghirado v. Antonioli*, 14 Cal.4th 39, 51 (1996) (citation omitted). "Plaintiff must demonstrate that the defendant is in possession of money or property taken

from her." *Asghari v. Wolkswagen Group of Am., Inc.* 42 F. Supp. 3d 1306 (C.D. Cal. 2013). Also, "with restitution 'defendant is asked to return something he wrongfully received; he is not asked to compensate the plaintiff for injury suffered as a result of his conduct." *Id.* at 1324 (citing *Bank of West v. Superior Court*, 2 Cal.4th 1254, 1268 (1992)). Here, Amadi has not alleged that he purchased the BMW, paid BMW FS any money or property, or that BMW FS is in possession of funds rightfully belonging to him. *Id.* (dismissing plaintiff's restitution claim because defendant manufacturer was not in possession of money or property taken from plaintiff ). As to SD Motorwerks, the Complaint's allegations are uncertain. If SD Motorwerks completed the BMW's sale to Amadi, rather than only allowing him to take possession, then it was paid by Amadi and suffered no loss or need for restitution.

Finally, as to SD Motorwerks and Amadi's remaining causes of action of **Violation of Business & Professions Code, Wire Fraud, and Violation of Federal RICO**, which are all based in fraud, SD Motorwerks and Amadi fail to plead these claims with particularity required by Rule 9(b). *Vess v. Ciba-Geigy Corp. USA* ( 9th Cir. 2003) 317 F.3d 1097, 1104-05. For actions sounding in fraud, plaintiffs must state facts which "show how, when, where, to whom, and by what means the representations were tendered." *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645. Specifically as to Business & Professions Code claims, plaintiff must allege a statutory section that has been violated and describe with particularity any supporting violation. (*See* 5 Witkin, Cal. Procedure (5th ed. 2008), § 779, p. 196 (citing Khoury v. Maly's of California, Inc. (1993) 14 Cal.App.4th 612, 619.) Here, both Amadi and SD Motorwerks fail to allege any of these facts with the required specificity. Amadi does not allege when or if he ever had any communications with BMW FS. This is unsurprising as the Complaint alleges Amadi took possession of the BMW from *SD Motorwerks*, not *BMW FS*. Amadi's possession of the BMW took place *after* SD Motorwerks

alleges it purchased the BMW through the Manheim auction.  Therefore, based on the Complaint's own allegations,  BMW FS did not make any misrepresentations or material omissions to Amadi.

## VI. CONCLUSION.

For all of the foregoing reasons, BMW FS respectfully requests that the Court grant its Motion and dismiss Plaintiffs' Complaint against BMW FS with prejudice.

Dated:   September 21, 2021

CALEY & ASSOCIATES
A Professional Corporation

By: **/s/ Rebecca A. Caley**
_____
Rebecca A. Caley
Christopher M. Domin
Attorneys for Defendant,
BMW Financial Services NA, LLC