Michael A. Alfred, Esq., SBN 113716
Law Office of Michael A. Alfred
7220 Trade Street, Suite 104
San Diego, California 92121
(858) 566-6800


Attorney for Plaintiff


UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| DIPITO LLC, A MONTANA LLC DBA SAN DIEGO MOTORWERKS, CHIDIEBERE AMADI, an individual, RICHARD JOHN HAGEN dba EUROMOTORWERKS, RICHARD JOHN HAGEN, an individual and CARRIE SORRENTO, an individual.<br><br>                              Plaintiffs,<br><br>vs.<br><br>MANHEIM RIVERSIDE AKA COX AUTO INC. AKA MANHEIM INVESTMENTS INC. AKA COX AUTO AUCTIONS, LLC,  MANHEIM NEVADA AKA COX AUTO INC. AKA MANHEIM INVESTMENTS INC. AKA COX AUTO AUCTIONS, LLC CARFAX, INC.,  NEXTGEAR CAPITAL, DANNY BRAUN, an individual, CESAR ESPINOSA, an | Case No.:   21-cv-1205-H-JLB<br><br>**OPPOSITION TO MOTION TO DISMISS, OR ALTERNATIVELY, TO TRANSFER VENUE BY DEFENDANTS MANHEIM RIVERSIDE, MANHEIM NEVADA, NEXTGEAR CAPITAL, DANNY BRAWN, CESAR ESPINOSA, AND STEVE HARMON**<br><br>**DEMAND FOR JURY TRIAL**<br>Judge: Hon. Marilyn Huff<br><br>Date: October 18, 2021<br>Time: 10:30 a.m.<br>Dept:  TBD<br><br>Trial Date: Not Set<br>Date Action Filed:  July 1, 2021 |

1 | individual, STEVE HARMON, an          )
2 | individual, JERRY SIDERMAN, an        )
  | individual,  BMW OF NORTH             )
3 | AMERICA, LLC, CENTER                  )
4 | AUTOMOTIVE, INC DBA CENTER            )
  | BMW and DOES 1 through 200            )
5 |                                       )
6 |                        Defendants.    )

## TABLE OF CONTENTS

I.  INTRODUCTION………………………………………………………………1

II. FACTUAL AND PROCEDURAL BACKGROUND………………………………...2

III. POINTS AND AUTHORITIES …………………………………………………3

    A.  **Defendants Mandatory Arbitration Clause is not valid nor enforceable**………..3

    B.  **The choice of law provision contained in an adhesion contract is unenforceable……………………………….....**……………………………6

    C.  **Amadi is a business associate and third-party beneficiary of Dipito, Hagen and Sorrento………………………………………………..**……...……..7

    D.  **Defendants Brawn and Harmon "purposefully directed" business activities to California and are subject to personal jurisdiction**……………………….……7

    E.  **If this Court Finds that the Complaint was Not Pled Sufficiently, Plaintiffs Should be Granted Leave to Amend**…………………………………………9

IV. CONCLUSION………………………………………………………………...10

**TABLE OF AUTHORITIES**

**Cases**

*Armendariz v. Foundation Health Psychcare Services, Inc.* 24 Cal.4th 83 (2000)………………5

*Ashbey v Archstone Property Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015)………………4

*AT&T Techs., Inc. v Commc'ns Workers of America*, 475 U.S. 643, 648 (1986)………………..4

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)…………………………………4

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007)…………………………………………3,4

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996)………………….…...…3

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)………………4

*CollegeSource, Inc. v. AcademyOne, Inc.* , 653 F.3d 1066, 1076 (9th Cir. 2011)………………9

*CompuCredit Corp v Greenwood*, 132 S.Ct. 665 (2019)……………………………………………4

*Daimler AG v. Bauman* , 571 U.S. 117, 134 S.Ct. 746, 754, 187 L.Ed.2d 624 (2014)…………..8

*Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093 (9th Cir. 2014)…………………………………5

