Michael A. Alfred, Esq., SBN 113716
Law Office of Michael A. Alfred
7220 Trade Street, Suite 104
San Diego, California 92121
(858) 566-6800

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPITO LLC, A MONTANA LLC DBA SAN DIEGO MOTORWERKS, CHIDIEBERE AMADI, an individual, RICHARD JOHN HAGEN dba EUROMOTORWERKS, RICHARD JOHN HAGEN, an individual and CARRIE SORRENTO, an individual.<br><br>Plaintiffs,<br><br>vs.<br><br>MANHEIM RIVERSIDE AKA COX AUTO INC. AKA MANHEIM INVESTMENTS INC. AKA COX AUTO AUCTIONS, LLC, MANHEIM NEVADA AKA COX AUTO INC. AKA MANHEIM INVESTMENTS INC. AKA COX AUTO AUCTIONS, LLC CARFAX, INC., NEXTGEAR CAPITAL, DANNY BRAUN, an individual, CESAR ESPINOSA, an | Case No.: 21-cv-1205-H-JLB<br><br>**OPPOSITION TO NOTICE OF AND MOTION OF BMW FINANCIAL SERVICES TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br>Judge: Hon. Marilyn Huff<br><br>Date: November 1, 2021<br>Time: 10:30 a.m.<br>Dept: TBD<br><br>Trial Date: Not Set<br>Date Action Filed: July 1, 2021 |

individual, STEVE HARMON, an )
individual, JERRY SIDERMAN, an )
individual,  BMW OF NORTH )
AMERICA, LLC, CENTER )
AUTOMOTIVE, INC DBA CENTER )
BMW and DOES 1 through 200 )
 )
            Defendants. )

# TABLE OF CONTENTS

I.  INTRODUCTION……………………………………………………………………………1

II. FACTUAL AND PROCEDURAL BACKGROUND……………………………………...2

III. POINTS AND AUTHORITIES …………………………………………………………3

    A.  **BMW FS had a duty to disclose defects to the BMW (Subject Vehicle #1)………3**

    B.  **AMADI is a business associate and third-party beneficiary of Dipito, Hagen and Sorrento…………………………………………………………..……...……...7**

    C.  **AMADI is an individual consumer under the CLRA, Song-Beverly and Magnuson-Moss Warranty Act while DIPITO is defined as a person (under the Song-Beverly Act)**

    D.  **If this Court Finds that the Complaint was Not Pled Sufficiently, Plaintiffs Should be Granted Leave to Amend……………………………………………9**

IV. CONCLUSION……………………………………………………………………….....10

# TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007)……………………………………….4,5

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996)………………....……5

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)…………………………10

*Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995)…………………………………………………..6

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)…………………………………………….......4

*Ferdik v. Bonzelet*, 963 F. 2nd 1258, 1260 (9th Cir. 1992)……………………………………….6

*Foman v. Davis*, 371 U.S. 178 (1962)……………………………………………….…10

*In re Countrywide Financial Corp. Sec. Litigation*, 588 F.Supp.2d 1132 (C.D. Cal., 2008)….4,5

*Keen v. American Home Mortg. Servicing, Inc.*, 664 F.Supp.2d 1086 (E.D. Cal., 2009)………...5

*LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (C.A. Kan. 1983)…………………………10

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001)………………………...…………………..4

*Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995)…………………........5

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001)…………………………..5

*Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F.Supp.2d 1166, 1176  (N.D. Cal., 2009))…………………………………………………………………………………………….5

*Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  ……….5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007)………………………5

**Statutes**

Fed. R. Civ. Proc. 8(a)……………………………………………………………………………4

Fed. R. Civ. Proc. 8(d)……………………………………………………………………………4

Fed. R. Civ. Proc. 9(a)……………………………………………………………………………4

Fed. R. Civ. Proc. 9(b)……………………………………………………………………………4

Fed. R. Civ. Proc. 12(b)(6)………………………………………………………………………4

Fed. R. Civ. Proc. 15(a)…………………………………………………………………………10

9 U.S.C. §2…………………………………………………………………………..……….4

18 U.S.C. §1343………………………………………………………………….…….4

Case 3:21-cv-01205-H-JLB   Document 35   Filed 10/07/21   PageID.520   Page 5 of 16
</a>

