Squire Patton Boggs (US) LLP
Petrina A. McDaniel (GA Bar # 141301)
(*admitted *pro hac vice*)
petrina.mcdaniel@squirepb.com
Eric J Knapp (State Bar # 214352)
eric.knapp@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: +1 415 954 0200
Facsimile: +1 415 393 9887

Hannah J. Makinde (State Bar # 307907)
hannah.makinde@squirepb.com
555 South Flower Street, Suite 3100
Los Angeles, California 90071
Telephone: +1 213 624 2500
Facsimile: +1 213 623 4581

*Attorneys for Defendants*
*Manheim Riverside, Manheim Nevada, NextGear Capital, Danny Brawn, Steve Harmon, and Cesar Espinosa*

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DIPITO LLC, A MONTANA LLC DBA SAN DIEGO MOTORWERKS, et al.,

Plaintiffs,

v.

MANHEIM RIVERSIDE AKA COX AUTO INC. AKA MANHEIM INVESTMENTS INC. AKA COX AUTO AUCTIONS, LLC, et al.,

Defendants.

Case No. 21-cv-1205-H-JLB

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS, OR ALTERNATIVELY, TO TRANSFER VENUE BY DEFENDANTS MANHEIM RIVERSIDE, MANHEIM NEVADA, NEXTGEAR CAPITAL, DANNY BRAWN, CESAR ESPINOSA, AND STEVE HARMON**

Judge: Hon. Marilyn Huff

Date: October 18, 2021
Time: 10:30 a.m.
Dept: TBD

Trial Date:Not Set
Date Action Filed: July 1, 2021

TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 3

A. Plaintiffs' Claims against the Manheim Defendants Must be Arbitrated. ..... 3

B. Plaintiff Amadi's Claims Fail as a Matter of Law ........ 10

C. The Complaint Fails to State a Claim Against NextGear Capital. ........ 12

D. The Court Lacks Personal Jurisdiction Over the Employee Defendants ..... 12

E. The Court Should Strike Richard Hagen's Declaration ........ 13

III. CONCLUSION ........ 14

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Express Co. v. Italian Colors Restaurant*,
570 U.S. 228 (2013) .......... 8

*Appel v. Concierge Auctions, LLC*,
No. 17-cv-02263-BAS-MDD, 2018 U.S. Dist. LEXIS 63046
(S.D. Cal. Apr. 13, 2018).......... 5, 6

*Avila v. Bank of Am.*,
2017 U.S. Dist. LEXIS 153519 (N.D. Cal. Sep. 20, 2017).......... 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 1, 12

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015).......... 4

*Calder v. Jones*,
465 U.S. 783 (1984) .......... 12

*Citi Cars, Inc. v. Cox Enters.*,
No. 1:17-cv-22190-KMM, 2018 U.S. Dist. LEXIS 42544
(S.D. Fla. Jan. 22, 2018).......... 7

*Connick v. Teachers Ins. & Annuity Ass'n of Am.*,
784 F.2d 1018 (9th Cir. 1986).......... 5

*Cristales v. Scion Grp. LLC*,
478 F. Supp. 3d 845 (D. Ariz. 2020).......... 10

*Fittante v. Palm Springs Motors, Inc.*,
105 Cal. App. 4th 708 (2003).......... 6

*Groupion, LLC v. Groupon, Inc.*,
859 F. Supp. 2d 1067 (N.D. Cal. 2012).......... 11

*Jackson v. Rent-A-Center West, Inc.*,
581 F.3d 912 (9th Cir. 2009).......... 8

*Jialu Wu v. iTalk Glob. Communs., Inc.*,
No. CV 20-7150 PSG, 2020 U.S. Dist. LEXIS 250121 (C.D. Cal. Oct. 21, 2020) ........ 5, 7

*Kingsley v. Ashworth*,
No. 97-35084, 1998 U.S. App. LEXIS 2927 (9th Cir. Feb. 20, 1998) ........ 2

*McLellan v. Fitbit, Inc.*,
No. 3:16-cv-00036-JD, 2017 U.S. Dist. LEXIS 168370 (N.D. Cal. Oct. 11, 2017) ........ 4, 8

*McLellan v. Fitbit, Inc.*,
No. 3:16-cv-00036-JD, 2018 U.S. Dist. LEXIS 11712 (N.D. Cal. Jan. 24, 2018) ........ 6

