Michael A. Alfred, Esq., SBN 113716
Law Office of Michael A. Alfred
7220 Trade Street, Suite 104
San Diego, California 92121
(858) 566-6800

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPITO LLC, A MONTANA LLC DBA SAN DIEGO MOTORWERKS, CHIDIEBERE AMADI, an individual, RICHARD JOHN HAGEN dba EUROMOTORWERKS, RICHARD JOHN HAGEN, an individual and CARRIE SORRENTO, an individual.<br><br>Plaintiffs,<br><br>vs.<br><br>MANHEIM RIVERSIDE AKA COX AUTO INC. AKA MANHEIM INVESTMENTS INC. AKA COX AUTO AUCTIONS, LLC, MANHEIM NEVADA AKA COX AUTO INC. AKA MANHEIM INVESTMENTS INC. AKA COX AUTO AUCTIONS, LLC CARFAX, INC., NEXTGEAR CAPITAL, DANNY BRAUN, an individual, CESAR ESPINOSA, an | Case No.: 21-cv-1205-H-JLB<br><br>**OPPOSITION TO MOTION TO DISMISS, OR ALTERNATIVELY, TO TRANSFER VENUE BY DEFENDANT CARFAX**<br><br><u>**DEMAND FOR JURY TRIAL**</u><br>Judge: Hon. Marilyn Huff<br><br>Date: November 1, 2021<br>Time: 10:30 a.m.<br>Dept: TBD<br><br>Trial Date: Not Set<br>Date Action Filed: July 1, 2021 |

| | |
|---|---|
| individual, STEVE HARMON, an individual, JERRY SIDERMAN, an individual, BMW OF NORTH AMERICA, LLC, CENTER AUTOMOTIVE, INC DBA CENTER BMW and DOES 1 through 200<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**TABLE OF CONTENTS**

I.  INTRODUCTION……………………………………………………………………1

II. FACTUAL AND PROCEDURAL BACKGROUND…………………………………...1

III. POINTS AND AUTHORITIES …………………………………………………………2

    A. **Defendants Mandatory Arbitration Clause is not valid nor enforceable**………..3

    B. **The choice of law provision contained in an adhesion contract is unenforceable**……………………………………......………………………………….7

    C. **Amadi is a business associate and third-party beneficiary of Dipito, Hagen and Sorrento**……………………………………………………….………...……...8

    D. **AMADI is an individual consumer under the CLRA, Song-Beverly and Magnuson-Moss Warranty Act while DIPITO is defined as a person (under the Song-Beverly Act)**……………………………………………………………………8

    E. **CARFAX wrongfully relies upon extrinsic evidence...**……………………….……10

    F. **If this Court Finds that the Complaint was Not Pled Sufficiently, Plaintiffs Should be Granted Leave to Amend**……………………………………………13

IV. CONCLUSION……………………………………………………………….…......14

Case 3:21-cv-01205-H-JLB   Document 37   Filed 10/11/21   PageID.554   Page 4 of 19

# TABLE OF AUTHORITIES

**Cases**

*Armendariz v. Foundation Health Psychcare Services, Inc.* 24 Cal.4th 83 (2000)………………..5

*Ashbey v Archstone Property Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015)…………………4

*AT&T Techs., Inc. v Commc'ns Workers of America*, 475 U.S. 643, 648 (1986)………………...4

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)……………………………………4

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007)…………………………………………..3,4,13

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996)…………………….......3,13

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)……………….4

*CollegeSource, Inc. v. AcademyOne, Inc.* , 653 F.3d 1066, 1076 (9th Cir. 2011)……………….9

*CompuCredit Corp v Greenwood*, 132 S.Ct. 665 (2019)……………………………………………4

*Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093 (9th Cir. 2014)………………………………….5,6

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)………………………13,14

*Deleon v. Verizon Wireless, LLC,* 207 Cal.App.4th 800,813 (2012)……………………………..5,6