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)……………………………10

*Deleon v. Verizon Wireless, LLC,* 207 Cal.App.4th 800,813 (2012)………………………………5

*Doe v. Unocal Corp.* , 248 F.3d 915, 923 (9th Cir. 2001)……………………………………………4,8

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)………………………………………………......3

*Foman v. Davis*, 371 U.S. 178 (1962)……………………………………………………………10

*Goodyear Dunlop Tires Operations, S.A. v. Brown* , 564 U.S. 915, 919,  (2011)………………8

*In re Countrywide Financial Corp. Sec. Litigation*, 588 F.Supp.2d 1132 (C.D. Cal., 2008)….3,4

*Int'l Shoe Co. v. Wash.* , 326 U.S. 310, 318, 66 S.Ct. 154, 90 L.Ed. 95 (1945)…………………..8

*Keen v. American Home Mortg. Servicing, Inc.*, 664 F.Supp.2d 1086 (E.D. Cal., 2009)………..4

*Keeton v. Hustler Magazine, Inc.* , 465 U.S. 770, 775, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984)…8

*Knutson v. Sirius XM Radio, Inc.,* 771 F.3d 559, 565 (9th Cir. 2014)……………………………5

*LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (C.A. Kan. 1983)…………………………10

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001)………………………………...…………………..3

*Ouevedo v Macy's Inc*, 798 F.Supp.2nd 1122, 1133 (C.D. Cal. 2011)……………………………5

*Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995)………………….......3

*Picot v. Weston* , 780 F.3d 1206, 1211 (9th Cir. 2015)……………………………………..9

*Polar Bear Prods., Inc. v. Timex Corp.* , 384 F.3d 700, 720 (9th Cir. 2004)…………………..9

*Schwarzenegger v. Fred Martin Motor Co.* , 374 F.3d 797, 802 (9th Cir. 2004)………………9

*Sonic-Calabasas A, Inc. v. Moreno* 57 Cal.4th 1109, 1143-1145 (2013)……………………….5

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001)………………………...3

*Stirlen v Supercuts, Inc.* 51 Cal.App.4th 1519, 1532 (1997)……………………………………6

*Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F.Supp.2d 1166, 1176  (N.D. Cal., 2009))……………………………………………………………………………………………3

*Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  ……….3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007)………………………4

*Walden v. Fiore* , 571 U.S. 277, 134 S.Ct. 1115, 1121, 188 L.Ed.2d 12 (2014)…………………8

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme* , 433 F.3d 1199, 1205 (9th Cir. 2006)……………………………………………………………………………………………7,8

**Statutes**

Fed. R. Civ. Proc. 12(b)(6)…………………………………………………………………4

Fed. R. Civ. Proc. 15(a)………………………………………………………………9,10

9 U.S.C. §2………………………………………………………………………………4

18 U.S.C. §1343……………………………………………………………………………3

18 U.S.C. §1962(c)………………………………………………………………………3

California Business and Professions Code §17200…………………………………………3

Cal. Civ. Code § 1559………………………………………………………………………7

Cal. Civ. Proc. Code § 410.10………………………………………………………………7,8

Treatises

*Restatement Second of Conflicts of Laws Section 187*)……………………………………6

# I. INTRODUCTION

Plaintiffs submit this opposition to Defendant Manheim'[1] Motion to Dismiss, or Alternatively, To Transfer Venue by Defendant Manheim, filed with this Court on or about September 3, 2021.  The motion was not served upon Plaintiffs.  Likewise, there was no CM/ECF notification emailed to Counsel for Plaintiff.  Counsel for Plaintiff had notified Counsel for Defendant Manheim that he would be out-of-country on a prepaid vacation trip to return on September 22, 2021.  Counsel for the Defendant Manheim used an incorrect date for the Hearing of October 8, 2021.  Technically, their mistake would have made any filing upon my return from vacation untimely.  However the Court provided an Order Rescheduling Hearing (Doc 24) providing a correct Hearing date of October 18, 2021.  Counsel for Plaintiff called to notify Counsel for Defendant Manheim of his return to the office and to seek cooperation in allowing an Opposition Response early in the Week of September 27, 2021.  For the reasons set forth below, the Court should deny the Motion.

Defendants wrongfully allege that the mandatory arbitration agreement is valid and enforceable.  Defendants bear the burden in proving (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.  Defendants have failed to meet their burden.