18 U.S.C. §1962(c)……………………………………………………………………………….4

California Business and Professions Code §17200……………………………………………….4

Cal. Civ. Code § 1559……………………………………………………………………………7

Cal. Civ. Code § 1760……………………………………………………………………………8

Cal. Civ. Code § 1770……………………………………………………………………………8

Cal. Civ. Code § 1791……………………………………………………………………………9

**Treatises**

*2 William W. Schwarzer et al Fed Civ Proc Before Trial*……………………………………….5

# I. INTRODUCTION

1. Subject Vehicle #1 is a BMW. Plaintiffs have alleged that BMW FS had failed to inspect for the hidden damages prior to placing this vehicle for sale with Manheim. Based upon the aforementioned rules, BMW/FSVT has failed to make required disclosure of defects/damages that were hidden and existing at the time of the auction sale to SD MOTORWERKS. These defects/damages compromised the structural integrity of SUBJECT VEHICLE #1 making it unsafe to drive and presenting a risk of serious injury or even death to the driver and passengers.

2. Defendants BMW FS alleges that the complaint is missing; (1) an allegation that BMW FS knew or intentionally concealed the alleged defect; (2) missing an allegation that AMADI purchased the vehicle from SD Motorwerks; (3) Plaintiff must plead allegations reflecting "how, when, where, to whom and by what means the [fraudulent] misrepresentations were tendered"; and (4) Plaintiff failed to set forth facts supporting each allegation statutory violation or alleged tort.

3. Defendant BMW FS alleges that Plaintiff's claims fail as a matter of law. Defendant disputes that AMADI is a consumer that used, bought, or leased for use primarily for personal, family or household purposes. Defendant BMW FS alleges Plaintiff's complaint lacks specificity.

# II. FACTUAL AND PROCEDURAL BACKGROUND

4. Paragraph 14 of the complaint states as follows: Plaintiff is informed and believes and thereon alleges that Defendant BMW FINANCIAL SERVICESS NA, LLA is managed by and an affiliate of BMW of North America, LLC ("**BMW**" AND/OR "**FSVT**") is engaged in leasing and reselling of BMW vehicles. BMW is registered in Delaware. BMW has a foreign registration with the California Secretary of State. It's main office is located at Woodcliff Lake, New Jersey 07677-7731. CT Corporation System is the agent for service in California.

5. Paragraph 28 of the complaint states as follows: BMW is taking cars at the end of their leases which BMW fails to inspect for hidden damage. BMW is "burying their heads in the

sand" because by doing so, they are able to lease more cars to their customers. BMW profits from these "negligent and illegal practices".

6. Paragraph 32 of the complaint states as follows: **SUBJECT VEHICLE #1**: On or about August 1, 2016, SIDERMAN leased a 2016 BMW M6 CPE (VIN: WBS6J9C53GD934586) (**"SUBJECT VEHICLE #1"**) from CENTER. SIDERMAN financed his lease through BMW. SIDERMAN and his family members drove this car up until November/December 2019. At that time, the car was returned to BMW/FSVT. FSVT arranged to have SUBJECT VEHICLE #1 sold utilizing the auction services of MANHEIM. MANHEIM sold the car to SD Motorwerks on or about January 28, 2020. (**Exhibit A**).

7. Paragraph 37 of the complaint states in part as follows: SD MOTORWERKS had purchased SUBJECT VEHICLE #1 for the benefit of with the intention of selling it to CHIDI. CHIDI took possession of SUBJECT VEHICLE #1 on or about February 4, 2020.