*In re Midland Credit Mgmt.*,
No. 11md2286-MMA (MDD), 2019 U.S. Dist. LEXIS 15810 (S.D. Cal. Jan. 31, 2019) ........ 4

*Mohamed v. Uber Techs., Inc.*,
848 F.3d 1201 (9th Cir. 2016) ........ 6, 8

*Mulato v. Wells Fargo Bank, N.A.*,
76 F. Supp. 3d 929 (N.D. Cal. 2014) ........ 13

*Rent-A-Center, W., Inc. v. Jackson*,
561 U.S. 63, 130 S. Ct. 2772 (2010) ........ 4, 9

*Tarbell v. Caliber Home Loans, Inc.*,
No. 2:20-cv-01679-KJM-CKD, 2021 U.S. Dist. LEXIS 48386 (E.D. Cal. Mar. 15, 2021) ........ 8

*Tompkins v. 23andMe, Inc.*,
834 F.3d 1019 (9th Cir. 2016) ........ 9

*Wash v. Major Motors Cars, Inc.*,
No. CV 19-10075 PA, 2020 U.S. Dist. LEXIS 134863 (C.D. Cal. July 27, 2020) ........ 11

*Wolf v. Tsg Wealth Mgmt.*,
No. SACV 21-00100-CJC, 2021 U.S. Dist. LEXIS 163084 (C.D. Cal. Apr. 8, 2021) ........ 10

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**Statutes**

9 U.S.C. § 2 .......... 4, 5

18 U.S.C. § 1343 .......... 2

Cal. Civ. Code § 1559 .......... 10

Cal. Penal Code § 632 .......... 13

California Consumer Legal Remedies Act, California Business and Professions Code § 17200 .......... 2

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) .......... 2

**Other Authorities**

Federal Rule of Civil Procedure 8(a) .......... 12

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) .......... 2

Federal Rule of Civil Procedure Rule 9(b) .......... 2, 11

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## I. INTRODUCTION

Plaintiffs SD Motorwerks, EuroMotorwerks, Hagen, and Sorrento (collectively, "Plaintiffs") all but concede they agreed to arbitrate their disputes against Defendants Manheim Riverside, Manheim Nevada (together, "Manheim"), and the Employee Defendants.[1] Nowhere in Plaintiffs' Opposition do Plaintiffs dispute that: 1) Sorrento and Hagen, acting on behalf of SD Motorwerks and EuroMotorwerks, accepted Manheim's Terms and Conditions ("Ts&Cs") containing a mandatory arbitration provision ("Arbitration Agreement") on multiple occasions over a three-year period; 2) All of Manheim's dealer customers are required to affirmatively accept and agree to the Ts&Cs as a prerequisite to purchasing vehicles through Manheim's auctions; 3) Plaintiffs had the opportunity to opt out of the Arbitration Agreement, but did not; 4) Hagen and Sorrento, as EuroMotorwerks' and SD Motorwerks' respective agents, are bound by the terms of the Arbitration Agreement and the Employee Defendants may enforce the Arbitration Agreement against them; 5) Plaintiffs' claims fall within the scope of the Arbitration Agreement; and 6) if the claims are subject to mandatory arbitration, the Court may dismiss Plaintiffs' claims for lack of subject matter jurisdiction. To be sure, Plaintiffs leave the crux of Defendants' arguments substantively uncontroverted, confirming the propriety of Defendants' Motion to Dismiss. Plaintiffs attempt to avoid their agreement to arbitrate by merely rehashing the same conclusory allegations, which as demonstrated in Manheim's Motion, do not relieve them of their obligation to arbitrate and furthermore, fail to meet the plausible pleading standard under *Iqbal* and *Twombly*.

As shown below, none of Plaintiffs' arguments opposing arbitration are properly before this Court. The Arbitration Agreement delegates the threshold issues of arbitrability to the arbitrator (the "Delegation Clause"). Binding Supreme Court

[1] The individual Defendants Danny Brawn ("Brawn"), Cesar Espinosa ("Espinosa") and Steve Harmon ("Harmon") are referred to as the "Employee Defendants."