*Doe v. Unocal Corp.* , 248 F.3d 915, 923 (9th Cir. 2001)………………………………………...4

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)……………………………………………….......3

*Foman v. Davis*, 371 U.S. 178 (1962)…………………………………………………….…13

*In re Countrywide Financial Corp. Sec. Litigation*, 588 F.Supp.2d 1132 (C.D. Cal., 2008)….3,13

*Keen v. American Home Mortg. Servicing, Inc.*, 664 F.Supp.2d 1086 (E.D. Cal., 2009)………...4

*Knutson v. Sirius XM Radio, Inc.,* 771 F.3d 559, 565 (9th Cir. 2014)………………………….5,6

*LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (C.A. Kan. 1983)………………………….13

*Mayes v. Leipziger*, 729 F.2d 605, 608 (9th Cir. 1984)………………………………………….13

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001)……………………...…………………3,10

*Ouevedo v Macy's Inc*, 798 F.Supp.2nd 1122, 1133 (C.D. Cal. 2011)…………………………….4

*Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995)…………………...3,13

*Sonic-Calabasas A, Inc. v. Moreno* 57 Cal.4th 1109, 1143-1145 (2013)………………………….5

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001)……………………….3,13

*Stirlen v Supercuts, Inc.* 51 Cal.App.4th 1519, 1532 (1997)……………………………………5

*Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F.Supp.2d 1166, 1176 (N.D. Cal., 2009))………………………………………………………………………….…3,13

*Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). ……3,13

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007)………………………3

*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)…………………………………….3,10

**Statutes**

Fed. R. Civ. Proc. 8(a)(2)……………………………………………………………….……4

Fed. R. Civ. Proc. 9(b)……………………………………………………………………….2

Fed. R. Civ. Proc. 12(b)(6)…………………………………………………………………4,13

9 U.S.C. §2…………………………………………………………………………………….4

18 U.S.C. §1962(c)…………………………………………………………………………….2

California Business and Professions Code §17200………………………………………………2

Cal. Civ. Code § 1559………………………………………………………………………….8

Cal. Civ. Proc. Code § 1750…………………………………………………………………...8

Cal. Civ. Proc. Code § 1760…………………………………………………………………...8

Cal. Civ. Proc. Code § 1770…………………………………………………………………...8

Cal. Civ. Proc. Code § 1781…………………………………………………………………...8

Cal. Civ. Proc. Code § 1791…………………………………………………………………...9

**Treatises**

*Restatement Second of Conflicts of Laws Section 187*)……………………………………….6

# I. INTRODUCTION

1. Plaintiffs submit this opposition to Defendants CARFAX'[1] Motion to Dismiss, or Alternatively, To Transfer Venue by Defendant Manheim, filed with this Court on or about September 24, 2021. For the reasons set forth below, the Court should deny the Motion.

2. Defendants wrongfully allege that the mandatory arbitration agreement is valid and enforceable. Defendants bear the burden in proving (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. Defendants have failed to meet their burden.

3. Defendants fail to bear the burden of proving that the arbitration clause is enforceable based upon the mutual assent of the parties. Accordingly, any transfer of venue would be mooted for the same legal reasons as the failed arbitration arguments.

4. Plaintiff Amadi is a third-party beneficiary and owner of a vehicle that was fraudulently conveyed to him. Any alleged deficiencies (if any) can be resolved in a future amendment.

5. Defendant CARFAX avers that there are defects in pleading each cause of action. In so much as CARFAX relies upon extrinsic evidence to make substantive argument, their arguments are better suited for a Motion for Summary Judgment.