Likewise, Defendants fail to bear the burden of proving that the arbitration clause is enforceable based upon the mutual assent of the parties.  Accordingly, any transfer of venue would be mooted for the same legal reasons as the failed arbitration arguments.

Plaintiff Amadi is a third-party beneficiary and owner of a vehicle that was fraudulently conveyed to him.  Any alleged deficiencies (if any) can be resolved in a future amendment.

Defendants Brawn and Harmon are primary actors in the perpetration of a fraud against the Plaintiffs.  Defendants Brawn and Harmon "purposefully directed" their activities to California

---

[1] As used herein, the terms "Defendants Manheim' shall refer to the following defendants: (1) Manheim Investments Inc. d/b/a Manheim Riverside ("Manheim Riverside"); (2) Greater Nevada Auto Auctions, LLC d/b/a Manheim Nevada ("Manheim Nevada" and together with Manheim Riverside ("Manheim")),(3) Danny Brawn ("Brawn"); (4) Cesar Espinosa ("Espinosa"); (5) Steve Harmon ("Harmon"), and(6) NextGear Capital, Inc. ("NextGear"); (collectively "Defendants").

where they conducted auction business that it is the subject of this litigation.  The fact that they may not reside in California is a red herring issue that is not dispositive of personal jurisdiction. Any alleged deficiencies (if any) can be resolved in a future amendment.

Defendant Nextgear is a primary actor and perpetrator of a fraud against the Plaintiffs.  Any alleged deficiencies will be resolved in a future amendment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In the interest of brevity and to focus on the issues, Plaintiffs accepts the Factual Background, Paragraph A of Defendant Manheim's Motion.

At Paragraph B, Defendant Manheim discusses the Arbitration Agreement.  Veronica Tai, Director, Product Management for Cox Automotive, Inc., the parent company of Manheim Investment, Inc. provided a Declaration in support of the existence of the Arbitration Agreement. All Manheim's Dealer Customers are required to create an account on AuctionACCESS. (See Exh "1", para. 8).  Ms. Tai makes the following averments. "All Manheim's Dealer Customer accept the Manheim Terms and conditions either online or in person at a kiosk at the Auctions. Manheim's Dealer Customers are provided with a copy of Manheim' Terms and Conditions and **must** affirmatively click "I agree" to accept Manheim's Terms and Conditions prior to receiving access to Manheim's auctions."   (See Manheim Exh "1", para. 11).

"Richard John Hagen (on behalf of EuroMotorwerks) affirmatively accepted the various versions of Manheim's Terms and Conditions on the Manheim.com website on September 12, 2015, August 4, 2018, November 15, 2019."  (See Manheim Exh "1", para. 15).  **Note: Euromotorwerks is not a party to the subject Complaint.  Any facts pertaining to Euromotorwerks are irrelevant.**

"Carrie Elin Sorrento (on behalf of SD Motorwerks) affirmatively accepted the various versions of Manheim's Terms and Conditions on the Manheim.com website on February 7, 2020, November 29, 2019 and September 26, 2020."  (See Manheim Exh "1", para. 16).

"Based on Manheim's business records, neither SD Motorwerks nor EuroMotorwerks opted out of the Arbitration Agreement."  (See Manheim Exh "1", para. 21).

///

### III. POINTS AND AUTHORITIES

Defendant asserts two grounds for its motion to dismiss, Fed. R. Civ. Proc. 8(a), 9(b), 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6). Nevertheless and contrary to Defendant's contention, Plaintiffs' Complaints does state a claim upon which relief can be granted because Plaintiffs sufficiently pled Defendant's liability under the asserted causes of action of (1) California Consumer Legal Remedies Act; (2) Song Beverly Consumer Warranty Act; (3) Magnuson-Moss Consumer Warranty Act: (4) Quasi-Contract/Restitution; (5) California Business and Professions Code §17200; (6) Wire Fraud under 18 U.S.C. §1343, Deceit, and/or Misrepresentation; and (7) Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. §1962(c). . These causes of action, adequately pled, assert that Defendants Manheim remain liable for the specific who, what, when, where, and why pled in the Complaint. As such, Plaintiffs request that the Court deny Defendant's motion to dismiss and alternatively, to transfer venue. In the alternative, Plaintiffs' request that the Court grant Plaintiffs' Motion for Leave to Amend.