8. Paragraph 50 of the complaint states as follows: On December 2, 2020, Plaintiff's had SUBJECT VEHICLE #1 inspected for frame and structural integrity. Ryan Hernandez, the General Manager of West Coast Specialties, reported "To whom it may concern after reviewing this BMW m coupe vin#wbs6j9c53gd934586 there has been significate (sic) damage to the right side of this care (sic) and the rt uniside (sic) of this car wasn't fixed correctly and still has structure damage to the rocker panel. As seen in the photos and after inspecting this car still has damage." **EXHIBIT I**.

9. Paragraph 56 of the complaint states as follows: BMW/FSVT was the title owner of the vehicle. BMW/FSVT had placed the vehicle with MANHEIM for sale at their Riverside auction. MANHEIM follows the Arbitration Rules as provided by the National Auto Auction Association. (**Exhibit M**). The sales made at an Auction are intended to promote fair and ethical treatment to both the Buyer and Seller. Auction makes no representation or guarantees on any vehicle sold or offered for sale. Auction is not a party to the contract of the sale. The sales contract is between the Seller and Buyer only. Sellers must disclose permanent structural damage, any structural alterations, structural repairs or replacements (certified or non-certified)

as outlined in this policy prior to selling a vehicle at auction regardless of sales channel or light condition. Disclosures are required for the following:

    a.   Any/all existing permanent (non-repairable aka kinked or broken) structural damage as defined in this policy.

    b.   Improper and/or substandard prior repairs (not meeting OEM repair guidelines)

    c.   Repairs not certified using OEM guidelines or to be within the UVMS Improper alterations to the structure Lengthened or Shortened structure verified by visual inspection.

    d.   Altered suspension that requires the structure to be modified from its OEM form.

    h.   Corrosion of structural components determined by one or more of the following; when the substrate loses its shape, the original bonds near the affected area are loose or are no longer in existence, the original thickness of the substrate has been changed by more than 25%, the affected area no longer possesses its absorption or deflection properties.

    i.   Structural tear damage (i.e. transport tie down) if more than 1" in length (measured from tear start/stop points.

    10.   Paragraph 57 of the complaint states as follows: Based upon the aforementioned rules, BMW/FSVT has failed to make required disclosure of defects/damages that were hidden and existing at the time of the auction sale to SD MOTORWERKS. These defects/damages compromised the structural integrity of SUBJECT VEHICLE #1 making it unsafe to drive and presenting a risk of serious injury or even death to the driver and passengers.

    11.   Paragraph 60 of the complaint states as follows: We are informed and believe that SIDERMAN knowingly and wrongfully concealed defects/damages that were hidden and existing at the time of the vehicle going off lease back to BMW/FSVT.

12. Paragraph 61 of the complaint states as follows: We are informed and believe that CENTER knew or should have known of the defects/damages to SUBJECT VEHICLE #1 and failed to report such damages to BMW/FSVT.

13. Paragraph 62 of the complaint states as follows: At all relevant times, each of the Defendants were acting as agents, employees, assigns and/or contractors of one another. Each of the Defendants performed acts which taken together contributed to losses/damages to the Plaintiffs.

14. The aforementioned allegations comprise the allegations against BMW FS.

### III. POINTS AND AUTHORITIES

15. Defendant asserts the following grounds for its motion to dismiss, Fed. R. Civ. Proc. 8(a), 8(d)(a), 9(a), 9(b) and 12(b)(6). Nevertheless and contrary to Defendant's contention, Plaintiffs' Complaints does state a claim upon which relief can be granted because Plaintiffs sufficiently pled Defendant's liability under the asserted causes of action of (1) California Consumer Legal Remedies Act; (2) Song Beverly Consumer Warranty Act; (3) Magnuson-Moss Consumer Warranty Act: (4) Quasi-Contract/Restitution; (5) California Business and Professions Code §17200; (6) Wire Fraud under 18 U.S.C. §1343, Deceit, and/or Misrepresentation; and (7) Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. §1962(c). . These causes of action, adequately pled, assert that Defendants Manheim and BMW FS remain liable for the specific who, what, when, where, and why pled in the Complaint. As such, Plaintiffs request that the Court deny Defendant's motion to dismiss and alternatively, to transfer venue. In the alternative, Plaintiffs' request that the Court grant Plaintiffs' Motion for Leave to Amend.