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

and Ninth Circuit precedent holds that the Court may only consider specific challenges to the Delegation Clause itself, which Plaintiffs do not dispute. Plaintiffs have also failed to meet their burden of establishing unconscionability. As a result, the Court should dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because an arbitral tribunal—not this court—has subject matter jurisdiction over them. Furthermore, Plaintiffs' choice of law argument, supported by no case law, is irrelevant because Plaintiffs make no showing that the result would be different if California arbitration law were applied.

Plaintiff Amadi's claims against Manheim, the Employee Defendants, and NextGear Capital fare no better. Amadi ignores the heightened pleading standard required by Federal Rule of Civil Procedure 9(b) in alleging claims under the California Consumer Legal Remedies Act ("CLRA"), California Business and Professions Code § 17200, Wire Fraud under 18 U.S.C. § 1343,[2] Deceit, and/or Misrepresentation; and Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). He simply responds that he was a third-party beneficiary of an unidentified contract between SD Motorwerks and Manheim, despite the lack of factual allegations in the Complaint supporting his third-party beneficiary status. Moreover, Amadi's claims are belied by his own allegations, which make clear that Manheim is not a manufacturer, seller, or distributor of any vehicles, and none of the Defendants made any warranties to him, implied or otherwise. Plaintiffs do not even attempt to argue that the Complaint states a claim against NextGear, merely mentioning in conclusory fashion in the introductory section that it was a "primary actor and a perpetrator of a fraud." Opp'n. at p. 2.

---

[2] Plaintiffs' "wire fraud" claim under 18 U.S.C. § 1343 must be dismissed, as the statute does not create a private right of action. *Kingsley v. Ashworth*, No. 97-35084, 1998 U.S. App. LEXIS 2927, at *3 (9th Cir. Feb. 20, 1998) ("[Plaintiff's] federal wire fraud claim was properly dismissed as 18 U.S.C. § 1343 does not give rise to a private cause of action").

Finally, Plaintiffs do not and cannot establish the Court's exercise of personal jurisdiction over the Employee Defendants. The only allegations in the Complaint pertaining to California are those against Manheim, which may not be imputed to the Employee Defendants. All of the allegations against the Employee Defendants relate to the State of Nevada, where they are domiciled. There is simply nothing supporting Plaintiffs' conclusion that they "purposefully directed" activities to the State of California. The Court should therefore grant Defendants' Motion to Dismiss and deny Plaintiffs' request to amend because an enforceable and valid arbitration agreement exists and Plaintiffs have failed to plead any cognizable claim against any Defendants.

The Court should additionally strike Richard Hagen's declaration attached to Plaintiffs' Opposition, as it purports to transcribe a recording of a private telephone conversation between Hagen and Defendant Brawn that Hagen recorded without Brawn's consent in violation of the California Invasion of Privacy Act. [3]

## II. ARGUMENT

### A. Plaintiffs' Claims against the Manheim Defendants Must be Arbitrated.

#### 1. Challenges to the Enforceability of the Arbitration Agreement are Delegated to the Arbitrator.

Plaintiffs ignore the Arbitration Agreement's express terms, which delegate to the arbitrator disputes regarding the validity and enforcement of the Arbitration Agreement. Plaintiffs appear to argue that the Arbitration Agreement, as a whole, is unenforceable, because it is fraudulent and unconscionable. *See* Pl.'s Opp'n at p. 3

---

[3] Curiously, Plaintiffs claim that this Motion "was not served upon Plaintiffs, [and], there was no CM/ECF notification emailed to Counsel for Plaintiff [sic]." Opp'n at p. 1. Plaintiffs make this baseless assertion despite the fact that the email address Plaintiffs' counsel used to file the Opposition is the same email at which Plaintiffs' counsel received a copy of Defendants' Motion via the CM/ECF system. [ECF No. 23]. Plaintiffs additionally assert that "Euromotorwerks is not a party to the subject Complaint. Any facts pertaining to Euromotorwerks are irrelevant." *Id*. at 2. However, "Richard John Hagen ***dba Euromotorwerks***" is a named Plaintiff in the Complaint.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

("Defendants [sic] Mandatory Arbitration Clause is not valid nor [sic] enforceable"). None of these arguments are properly before the Court.