# II. FACTUAL AND PROCEDURAL BACKGROUND

6. The Carfax vehicle history database is a live, constantly evolving database of VIN-specific vehicle history data that has been electronically submitted from over 113,000 data sources, including motor vehicle agencies, rental and fleet vehicle companies, state inspection stations, fire and police departments, manufacturers, inspection companies and service and repair facilities. Some sources of data may include historical events dating back several years in a vehicle's history, and newly acquired sources may provide data that updates prior events on the

---

[1] As used herein, the terms "Defendants CARFAX' shall refer to the following: Carfax, Inc. is wholly owned by Polk Carfax, Inc.  R.L Polk & Co is wholly owned by IHS Global Inc.  IHS Inc. is owned by IHS Global Holding, LLC and Markit North America Inc. which is wholly owned by Markit Group Limited which is wholly owned by IHS Market Ltd.

1

VHR. Carfax can only report information in a Carfax VHR that is reported to Carfax from its sources.  (See MTD, pg. 2, lines 2-10).

7.   The Declaration of Melinda Genovese is provided to support the allegation that representatives of Euromotorwerks signed the CARFAX Services Agreement which references but **does not include** the CARFAX Service Terms and Conditions.  **Note:  Euromotorwerks is not a party to the subject Complaint.  Any facts pertaining to Euromotorwerks are irrelevant.**

8.   Carfax alleges that "Richard John Hagen (on behalf of EuroMotorwerks) affirmatively accepted the various versions of Carfax's Terms and Conditions by signing the CARFAX Services Agreement on April 2, 2015 and October 10, 2018."  (See Carfax Exh "1" and Exh 3.  **Note:  Euromotorwerks is not a party to the subject Complaint.  Any facts pertaining to Euromotorwerks are irrelevant.**

9.   Carfax alleges that "Sam Mugbel (on behalf of EuroMotorwerks) affirmatively accepted the Carfax's Terms and Conditions by signing the CARFAX Services Agreement on March 8, 2017."  (See Carfax Exh 2.)  **Note:  Euromotorwerks is not a party to the subject Complaint.  Any facts pertaining to Euromotorwerks are irrelevant.**

10.   Carfax alleges that signatures bind San Diego Motorwerks to a binding arbitration agreement and jurisdiction and venue selection of Virginia.

### III. POINTS AND AUTHORITIES

11.   Defendant asserts two grounds for its motion to dismiss, Fed. R. Civ. Proc.  9(b) and 12(b)(6).  Nevertheless and contrary to Defendant's contention, Plaintiffs' Complaints does state a claim upon which relief can be granted because Plaintiffs sufficiently pled Defendant's liability under the asserted causes of action of (1) California Consumer Legal Remedies Act; (2) Song Beverly Consumer Warranty Act; (3) Magnuson-Moss Consumer Warranty Act: (4) Quasi-Contract/Restitution; (5) California Business and Professions Code §17200; (6) Wire Fraud under 18 U.S.C. §1343, Deceit, and/or Misrepresentation; and (7) Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. §1962(c). .  These causes of action, adequately pled, assert that Defendant CARFAX remain liable for the specific who, what, when, where, and why pled in

the Complaint. As such, Plaintiffs request that the Court deny Defendant's motion to dismiss and alternatively, to transfer venue. In the alternative, Plaintiffs' request that the Court grant Plaintiffs' Motion for Leave to Amend.

### A. **Defendants Mandatory Arbitration Clause is not valid nor enforceable.**

12. "A motion to dismiss tests whether the allegations in a complaint, if true, amount to an actionable claim." *In re Countrywide Financial Corp. Sec. Litigation*, 588 F.Supp.2d 1132, 1145 (C.D. Cal., 2008) citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). When dealing with a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) the Court must accept as true all allegations of material fact in the complaint. *In re Countrywide Fin. Corp.* at 1145; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007). "In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F.Supp.2d 1166, 1176 (N.D. Cal., 2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996); *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, a court need not accept as true unreasonable inferences. *In re Countrywide Fin. Corp* at 1145 citing *Sprewell* at 988. "A court reads the complaint as a whole, together with matters appropriate for judicial notice, rather than isolating allegations and taking them out of context." *In re Countrywide Fin. Corp* at 1145 citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007).