### A. **Defendants Mandatory Arbitration Clause is not valid nor enforceable.**

"A motion to dismiss tests whether the allegations in a complaint, if true, amount to an actionable claim." *In re Countrywide Financial Corp. Sec. Litigation*, 588 F.Supp.2d 1132, 1145 (C.D. Cal., 2008) citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). When dealing with a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) the Court must accept as true all allegations of material fact in the complaint. *In re Countrywide Fin. Corp.* at 1145; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). "In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F.Supp.2d 1166, 1176 (N.D. Cal., 2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996); *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, a court need not accept as true unreasonable inferences. *In re Countrywide Fin. Corp* at 1145 citing *Sprewell* at 988. "A court reads the complaint as a whole, together with matters

appropriate for judicial notice, rather than isolating allegations and taking them out of context." *In re Countrywide Fin. Corp* at 1145 citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief. Thus "the plaintiff need not necessarily pled a particular fact if that fact is a reasonable inference from facts properly alleged." *Keen v. American Home Mortg. Servicing, Inc.*, 664 F.Supp.2d 1086, 1092 (E.D. Cal., 2009). Dismissal of an action is appropriate only where the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Finally, when dealing with a motion to dismiss for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6), a district court should grant leave to amend unless it is determined that the pleading could not possibly be cured by the allegation of other facts. *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995).

Congress enacted the Federal Arbitration Act ("FAA") in 1925 as a response to judicial hostility to arbitration. *CompuCredit Corp v Greenwood*, 132 S.Ct. 665 (2019). The FAA provides that an agreement to arbitrate disputes arising from "a contract evidencing a transaction involving commerce" shall be "valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2. The court's role under the Act is….limited to determining (whether a valid agreement to arbitrate exists and, it does, (2) whether the agreement encompasses the dispute at issue.: *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The party seeking to compel arbitration has the burden under the FAA to show [these two elements]. *Ashbey v Archstone Property Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. *AT&T Techs., Inc. v Commc'ns Workers of America*, 475 U.S. 643, 648 (1986). Arbitration agreements may also be invalidated by generally applicable contract defenses, such as fraud, duress or unconscionability. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

The threshold issue in deciding a motion to compel arbitration is whether the parties agreed to arbitrate. *Ouevedo v Macy's Inc*, 798 F.Supp.2nd 1122, 1133 (C.D. Cal. 2011). A party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. *Knutson v. Sirius XM Radio, Inc.,* 771 F.3d 559, 565 (9th Cir. 2014).

When determining whether a valid contract to arbitrate exists, we apply ordinary state law principles that govern contract formation. *Davis v. Nordstrom, Inc*., 755 F.3d 1089, 1093 (9th Cir. 2014). It is undisputed that under California law, mutual assent is a required element of contract formation. *Knutson*, 771 F.3d at 565. The mutual assent necessary to form a contract is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings. *Deleon v. Verizon Wireless, LLC,* 207 Cal.App.4th 800,813 (2012). The doctrine of mutual assent applies with particular force to contracts of adhesion. *Knutson*, 771 F.3d at 566. Thus, an offeree, regardless of apparent manifestation of his consent, is not bound by inconspicuous contractual provisions of which he was unaware, contained in a document which contractual nature is not obvious. *Id.* The party seeking to compel arbitration has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. *Id.* At 565.

One common formulation of unconscionability is that it refers to an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party. As that formulation implicitly recognizes, the doctrine of unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results. *Sonic-Calabasas A, Inc. v. Moreno* 57 Cal.4th 1109, 1143-1145 (2013).

The prevailing view is that procedural and substantive unconscionability must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability. *Armendariz v. Foundation Health Psychcare Services, Inc.* 24 Cal.4th 83 (2000). The unconscionability doctrine ensures that contracts, particularly

contracts of adhesion, do not impose terms that have been variously described as "overly harsh". *Stirlen v Supercuts, Inc.* 51 Cal.App.4th 1519, 1532 (1997).