16. "A motion to dismiss tests whether the allegations in a complaint, if true, amount to an actionable claim." *In re Countrywide Financial Corp. Sec. Litigation*, 588 F.Supp.2d 1132, 1145 (C.D. Cal., 2008) citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). When dealing with a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) the Court must accept as true all allegations of material fact in the complaint. *In re Countrywide Fin. Corp.* at 1145; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007). "In

4

evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F.Supp.2d 1166, 1176 (N.D. Cal., 2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996); *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, a court need not accept as true unreasonable inferences. *In re Countrywide Fin. Corp* at 1145 citing *Sprewell* at 988. "A court reads the complaint as a whole, together with matters appropriate for judicial notice, rather than isolating allegations and taking them out of context." *In re Countrywide Fin. Corp* at 1145 citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007).

   17. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief. Thus "the plaintiff need not necessarily pled a particular fact if that fact is a reasonable inference from facts properly alleged." *Keen v. American Home Mortg. Servicing, Inc.*, 664 F.Supp.2d 1086, 1092 (E.D. Cal., 2009). Dismissal of an action is appropriate only where the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

   18. Regarding factual allegations, Rule 10(b) provides that each paragraph should be limited "as far as practicable to a statement of a single set of circumstances. It does not require that separate paragraphs relate the same circumstances for each individual party, thereby causing a multiplicity of paragraphs.

   19. Except when specific pleading is required…., evidentiary facts need not be set forth in the complaint: Federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims. *2 William W. Schwarzer at al.,* Federal Civil Procedure Before Trial P 8:16, at 8-4(2000) (*quoting Leatherman v. Tarrant Co. Narcotics Intelligence Coordination Unit*, 507 U.S. 168, 169 (1993).

20. District courts have the inherent power to control their dockets and in the exercise of that power hey may impose sanctions, including, where appropriate, dismissal of a case. *Ferdik v. Bonzelet*, 963 F. 2nd 1258, 1260 (9th Cir. 1992). Dismissal is a harsh penalty, however, and should therefore be imposed only in extreme circumstances. Id.

21. Finally, when dealing with a motion to dismiss for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6), a district court should grant leave to amend unless it is determined that the pleading could not possibly be cured by the allegation of other facts. *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995).

### A. BMW FS had a duty to disclose defects to the BMW (Subject Vehicle #1).

22. BMW/FSVT was the title owner of the vehicle. BMW/FSVT had placed the vehicle with MANHEIM for sale at their Riverside auction. MANHEIM follows the Arbitration Rules as provided by the National Auto Auction Association. (**Complaint - Exhibit M**).

23. BMW FS had a duty to inspect their vehicle when it came off-lease. BMW FS failed to properly inspect a vehicle when they had an affirmative duty to do so. BMW FS had an affirmative duty to know or to discover damages prior to placing Subject Vehicle #1 in the auction for sale to a non-suspecting buyer. BMW FS had a duty to: Sellers (BMW FS) must disclose permanent structural damage, any structural alterations, structural repairs or replacements (certified or non-certified) as outlined in this policy prior to selling a vehicle at auction regardless of sales channel or light condition. Disclosures are required for the following:

    a. Any/all existing permanent (non-repairable aka kinked or broken) structural damage as defined in this policy.

    b. Improper and/or substandard prior repairs (not meeting OEM repair guidelines)

    c. Repairs not certified using OEM guidelines or to be within the UVMS Improper alterations to the structure Lengthened or Shortened structure verified by visual inspection.

    d. Altered suspension that requires the structure to be modified from its OEM form.

      **h.** Corrosion of structural components determined by one or more of the following; when the substrate loses its shape, the original bonds near the affected area are loose or are no longer in existence, the original thickness of the substrate has been changed by more than 25%, the affected area no longer possesses its absorption or deflection properties.