Under binding Supreme Court and Ninth Circuit precedent, where an arbitration agreement contains a delegation provision delegating the issue of arbitrability to the arbitrator, any challenges to the arbitration agreement as a whole are to be resolved by the arbitrator, rather than the court. *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 72, 130 S. Ct. 2772, 2779 (2010) ("Accordingly, unless Jackson challenged the delegation provision specifically, we must treat it as valid under § 2 [of the FAA], and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator"); *Brennan v. Opus Bank*, 796 F.3d 1125, 1133 (9th Cir. 2015) (finding that where an arbitration agreement contained a delegation provision, the district court did not err in dismissing plaintiff's claims in favor of arbitration, despite plaintiff's challenges to the enforceability of the arbitration agreement). Where a party to an arbitration agreement containing a delegation clause challenges the agreement as a whole, rather than the delegation clause specifically, courts *must* reserve the challenges for the arbitrator. *In re Midland Credit Mgmt.*, No. 11md2286-MMA (MDD), 2019 U.S. Dist. LEXIS 15810, at *62-63 (S.D. Cal. Jan. 31, 2019) ("[I]f a party challenges the enforceability of the arbitration agreement as a whole and not specifically as to the delegation clause, the challenge is for the arbitrator") (emphasis added).

Here, Plaintiffs' Opposition fails to challenge—or even acknowledge—the Delegation Clause in the Arbitration Agreement. *See* Pl.'s Opp'n. The Court must therefore treat the Delegation Clause as valid under § 2 of the FAA. *In re Midland Credit Mgmt.*, 2019 U.S. Dist. LEXIS 15810, at *63 (quoting *Rent-A-Center*, 561 U.S. at 72). It therefore follows that the arbitrator, rather than the Court, should resolve Plaintiffs' challenges to the Arbitration Agreement and Ts&Cs. *McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2017 U.S. Dist. LEXIS 168370, at *14 (N.D. Cal. Oct. 11, 2017) ("*Rent-A-Center* and *Brennan* are clear on this issue. If plaintiffs raise

a specific challenge to the validity of the delegation clause, the Court must consider it. Other challenges go to the arbitrator”).

**2. The Delegation Clause and Arbitration Agreement are Valid and Enforceable.**

Even if the Court could consider Plaintiffs’ challenges to the enforceability of the Arbitration Agreement (it should not), Plaintiffs’ arguments are meritless.

**a. Neither the Delegation Clause nor the Arbitration Agreement are Unconscionable.**

Plaintiffs, as the parties challenging the arbitration agreement, bear the burden of establishing unconscionability. *Jialu Wu v. iTalk Glob. Communs., Inc.*, No. CV 20-7150 PSG (PJWx), 2020 U.S. Dist. LEXIS 250121, at *19 (C.D. Cal. Oct. 21, 2020). Unconscionability consists of a procedural element and a substantive element. *Id*. As Plaintiffs’ Opposition acknowledges, an agreement is only unenforceable if it is “*both* procedurally and substantively unconscionable.” *Appel v. Concierge Auctions, LLC*, No. 17-cv-02263-BAS-MDD, 2018 U.S. Dist. LEXIS 63046, at *19 (S.D. Cal. Apr. 13, 2018) (emphasis in original). Because Plaintiffs’ Opposition fails to establish that either the Arbitration Agreement or the Delegation Clause are both procedurally and substantively unconscionable, the Court must enforce them as written. Moreover, Plaintiffs’ unconscionability claim must be evaluated against the backdrop of the strong federal policy favoring arbitration and the rule that a written agreement to arbitrate “shall be valid, irrevocable and enforceable, save upon such grounds as exist in law or equity for the revocation of any contract.” 9 U.S.C. § 2.

Plaintiffs fail to identify any provision of the Arbitration Agreement that renders it procedurally unconscionable; rather, Plaintiffs simply claim that because it is a standard contract with standard terms, it is unconscionable. According to the Ninth Circuit, however, “[a] contract is not unconscionable merely because the transaction involved a standardized legal form and the complaining party had less bargaining strength.” *Connick v. Teachers Ins. & Annuity Ass’n of Am.*, 784 F.2d 1018, 1021 (9th Cir. 1986). A contrary rule would render virtually any form contract

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

suspect. Thus, Plaintiffs' mere assertion that the Agreement was a contract of adhesion, even if true, is insufficient to invalidate the Agreement. Opp'n at p. 10. "[A]n adhesion contract remains fully enforceable unless (1) the provision falls outside the reasonable expectations of the weaker party, or (2) the provision is unduly oppressive or unconscionable." *Fittante v. Palm Springs Motors, Inc.*, 105 Cal. App. 4th 708, 722 (2003); *see also McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2018 U.S. Dist. LEXIS 11712, at *7 (N.D. Cal. Jan. 24, 2018) ("[C]ontracts of adhesion are not per se invalid, and the California Supreme Court has enforced them … over similar objections to the ones plaintiffs make here").