13. A motion to dismiss under Rule 12(b)(6) is proper only "where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v Block*, 250 F.3d 729, 732 (9th Cir. 2001). As a general rule, courts may not consider material outside the complaint when ruling on a motion to dismiss; however, a non-appended document may be incorporated by reference if the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

14. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief. Thus "the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged." *Keen v. American Home Mortg. Servicing, Inc.*, 664 F.Supp.2d 1086, 1092 (E.D. Cal., 2009). Dismissal of an action is appropriate only where the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Finally, when dealing with a motion to dismiss for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6), a district court should grant leave to amend unless it is determined that the pleading could not possibly be cured by the allegation of other facts. *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995).

15. Congress enacted the Federal Arbitration Act ("FAA") in 1925 as a response to judicial hostility to arbitration. *CompuCredit Corp v Greenwood*, 132 S.Ct. 665 (2019). The FAA provides that an agreement to arbitrate disputes arising from "a contract evidencing a transaction involving commerce" shall be "valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2. The court's role under the Act is….limited to determining (whether a valid agreement to arbitrate exists and, it does, (2) whether the agreement encompasses the dispute at issue.: *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The party seeking to compel arbitration has the burden under the FAA to show [these two elements]. *Ashbey v Archstone Property Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

16. Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. *AT&T Techs., Inc. v Commc'ns Workers of America*, 475 U.S. 643, 648 (1986). Arbitration agreements may also be invalidated by generally applicable contract defenses, such as fraud, duress or unconscionability. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

17. The threshold issue in deciding a motion to compel arbitration is whether the parties agreed to arbitrate. *Ouevedo v Macy's Inc*, 798 F.Supp.2nd 1122, 1133 (C.D. Cal. 2011).

A party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. *Knutson v. Sirius XM Radio, Inc.,* 771 F.3d 559, 565 (9th Cir. 2014).

18. When determining whether a valid contract to arbitrate exists, we apply ordinary state law principles that govern contract formation. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093 (9th Cir. 2014). It is undisputed that under California law, mutual assent is a required element of contract formation. *Knutson,* 771 F.3d at 565. The mutual assent necessary to form a contract is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings. *Deleon v. Verizon Wireless, LLC,* 207 Cal.App.4th 800,813 (2012). The doctrine of mutual assent applies with particular force to contracts of adhesion. *Knutson*, 771 F.3d at 566. Thus, an offeree, regardless of apparent manifestation of his consent, is not bound by inconspicuous contractual provisions of which he was unaware, contained in a document which contractual nature is not obvious. *Id.* The party seeking to compel arbitration has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. *Id.* At 565.

19. One common formulation of unconscionability is that it refers to an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party. As that formulation implicitly recognizes, the doctrine of unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results. *Sonic-Calabasas A, Inc. v. Moreno* 57 Cal.4th 1109, 1143-1145 (2013).

20. The prevailing view is that procedural and substantive unconscionability must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability. *Armendariz v. Foundation Health Psychcare Services, Inc.* 24 Cal.4th 83 (2000). The unconscionability doctrine ensures that contracts, particularly contracts of adhesion, do not impose terms that have been variously described as "overly harsh". *Stirlen v Supercuts, Inc.* 51 Cal.App.4th 1519, 1532 (1997).

21. Melinda Genovese submitted her Declaration. At paragraph 4, 5 and 6 of her declaration, she assets that there was an agreement between EuroMotorwerks and Carfax. EuroMotorwerks is not a party to the Complaint. So, an evidence of agreements with EuroMotorwerks would be irrelevant. There is no evidence submitted of any acknowledgement by Dipito signing or assenting to the "CARFAX Services Agreement." EuroMotorwerks is no longer in business.