Manheim engaged in a pattern and practice of selling known defective vehicles while concealing those known defects.  This is alleged fraudulent activity which would void the enforcement of the contract.  There cannot be mutual assent to fraudulent conduct.  Moreover, the Arbitration Agreement provides …"**You acknowledge that Manheim may (but will not be required to) submit to Arbitration any dispute or claim that it may have against you…** (See Manheim Memorandum of Points and Authorities at page 7, paragraph 2).    This clause is "one-sided" and "overly harsh."  It shocks the conscious that Manheim would be arrogant enough to suggest that their Dealer customers would not have mutual rights along with Manheim.  Manheim is allowed to decide which matters to arbitrate and which matters to litigate.  This unconscionable term would provide Manheim a legal benefit and assurance that they could discourage legal retribution against their fraudulent conduct by selecting their home venue.  Thereby, making it more costly and more difficult to seek redress for their fraudulent activities.

**B.  The choice of law provision contained in an adhesion contract is unenforceable.**

The weaker party to an adhesion contract may seek to avoid enforcement of a choice-of-law provision therein by establishing that "substantial injustice" would result from its enforcement. *Restatement Second of Conflicts of Laws Section 187 ("Restatement")*.  A choice of law provision, like any other contractual provision, will not be given effect if the consent of one of the parties to its conclusion in the contract was obtained by improper means, such as by misinterpretation, duress, or undue influence, or by mistake.  Whether such consent was in fact obtained by improper means or by mistake will be determined by the forum in accordance with its own legal principles.  A factor which the forum may consider is whether the choice-of-law provision is contained in an adhesion contract, not one that is drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party that has no real opportunity to bargain about its terms.  Such contracts are usually prepared in printed form, and frequently at least some of their provisions are in extremely small print. The forum will scrutinize such contracts with care and will refuse to apply any choice-of-law provision they may

contain if to do so would result in substantial injustice to the adherent.  *Comment b to Restatement section 187.*

Plaintiff's Hagen and Sorrento are lay persons with no legal training.  They used the online tools on the Manheim.com site.  Neither had any real opportunity to negotiate any of the Terms and Conditions.  Neither Hagen nor Sorrento has any recollection of the mandatory arbitration and choice of law provisions on the Manheim.com site.  The plaintiffs would suffer "substantial injustice" by being forced to Arbitrate or transfer venue to Georgia…a state that is not substantially connected to any of the allegations of the complaint.  See Declaration of Hagan.

**C.  <u>Amadi is a business associate and third-party beneficiary of Dipito, Hagen, and Sorrento.</u>**

California's contract principles on third party beneficiaries are well known. Under California law, a "contract, made expressly for the benefit of a third party, may be enforced by him at any time before the parties thereto rescind it." Cal. Civ. Code § 1559. A third party qualifies as a beneficiary under a contract if the parties intended to benefit the third party and the terms of the contract make that intent evident. Although a third party need not be expressly named or identified in a contract, a party must demonstrate that it is a member of a class of persons for whose benefit it was made.

Paragraph 37 of the Complaint provides in part: "SD MOTORWERKS had purchased SUBJECT VEHICLE #1 for the benefit of with the intention of selling it to CHIDI.  CHIDI took possession of SUBJECT VEHICLE #1 on or about February 4, 2020.

Any alleged deficiencies, if any, can be cured in a future amendment.

**D.  <u>Defendants Brawn and Harmon "purposefully directed" business activities to California and are subject to personal jurisdiction.</u>**

Where, as here, there is no applicable federal statute governing personal jurisdiction , the district court applies the law of the state in which the court sits. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme* , 433 F.3d 1199, 1205 (9th Cir. 2006). California's long-arm statute provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code §

410.10. Thus, the jurisdictional analysis under California law and federal due process is the same. *Yahoo!* , 433 F.3d at 1205.

There are two categories of personal jurisdiction . First, a "court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown* , 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011). When there is general jurisdiction , any cause of action arising from an entity's dealings, regardless of whether the dealings upon which the cause of action rests are tied to the forum state, may be heard in the forum state. *See Daimler AG v. Bauman* , 571 U.S. 117, 134 S.Ct. 746, 754, 187 L.Ed.2d 624 (2014) (describing general jurisdiction as a situation where a foreign corporation's "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities") (quoting *Int'l Shoe Co. v. Wash.* , 326 U.S. 310, 318, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ).