      **i.** Structural tear damage (i.e. transport tie down) if more than 1" in length (measured from tear start/stop points.

24. All of the aforementioned reportable items should have been reported by BMW FS. However, none of the aforementioned reported items had been reported. The aforementioned facts give rise to a "Res Ipsa Loquitur" presumption. The judicial doctrine of res ipsa loquitur is a presumption affecting the burden of producing evidence. (c) If the evidence, or facts otherwise established, would support a res ipsa loquitur presumption and the defendant has introduced evidence which would support a finding that he was not negligent or that any negligence on his part was not a proximate cause of the occurrence, the court may, and upon request shall, instruct the jury to the effect that: (1) If the facts which would give rise to res ipsa loquitur presumption are found or otherwise established, the jury may draw the inference from such facts that a proximate cause of the occurrence was some negligent conduct on the part of the defendant; and (2)The jury shall not find that a proximate cause of the occurrence was some negligent conduct on the part of the defendant unless the jury believes, after weighing all the evidence in the case and drawing such inferences therefrom as the jury believes are warranted, that it is more probable than not that the occurrence was caused by some negligent conduct on the part of the defendant.

25. BMW FS avers that the allegations in the complaint are "too ambiguous to support a cognizable legal theory." BMW FS then makes legal arguments that would be better suited for a Motion for Summary Judgment. So, the facts as stated in the Complaint are not confusing. The facts are clear that BMW FS failed to disclose the hidden damages. However, should the court find, that amendments would be required, plaintiffs request leave to amend accordingly.

**B. Amadi is a business associate and third-party beneficiary of Dipito, Hagen, and Sorrento.**

26. California's contract principles on third party beneficiaries are well known. Under California law, a "contract, made expressly for the benefit of a third party, may be enforced by him at any time before the parties thereto rescind it." Cal. Civ. Code § 1559. A third party qualifies as a beneficiary under a contract if the parties intended to benefit the third party and the terms of the contract make that intent evident. Although a third party need not be expressly named or identified in a contract, a party must demonstrate that it is a member of a class of persons for whose benefit it was made.

27. Paragraph 37 of the Complaint provides in part: "SD MOTORWERKS had purchased SUBJECT VEHICLE #1 for the benefit of with the intention of selling it to CHIDI. CHIDI took possession of SUBJECT VEHICLE #1 on or about February 4, 2020. BMW FS avers that these allegations are deficient because it does not include the word "purchased". Rule 10(b) provides that each paragraph should be limited "as far as practicable to a statement of a single set of circumstances. It does not require that separate paragraphs relate the same circumstances for each individual party, thereby causing a multiplicity of paragraphs. Any alleged deficiencies, if any, can be cured in a future amendment.

**C: AMADI is an individual consumer under the CLRA, Song-Beverly and Magnuson-Moss Warranty Act while DIPITO is defined as a person (under the act)**

28. **The California Consumer Legal Remedies Act ("CLRA"), California Civil Code Section 1750 et. seq. provides remedies to "protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code § 1760. While CLRA contains no general broad proscription against "unfair" or "deceptive" practices, it does list 23 activities as "unlawful". When a prohibited activity takes place during a "transaction" involving the sale or lease of goods or services to a "consumer," CLRA liability may result. Cal. Civ. Code § 1770(a). <u>Only individual consumers can sue under the CLRA</u>, although they may bring a class action "if the unlawful method, act, or practice has caused damage to other**

consumers similarly situated." Cal. Civ. Code § 1781(a).  AMADI is clearly the consumer of the car.  BMW FS avers that only DIPITO is responsible for the hidden damages to AMADI.  This would be convenient for BMW FS but it would completely defeat the legislative intent of the CLRA.