As a threshold matter, the Arbitration Agreement and Delegation Clause cannot be adhesive, as Plaintiffs were able to opt out of their terms. *See* Defs.' Mot. at pp. 7-8; *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016) ("[A]n arbitration agreement is not adhesive if there is an opportunity to opt out."). The elements of an adhesive contract are also lacking. There is no evidence that the Defendants maintained superior bargaining strength. While Plaintiffs purport to characterize themselves as unsophisticated "lay persons," *see* Opp'n at p. 7, Plaintiffs SD Motorwerks and EuroMotorwerks, operating through Hagen and Sorrento, are motor vehicle dealerships engaged in the business of purchasing and selling motor vehicles. In fact, Plaintiffs' Complaint states that Plaintiffs had a commercial relationship with Manheim and that "SD Motorwerks has purchased **numerous vehicles** from MANHEIM[.]" Compl. ¶ 25 (emphasis in original). Plaintiffs are plainly not ordinary consumers who are at the mercy of Manheim. *See Appel*, 2018 U.S. Dist. LEXIS 63046, at *22-23 ("Plaintiffs fail to demonstrate they were the weaker party considering their level of business sophistication and past experiences with similar multi-million dollar transactions"). To the contrary, Plaintiffs are sophisticated dealers who have purchased and sold vehicles through Manheim's auctions for several years and are well-versed in the types of transactions at issue here.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Plaintiffs also appear to argue that they were not aware of the Arbitration Agreement, and therefore were surprised by its terms. Opp'n at p. 7. This is a red herring. As one district court noted, "[t]hese contentions do not support procedural unconscionability because Plaintiff[s] easily could have, and would have, known of the arbitration provision if [they] had read the Agreement before checking the box stating that [they] agreed to it." *Jialu Wu*, 2020 U.S. Dist. LEXIS 250121, at *20. Nor can Plaintiffs claim surprise on the basis that the terms were hidden or otherwise obscured, as the Arbitration Agreement is displayed in all caps, and the Delegation Clause appears in standard size and font that corresponds to the rest of the Ts&Cs. *See* Defs.' Mot., Ex. A.

Most notably, however, each of the Plaintiffs accepted the Ts&Cs on *multiple* occasions, *see* Defs.' Mot. at p. 8, and have therefore seen multiple times the provisions of which they now claim to be unaware. Indeed, by accepting the Ts&Cs, Plaintiffs expressly acknowledged the following: "You acknowledge and agree that you understand these terms and conditions written in English and that you have sought the help of an attorney and/or translator as you deem necessary to understand them." Defs.' Mot., Ex. A. Plaintiffs cannot now claim to be surprised by the Arbitration Agreement or the Delegation Clause, and the Court should reject their attempts to avoid their contractual obligations to arbitrate.

What is more, courts have enforced the exact Arbitration Agreement that Plaintiffs challenge here by rejecting claims that it was unconscionable. *Citi Cars, Inc. v. Cox Enters.*, No. 1:17-cv-22190-KMM, 2018 U.S. Dist. LEXIS 42544 (S.D. Fla. Jan. 22, 2018). In *Citi Cars*, the Court found that because the Arbitration Agreement contained an opt-out provision and plaintiff was a sophisticated party that had "many years of doing business with Manheim," the Agreement was not unconscionable. *Id.* at *22-23 (S.D. Fla. Jan. 22, 2018) (internal quotation marks and citation omitted) (holding that "[t]hese opt-out provisions [in Manheim's Arbitration Agreement] obviate Plaintiff's procedural unconscionability argument" and

"Plaintiff's failure to establish procedural unconscionability forecloses [its] unconscionability argument"). The Court should mandate the same result here.[4]

**b. Plaintiffs Assented to the Arbitration Agreement and Delegation Clause.**

Plaintiffs argue, without citing to any supporting authority, that Defendants' "fraudulent conduct" precludes Plaintiffs' acceptance of the arbitration terms. Plaintiffs' argument fails, as it is an attempted end-run on the Delegation Clause. Courts have consistently held that contesting the validity of arbitration agreements based on fraud is a delegable issue for arbitrators to decide. *See McLellan*, 2017 U.S. Dist. LEXIS 168370, at *15 (holding that contract defenses to the validity of the