22. Exhibits 1, 2 and 3 are various versions of the "CARFAX Services Agreement" that are signed by Richard Hagen or Sam Mugbel. These documents have a section which reads "I understand that this Application is subject to the CARFAX Services Terms and Conditions (available online at http://carfaxforddealers.com/service-terms-and-conditions/ or by calling 855-845-5733). I represent that I am duly authorized to execute this Application on behalf of Customer and bind Customer to the terms of this Application and the CARFAX Services Terms and Conditions." This section does not contain a Mandatory Arbitration Clause. There is no verification that ensures that any customer finds their way to the online terms and conditions. There is no verification that the customer has read, understands and mutually assents to the arbitration clause). A party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. *Knutson v. Sirius XM Radio, Inc.,* 771 F.3d 559, 565 (9th Cir. 2014).

23. When determining whether a valid contract to arbitrate exists, we apply ordinary state law principles that govern contract formation. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093 (9th Cir. 2014). It is undisputed that under California law, mutual assent is a required element of contract formation. *Knutson*, 771 F.3d at 565. The mutual assent necessary to form a contract is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings. *Deleon v. Verizon Wireless, LLC,* 207 Cal.App.4th 800,813 (2012). The doctrine of mutual assent applies with particular force to contracts of adhesion. *Knutson*, 771 F.3d at 566. Thus, an offeree, regardless of apparent manifestation of his consent, is not bound by inconspicuous contractual provisions of which he was unaware, contained in a document which contractual nature is not obvious. *Id.* The party seeking to

compel arbitration has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. *Id.* At 565.

24. CARFAX has not and cannot show that the adhesion contract signed by Richard Hagan and/or Sam Mugbel contains a conspicuous mandatory arbitration clause. Richard Hagan is not legally astute and did not search for the **hidden mandatory arbitration clause** online. Accordingly, the mandatory arbitration clause should not be enforced.

**B.     The choice of law provision contained in an adhesion contract is unenforceable.**

25. The weaker party to an adhesion contract may seek to avoid enforcement of a choice-of-law provision therein by establishing that "substantial injustice" would result from its enforcement. *Restatement Second of Conflicts of Laws Section 187 ("Restatement").* A choice of law provision, like any other contractual provision, will not be given effect if the consent of one of the parties to its conclusion in the contract was obtained by improper means, such as by misinterpretation, duress, or undue influence, or by mistake. Whether such consent was in fact obtained by improper means or by mistake will be determined by the forum in accordance with its own legal principles. A factor which the forum may consider is whether the choice-of-law provision is contained in an adhesion contract, not one that is drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party that has no real opportunity to bargain about its terms. Such contracts are usually prepared in printed form, and frequently at least some of their provisions are in extremely small print. The forum will scrutinize such contracts with care and will refuse to apply any choice-of-law provision they may contain if to do so would result in substantial injustice to the adherent. *Comment b to Restatement section 187.*

26. Plaintiff's Hagen is a lay person with no legal training. He signed the CARFAX Services Agreement, but he has no recollection of ever reading the CARFAX Service Terms and Conditions. Richard Hagen had no real opportunity to negotiate any of the Terms and Conditions. Neither Hagen nor Sorrento has any recollection of the mandatory arbitration and choice of law provisions. The plaintiffs would suffer "substantial injustice" by being forced to

Arbitrate or transfer venue to Virginia…a state that is not substantially connected to any of the allegations of the complaint. See Declaration of Hagan.

### C. **Amadi is a business associate and third-party beneficiary of Dipito, Hagen, and Sorrento.**

27. California's contract principles on third party beneficiaries are well known. Under California law, a "contract, made expressly for the benefit of a third party, may be enforced by him at any time before the parties thereto rescind it." Cal. Civ. Code § 1559. A third party qualifies as a beneficiary under a contract if the parties intended to benefit the third party and the terms of the contract make that intent evident. Although a third party need not be expressly named or identified in a contract, a party must demonstrate that it is a member of a class of persons for whose benefit it was made.