Specific jurisdiction , in contrast, "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.... [S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction ." *Goodyear* , 564 U.S. at 919, 131 S.Ct. 2846 (citations omitted). Specific jurisdiction comports with due process only if the non-resident defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Doe v. Unocal Corp.* , 248 F.3d 915, 923 (9th Cir. 2001) (quoting *Int'l Shoe* , 326 U.S. at 316, 66 S.Ct. 154 ). The inquiry " 'focuses on the relationship among the defendant, the forum, and the litigation.' " *Walden v. Fiore* , 571 U.S. 277, 134 S.Ct. 1115, 1121, 188 L.Ed.2d 12 (2014) (quoting *Keeton v. Hustler Magazine, Inc.* , 465 U.S. 770, 775, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) ). The plaintiff "cannot be the only link between the defendant and the forum." *Id.* at 1122.

The Ninth Circuit "employ[s] a three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction ." *Picot v. Weston* , 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Schwarzenegger v. Fred Martin Motor Co.* , 374 F.3d 797, 802 (9th Cir. 2004) ). The prongs are: (1) the non-resident defendant must purposefully avail himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposefully direct his activities or consummate some transaction with the forum or resident thereof; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* , it must be reasonable. *Id.* The plaintiff has the burden of proving the first two prongs. *CollegeSource, Inc. v. AcademyOne, Inc.* , 653 F.3d 1066, 1076 (9th Cir. 2011). If a plaintiff successfully does so, "the burden shifts to the defendant to set forth a compelling case that the exercise of jurisdiction would not be reasonable." *Picot* , 780 F.3d at 1212.

The "exact form" of the jurisdictional inquiry depends on the nature of the claim at issue. *Id.* The claims at issue in this case sound in tort. *Polar Bear Prods., Inc. v. Timex Corp.* , 384 F.3d 700, 720 (9th Cir. 2004), *as amended on denial of reh'g and reh'g en banc* , No. 03-35188, 2004 WL 2376507 (9th Cir. 2004).   Therefore, the Court applies a "purposeful direction" test and looks to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere. *Picot* , 780 F.3d at 1212.

In this instance, Manheim conducts business within the state of California.  Manheim's managerial employees Brawn and Harmon "purposefully direct" their managerial activities to the forum state of California.  Brawn and Harmon's activities were essential to the conduct of the business within California. So, it is not a violation of their due process rights to answer for claims for injury that they caused within the forum state.

### E.  If this Court Finds that the Complaint was Not Pled Sufficiently, Plaintiffs Should be Granted Leave to Amend.

Fed. R. Civ. Proc. 15(a) provides that for Amendments the Court should "freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a).  The Supreme Court, other Circuit Courts,

and the Ninth Circuit have continually noted that Fed. R. Civ. Proc. 15(a)'s "policy of favoring amendments to pleadings should be applied with 'extreme liberality'." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted), *Foman v. Davis*, 371 U.S. 178 (1962), and *LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (C.A. Kan. 1983).  Only four factors are commonly used to deny a motion for leave to amend, they are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs* at 186 (citation omitted).

While Plaintiffs assert that they have met the pleading standards required under the Federal Rules, if this Court were to find otherwise, Plaintiffs respectfully request that this Court grant them leave to amend their complaint as allowed under Fed. R. Civ. Proc. 15.   Given the arguments above and in Plaintiffs other documents on record with this court, it is clear that amendment would not be futile or prejudicial to Lenders.  If this Court were to find that the COMPLAINT does not sufficiently plead a Claim for Relief, Plaintiffs request the court to grant the motion for leave to amend the COMPLAINT.

## IV. CONCLUSION

For the above reasons Plaintiffs request this Court deny the Motion to Dismiss, or Alternatively, to Transfer Venue by Defendants Manheim.

 Dated: September 26, 2021                    LAW OFFICE OF MICHAEL A. ALFRED


                                       By:   /s/Michael A. Alfred
                                            Michael A. Alfred
                                            Attorney for Plaintiffs