25. The Song-Beverly Act defines consumer goods as any new product or part of a product that is used, bought, or leased primarily for personal, family, or household purposes: ☐ Other than: z clothing (Cal. Civ. Code § 1791(c)); and z consumables (Cal. Civ. Code § 1791(d)).  Including new and used assistive devices (see Assistive Devices: Express Warranty) sold at retail. (Cal. Civ. Code § 1791(a).) PERSON Under the Song-Beverly Act, a person is any individual, partnership, corporation, limited liability company, association, or other legal entity in the business of manufacturing, distributing, or selling consumer goods at retail (Cal. Civ. Code § 1791(b)).  DIPITO is a person under Song-Beverly.  DIPITO sells consumer goods and should be protected from unknowingly purchasing and then re-selling defective consumer goods to unsuspecting individual consumers.  BMW FS suggests that they should be completely insulated from any responsibility because they sold the car using an auto auction.  This corrupt system would encourage the type of concerted deception that AMADI and DIPITO have experienced.

26. The Magnuson–Moss Act contains many definitions:  A "consumer" is a buyer of consumer goods for personal use. A buyer of consumer products for resale is not a consumer.  A "full warranty" is one that meets the federal minimum standards for a warranty. Such warranties must be "conspicuously designated" as full warranties. If each of the following five statements is true about a warranty's terms and conditions, it is a "full" warranty:  (1) There is no limit on the duration of implied warranties. (2) Warranty service is provided to anyone who owns the product during the warranty period; that is, the coverage is not limited to first purchasers. (3) Warranty service is provided free of charge, including such costs as returning the product or removing and reinstalling the product when necessary.  (4) There is provided, at the consumer's choice, either a replacement or a full refund if, after a reasonable number of tries, the warrantor is unable to repair the product.  (5) It is not required of consumers to perform any duty as a precondition for

9

receiving service, except notifying that service is needed, unless it can be demonstrated that the duty is reasonable.

27. AMADI is clearly a consumer under the act. As the owner of Subject Vehicle #1, AMADI advised DIPITO of the many hidden defects within his vehicle. DIPITO elected to stand with AMADI in this legal action. DIPITO had attempted to negotiate directly with MANHEIM but was rejected. MANHEIM elected to terminate DIPITO as an auction customer because DIPITO, allegedly, elected to arbitrate more than 50% of their auction purchases. MANHEIM wanted DIPITO to absorb the losses on these defective vehicles. AMADI is a third-party beneficiary to the auction contract. AMADI is a private consumer and had standing to sue accordingly.

### D.  If this Court Finds that the Complaint was Not Pled Sufficiently, Plaintiffs Should be Granted Leave to Amend.

28. Fed. R. Civ. Proc. 15(a) provides that for Amendments the Court should "freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a). The Supreme Court, other Circuit Courts, and the Ninth Circuit have continually noted that Fed. R. Civ. Proc. 15(a)'s "policy of favoring amendments to pleadings should be applied with 'extreme liberality'." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted), *Foman v. Davis*, 371 U.S. 178 (1962), and *LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (C.A. Kan. 1983). Only four factors are commonly used to deny a motion for leave to amend, they are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs* at 186 (citation omitted).

29. While Plaintiffs assert that they have met the pleading standards required under the Federal Rules, if this Court were to find otherwise, Plaintiffs respectfully request that this Court grant them leave to amend their complaint as allowed under Fed. R. Civ. Proc. 15. Given the arguments above and in Plaintiffs other documents on record with this court, it is clear that amendment would not be futile or prejudicial to Lenders. If this Court were to find that the COMPLAINT does not sufficiently plead a Claim for Relief, Plaintiffs request the court to grant the motion for leave to amend the COMPLAINT.

### IV. CONCLUSION

30.     For the above reasons Plaintiffs request this Court deny the Motion to Dismiss, or Alternatively, to Transfer Venue by Defendants Manheim.

Dated: October 7, 2021, 2021                    LAW OFFICE OF MICHAEL A. ALFRED


                                         By: *Michael A. Alfred*
                                              Michael A. Alfred
                                              Attorney for Plaintiffs