[4] As Plaintiffs have not met the procedural unconscionability test, the Court need not address substantive unconscionability. Nonetheless, for the sake of completeness, Defendants will address the issue. To establish substantive unconscionability under California law, Plaintiffs must prove that the terms of the Agreement are "so one-sided as to *shock the conscience*." *Mohamed*, 848 F.3d at 1210. Here, Plaintiffs claim, "It shocks the conscious [sic] that Manheim would be arrogant enough to suggest that their Dealer customers would not have mutual rights along with Manheim. Manheim is allowed to decide which matters to arbitrate and which matter to litigate . . . Thereby, making it more costly and more difficult to seek redress for their fraudulent activities." *See* Opp'n at p. 6. First, Plaintiffs could have chosen to opt-out of the arbitration requirement, and thus, also exercised their "mutual rights" to decide "which matters to arbitrate and which matters to litigate." *Mohamed*, 848 F.3d at 1211, *supra*. Second, Plaintiffs do not allege, and no evidence in the record suggests, that the cost of arbitration filing fees would be unaffordable, such that it would thwart Plaintiffs' ability to redress their grievances. In fact, the terms provide that "each party will bear its own costs." *See* Defs.' Mot., Ex. 1(C). Because each party will bear its own costs in arbitration, and Plaintiffs have not demonstrated their rights would be frustrated, the Arbitration Agreement is not substantively unconscionable. *See American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228 (2013) (under the FAA, courts must "rigorously enforce" the terms of arbitration agreements that are freely entered into, and cannot avoid this obligation simply by finding that enforcing an arbitration agreement would make it economically impracticable for plaintiffs to bring claims enforcing their rights); *Jackson v. Rent-A-Center West, Inc.*, 581 F.3d 912, 919 (9th Cir. 2009) (holding that arbitration fee-sharing provision was not unconscionable where there was no evidence that plaintiff would actually incur prohibitive costs).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

arbitration provision, including that the provision was procured by fraud, "must be considered by the AAA arbitrator in the first instance" due to the arbitration provision's delegation clause); *Tarbell v. Caliber Home Loans, Inc.*, No. 2:20-cv-01679-KJM-CKD, 2021 U.S. Dist. LEXIS 48386, at *7-8 (E.D. Cal. Mar. 15, 2021) (holding that plaintiff's contract defense that the employment agreement containing an arbitration provision delegating arbitrability was procured by fraud was an arbitrable issue). In short, Plaintiffs' contention that the Arbitration Agreement was procured by fraud is an issue for the arbitrator.

Plaintiffs' also miss the mark by arguing that the Ts&Cs' choice-of-law provision would operate a "substantial injustice" on Plaintiffs because the provision is adhesive. As explained above, the parties' clearly and unmistakably delegated challenges to the validity of the Ts&Cs to the arbitrator in the Delegation Clause, and the Court "must enforce it under §§ 3 and 4 [of the FAA]." *Rent-A-Center*, 561 U.S. at 72. Any challenges to the validity of Manheim's Ts&Cs, or any provision contained therein, are therefore reserved for the arbitrator. In any event, the choice-of-law provision is not adhesive for the same reasons that the Arbitration Agreement is not. To the extent that Plaintiffs argue that the choice-of-law provision's designation of Atlanta, Georgia as the situs for arbitration is unconscionable, such argument is without merit. Manheim's parent company is based in Atlanta, *see* Compl. ¶¶ 6-8, which the Ninth Circuit has recognized as a sufficient nexus to an arbitration agreement. *Tompkins v. 23andMe, Inc.*, 834 F.3d 1019, 1032 (9th Cir. 2016). Moreover, Plaintiffs had adequate notice of the agreement to arbitrate in Atlanta, and have not otherwise demonstrated that traveling to Atlanta will be "so gravely difficult and inconvenient that [the plaintiffs] will for all practical purposes be deprived of [their] day in court." *Id.* (citation omitted). Accordingly, even if Plaintiffs' arguments were properly before this Court, which they are not, Plaintiffs have failed to establish that the choice-of-law provision is unconscionable.