28. Paragraph 37 of the Complaint provides in part: "SD MOTORWERKS had purchased SUBJECT VEHICLE #1 for the benefit of with the intention of selling it to CHIDI. CHIDI took possession of SUBJECT VEHICLE #1 on or about February 4, 2020.

29. Any alleged deficiencies, if any, can be cured in a future amendment.

### D. **AMADI is an individual consumer under the CLRA, Song-Beverly and Magnuson-Moss Warranty Act while DIPITO is defined as a person (under the Song-Beverly Act)**

30. The California Consumer Legal Remedies Act ("CLRA"), California Civil Code Section 1750 et. seq. provides remedies to "protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code § 1760. While CLRA contains no general broad proscription against "unfair" or "deceptive" practices, it does list 23 activities as "unlawful". When a prohibited activity takes place during a "transaction" involving the sale or lease of goods or services to a "consumer," CLRA liability may result. Cal. Civ. Code § 1770(a). <u>Only individual consumers can sue under the CLRA</u>, although they may bring a class action "if the unlawful method, act, or practice has caused damage to other consumers similarly situated." Cal. Civ. Code § 1781(a). AMADI is clearly the consumer of

**the car.  BMW FS avers that only DIPITO is responsible for the hidden damages to AMADI.  This would be convenient for BMW FS but it would completely defeat the legislative intent of the CLRA.**

31. The <u>Song-Beverly Act</u> defines consumer goods as any new product or part of a product that is used, bought, or leased primarily for personal, family, or household purposes: ,, Other than: z clothing (Cal. Civ. Code § 1791(c)); and z consumables (Cal. Civ. Code § 1791(d)).  Including new and used assistive devices (see Assistive Devices: Express Warranty) sold at retail. (Cal. Civ. Code § 1791(a).) PERSON <u>Under the Song-Beverly Act, a person is any individual, partnership, corporation, limited liability company, association, or other legal entity in the business of manufacturing, distributing, or selling consumer goods at retail (Cal. Civ. Code § 1791(b))</u>.  **DIPITO is a person under Song-Beverly.  DIPITO sells consumer goods and should be protected from unknowingly purchasing and then re-selling defective consumer goods to unsuspecting individual consumers.  CARFAX is not a manufacturer of cars so Song-Beverly does not apply to CARFAX.**

32. The Magnuson–Moss Act contains many definitions<u>:  A "consumer" is a buyer of consumer goods for personal use. A buyer of consumer products for resale is not a consumer</u>. A "full warranty" is one that meets the federal minimum standards for a warranty. Such warranties must be "conspicuously designated" as full warranties. If each of the following five statements is true about a warranty's terms and conditions, it is a "full" warranty:  (1) There is no limit on the duration of implied warranties. (2) Warranty service is provided to anyone who owns the product during the warranty period; that is, the coverage is not limited to first purchasers. (3) Warranty service is provided free of charge, including such costs as returning the product or removing and reinstalling the product when necessary.  (4) There is provided, at the consumer's choice, either a replacement or a full refund if, after a reasonable number of tries, the warrantor is unable to repair the product.  (5) It is not required of consumers to perform any duty as a precondition for

///

///

///

receiving service, except notifying that service is needed, unless it can be demonstrated that the duty is reasonable.

33. AMADI is clearly a consumer under the act. As the owner of Subject Vehicle #1, AMADI advised DIPITO of the many hidden defects within his vehicle. DIPITO elected to stand with AMADI in this legal action. DIPITO had attempted to negotiate directly with CARFAX but was rejected. AMADI is a private consumer and had standing to sue accordingly.