Nor can Plaintiffs avoid their contractual obligations by claiming that they do not have "any recollection of the mandatory arbitration and choice of law provisions on the Manheim.com site." Opp'n at p. 7. Courts routinely hold that a failure to recall accepting an agreement's terms is an insufficient basis to invalidate the agreement. *See Wolf v. Tsg Wealth Mgmt.*, No. SACV 21-00100-CJC (JDEx), 2021 U.S. Dist. LEXIS 163084, at *7 (C.D. Cal. Apr. 8, 2021) ("[D]espite [plaintiff's] claims that she 'does not remember ever seeing an arbitration agreement, or even the word arbitration,' . . . [plaintiff] e-signed the Oasis Agreement containing the arbitration provision[.]"); *Cristales v. Scion Grp. LLC*, 478 F. Supp. 3d 845, 857 (D. Ariz. 2020) ("A party may not sign a contact and thereafter assert ignorance or failure to read the contract as a defense").

**B. Plaintiff Amadi's Claims Fail as a Matter of Law.**

Plaintiffs offer no reason to save Amadi's claims from dismissal. Indeed, Plaintiffs' cursory, two-paragraph response does not refute *any* of the arguments put forth in Defendants' Motion. Plaintiffs merely cite to Cal. Civ. Code § 1559, which states that a "contract, expressly made for the benefit of a third party, may be enforced by him at any time before the parties thereto rescind it," suggesting that Amadi was a third-party beneficiary of a contract between SD Motorwerks and Defendants. Amadi does not identify the contract of which he is supposedly a third-party beneficiary, or how his purported third-party beneficiary status applies to Defendants' arguments. To the extent that Amadi seeks to include in the Opposition additional factual allegations supporting his third-party beneficiary status that were not pleaded in the Complaint, such facts should be disregarded, as Amadi may not amend the Complaint through an opposition brief in response to Defendants' Motion to Dismiss. *See, e.g.*, *Avila v. Bank of Am.*, 2017 U.S. Dist. LEXIS 153519, at *12 (N.D. Cal. Sep. 20, 2017) ("Plaintiff cannot rewrite its complaint now in its opposition to the motion to dismiss[.]").

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Nonetheless, Plaintiffs' argument fails to address the fundamental defect of his implied warranty claim: that neither Manheim nor the Employee Defendants are vehicle manufacturers, sellers, or distributors. Indeed, Amadi's own allegations admit that Manheim "sources the automobiles marketed and sold at their auctions from various sources" and that he purchased the vehicle from SD Motorwerks, not Manheim or the Employee Defendants. *See* Compl. ¶¶ 10-12, 37. Amadi also acknowledges that Manheim "makes no representation or guarantees on any vehicle sold or offered for sale[.]" *Id*. ¶ 56. In other words, Amadi acknowledges that Manheim was not a manufacturer, seller, or distributor of the BMW that he purchased, and that Manheim made no express warranties regarding the vehicle. *Wash v. Major Motors Cars, Inc.*, No. CV 19-10075 PA (KSx), 2020 U.S. Dist. LEXIS 134863, at *10 (C.D. Cal. July 27, 2020) (dismissing Magnuson-Moss Warranty Act implied warranty claim where the defendant did not manufacture or sell the vehicle to the plaintiff or otherwise qualify as a distributor).

Finally, the Opposition provides no response to any of Defendants' arguments supporting dismissal of the remainder of Amadi's claims. There are no allegations showing that Defendants are in possession of money or property taken from him to establish his restitution/quasi-contract claim. *See Groupion, LLC v. Groupon, Inc.*, 859 F. Supp. 2d 1067, 1083 (N.D. Cal. 2012). Amadi likewise does not even attempt to show that he may plead with particularity under Rule 9(b) what fraudulent statements Defendants made to him that form the basis of his remaining fraud-based claims. Nor can he, as it is clear from the allegations in the Complaint that neither Manheim nor the Employee Defendants had *any* interactions with him.

Without elaborating further, Amadi states in conclusory fashion that "[a]ny alleged deficiencies, if any, [sic] can be cured in a future amendment." Opp'n at p. 7. The Court should reject this request. Amadi fails to identify what deficiencies will be cured in a future amendment, or how those deficiencies will be cured. As shown above and in Defendants' Motion, Amadi's claims fail as a matter of law, and no

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

amendments will save them from dismissal. They should be dismissed with prejudice.