### E. CARFAX wrongfully relies upon extrinsic evidence to challenge each cause of action.

34. A motion to dismiss under Rule 12(b)(6) is proper only "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v Block*, 250 F.3d 729, 732 (9th Cir. 2001). As a general rule, courts may not consider material outside the complaint when ruling on a motion to dismiss; however, a non-appended document may be incorporated by reference if the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

35. Carfax avers that "Euromotorwerks first entered into a contractual relationship with Carfax on or about April 6, 2015, when Hagen signed an agreement on behalf of Euromotorwerks to subscribe to Carfax's Advantage Program." (Carfax MTD, pg. 3, line 1-3). Euromotorwerks is not a party to Plaintiff's complaint. All references to Euromotorwerks are irrelevant. The Advantage Agreement allegedly signed my Euromotorwerks is based upon extrinsic evidence not contained within the four corners of the Complaint. Exhibits 1 through 4 are being introduced as a part of a Declaration of Melinda Genovese. Under *Ritchie*, these exhibits may be incorporated by reference if defendant's answer and counterclaims referred extensively to them or they form the basis of defendant's counterclaims. A Motion to Dismiss is not a responsive pleading. Therefore, the exhibits constitute extrinsic evidence. All the averments of Carfax pertaining to these exhibits are extrinsic evidence which are best suited for a Motion for Summary Judgment.

36	Carfax avers that Plaintiffs have misconstrued Carfax's BuyBack Guarantee ("BBG") when they allege that Carfax guarantees that the vehicle was not subject to "Salvage, Junk, Rebuilt, Fire, Flood, Hail or Lemon" [sic] and that Subject Vehicle No. 1 "should have been salvaged." Once again, Plaintiff's allegations must be taken as true. Carfax's rebuttal arguments are not limited to defects in the allegations of the Complaint. Carfax's arguments are incorporating extrinsic evidence such as "branded titles" and the role played by the respective state DMV. These are arguments best suited for a Motion for Summary Judgment.

37.	Carfax avers that "it has no prior relationship with Plaintiff Amadi." The complaint clearly identifies AMADI as a third-party beneficiary. The VHR is a report that is provided to a customer to reassure the customer that the vehicle history has been verified and that customer can have some "peace of mind" that they are making a wise and safe decision. So, CARFAX's VHR plays a pivotal role in the decision-making process of the customer. The customer is asked to acknowledge that they have reviewed the VHR prior to making the purchase. So, it is rather non-sensical for Carfax to deny any responsibility to the third parties that rely upon their VHR as part of the customer's decision-making process. Once again, these facts are outside of the pleadings and should not be considered in a Motion to Dismiss.

38.	Carfax's MTD at page 6, "Carfax updates its VHR's when it received new information. In addition, after the first VHR was run, Carfax added a "Damage Severity Scale" that, where possible indicates whether a damage event resulted in minor moderate, or severe damage." While these facts are outside of the pleadings, they show that Carfax has modified its VHR, and these details are probative. The probative details must depend upon discovery and such facts should not be weighed in a Motion to Dismiss.

39.	Carfax avers that they have been unfairly lumped together with other defendants as it relates to the fraud allegations. At paragraph 127 (e) of the complaint, plaintiffs allege "CARFAX provided a report which concealed the extent of known damages to subject vehicle #1, #2 and #3." At paragraph 127 (i) of the complaint, plaintiffs allege "Engaging in a pattern and practice of deceptive practices, including those which may be uncovered during the course of discovery." At paragraph 142 of the complaint, plaintiffs allege "The foregoing Defendants

made the misrepresentations and omissions of facts with the intent to deceive and defraud Plaintiffs for the purpose of inducing them to rely upon the fraudulent representations and to purchase a vehicle with known defects." Carfax is on notice of their alleged role in the fraud. While the full extent of their participation cannot be fully known until the discovery process is joined. At present, the allegations made by the plaintiffs must be assumed to be true. The plaintiffs cannot know why or how Carfax was able to learn more details about the damages to Subject Vehicle #1. The plaintiffs cannot know why or how Carfax was not able to make these damage disclosures prior to the purchase by Dipito and then Amadi. While there are no "smoking guns" at the present time, it is sufficient for plaintiffs to inform Carfax that this is what is known to date. It is not a surprise that plaintiffs will be probing the VHR …. What did Carfax know and when did they know it?