**C. The Complaint Fails to State a Claim Against NextGear Capital.**

In response to Defendants' arguments supporting dismissal of the claims against NextGear Capital, Plaintiffs' Opposition provides a perfunctory, one-sentence response in the Introduction stating that "Defendant Nextgear is a primary actor and perpetrator of a fraud against the Plaintiffs." Opp'n at p. 2. Such a conclusory, threadbare contention fails to show that dismissal is not warranted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not" support a cause of action). Amendment will not cure this deficiency, as nothing contained in Plaintiffs' Complaint provides NextGear with fair notice of the claims asserted against it and the grounds upon which they are based as required under Federal Rule of Civil Procedure 8(a), or otherwise raise a right to relief above a speculative level. *See id*. at 556.

**D. The Court Lacks Personal Jurisdiction Over the Employee Defendants.**

Plaintiffs' contention that the Employee Defendants Brawn and Harmon "purposefully directed" activities to California is likewise unavailing, as it is lacks any supporting factual allegations.

Neither the Complaint nor the Opposition demonstrates that either of the Employee Defendants had *any* contacts with the State of California. Plaintiffs instead focus on the activities of *Manheim* in California, *see* Opp'n at p. 9 ("Manheim conducts business within the state of California"), and concludes that "Brawn and Harmon 'purposefully direct' their managerial activities to the forum state of California," and that such activities were "essential to the conduct of [Manheim's] business within California." Opp'n at p. 9. Controlling case law holds that Manheim's contacts with California cannot establish jurisdiction over the individual

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Defendants Brawn and Harmon. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Petitioners are correct that their contacts with California are not to be judged according to their employer's activities there . . . Each defendant's contacts with the forum State must be assessed individually.").

And Plaintiffs' general assertion that the Employee Defendants purposefully directed "managerial activities" to the State are belied by their own allegations. The Complaint alleges that both Defendants Brawn and Harmon were employees of "MANHEIM NEVADA." Compl. ¶¶ 67, 69. SD Motorwerks purchased the vehicle at issue from a seller located in Nevada at a Manheim Nevada auction. *Id*. ¶¶ 65-66. There are no allegations against either of the Employee Defendants even remotely suggesting that that they directed any activities to the State of California. In other words, Plaintiffs admit that the Court lacks personal jurisdiction over the Employee Defendants. *See Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp. 3d 929, 948 (N.D. Cal. 2014) ("Factual assertions in pleadings . . . are considered judicial admissions conclusively binding on the party who made them"). Accordingly, the Court should grant Defendants' Motion to Dismiss.

**E. The Court Should Strike Richard Hagen's Declaration.**

Finally, the Court should strike Richard Hagen's Declaration, attached to Plaintiffs' Opposition, as it purports to include a transcript and link to a recording of a call between Hagen and Brawn in violation of the California Invasion of Privacy Act. *See* Cal. Penal Code § 632. Section 632 of the Act requires a person who records a confidential communication to obtain the consent of *all* parties to the communication. *Id*. Brawn did not consent to Hagen's recording of the parties' private, confidential telephone call, rendering the recording and subsequent attachment of the recording to the Declaration unlawful, subjecting Hagen to both criminal and civil liability. *Id*. § 632(a).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## III. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss and: (1) dismiss the claims of Plaintiffs SD Motorwerks, EuroMotorwerks, Hagen and Sorrento against Defendants Manheim Riverside, Manheim Nevada, and the Employee Defendants, or alternatively, transfer the action to the Northern District of Georgia; (2) dismiss Plaintiff Amadi's claims against Defendants Manheim Riverside, Manheim Nevada, and the Employee Defendants; (3) dismiss Plaintiffs' claims against Defendant Nextgear; and (4) award Manheim Riverside and Manheim Nevada its reasonable attorneys' fees and legal fees pursuant to Section 6(l)(v) of Manheim's Terms and Conditions, and any other relief to which Defendants are justly entitled.

Dated: October 8, 2021

Squire Patton Boggs (US) LLP

By: */s/ Petrina A. McDaniel*
Petrina A. McDaniel
Eric J. Knapp
Hannah Makinde

*Attorneys for Defendants Manheim Riverside, Manheim Nevada, NextGear Capital, Danny Brawn, Steve Harmon, and Cesar Espinosa*