40. Carfax is asking the court to look at the VHR and draw a legal conclusion of what the words in the document mean. Carfax is requesting the court to conclude that Carfax did not engage in unfair or deceptive practices. This is beyond the scope of the court at this stage of the proceedings.

41. Plaintiffs will concede that Carfax is not engaged in the business of manufacturing, distributing or selling vehicles. Accordingly, Carfax would not have any warranty liability other than their express BuyBack Guarantee.

42. Carfax, at page 18 of their MTD, aver that "Plaintiffs allege that the acts and practices of Defendants are likely to deceive, constituting a fraudulent business act or practice. Id. at ¶126. Plaintiffs also allege, in conclusory fashion, that Defendant's policies and practices constitute unlawful business acts or practices. Compl. ¶130." Carfax argues that "…Plaintiffs cannot claim to have been deceived or misled by the VHRs, given their prior acknowledgments that Carfax data may contain errors or omissions, that Carfax does not guarantee the correctness or completeness of a VHR, that Carfax does not provide any conclusions regarding the condition of the vehicle, and that SD Motorwerks Plaintiffs were responsible for their own decisions/transactions using Carfax VHRs. T&C ¶12. Once again, Carfax confirms that they understand the allegations made within the complaint. However, Carfax is encouraging the court

to read the VHR and issue a legal ruling as to what that VHR means and issue a ruling ending the legal dispute.

43. "A motion to dismiss tests whether the allegations in a complaint, if true, amount to an actionable claim." *In re Countrywide Financial Corp. Sec. Litigation*, 588 F.Supp.2d 1132, 1145 (C.D. Cal., 2008) citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). When dealing with a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) the Court must accept as true all allegations of material fact in the complaint. *In re Countrywide Fin. Corp.* at 1145; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007). "In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F.Supp.2d 1166, 1176 (N.D. Cal., 2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996); *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

### F.  If this Court Finds that the Complaint was Not Pled Sufficiently, Plaintiffs Should be Granted Leave to Amend.

44. Fed. R. Civ. Proc. 15(a) provides that for Amendments the Court should "freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a) provides that "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. A motion to dismiss is not a responsive pleading within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that state is improper…" *Mayes v. Leipziger*, 729 F.2d 605, 608 (9th Cir. 1984). The Supreme Court, other Circuit Courts, and the Ninth Circuit have continually noted that Fed. R. Civ. Proc. 15(a)'s "policy of favoring amendments to pleadings should be applied with 'extreme liberality'." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted), *Foman v. Davis*, 371 U.S. 178 (1962), and *LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (C.A. Kan. 1983). Only four factors are commonly used to deny a

motion for leave to amend, they are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs* at 186 (citation omitted).

45.   While Plaintiffs assert that they have met the pleading standards required under the Federal Rules, if this Court were to find otherwise, Plaintiffs respectfully request that this Court grant them leave to amend their complaint as allowed under Fed. R. Civ. Proc. 15.  Given the arguments above and in Plaintiffs other documents on record with this court, it is clear that amendment would not be futile or prejudicial to Defendant Carfax.  If this Court were to find that the COMPLAINT does not sufficiently plead a Claim for Relief, Plaintiffs request the court to grant the motion for leave to amend the COMPLAINT.

### IV. CONCLUSION

46.   For the above reasons Plaintiffs request this Court deny the Motion to Dismiss, or Alternatively, to Transfer Venue by Defendants Manheim.

Dated: October 11, 2021                                LAW OFFICE OF MICHAEL A. ALFRED


                                                                              By: *Michael A. Alfred*
                                                                                       Michael A. Alfred
                                                                                       Attorney for Plaintiffs