| | |
|---|---|
| 1 | **Rebecca A. Caley, Bar No. 131997** |
| | **Christopher M. Domin, Bar No. 273951** |
| 2 | **CALEY & ASSOCIATES** |
| | A Professional Corporation |
| 3 | **265 S. Randolph Avenue, Suite 270** |
| | **Brea, California 92821-5777** |
| 4 | **714/529-1400 Office** |
| | **714/529-1515 Facsimile** |
| 5 | **2030-276** |
| 6 | Attorneys for Defendant, |
| | BMW Financial Services NA, LLC |
| 7 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIPITO LLC, A MONTANA LLC DBA SAN DIEGO MOTORWERKS, CHIDIEBERE AMADI, an individual, RICHARD JOHN HAGEN dba EUROMOTORWERKS, RICHARD JOHN HAGEN, an individual and CARRIE SORRENTO, an individual, | ) ) ) ) ) ) ) ) ) ) | Case No. 21-cv-1205-H-JLB Hon. Marilyn Huff  BMW FINANCIAL SERVICES NA LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT |
| Plaintiffs, | ) ) ) | Date:    November 1, 2021 Time:    10:30 a.m. Dept:    TBD |
| v. | ) | |
| MANHEIM RIVERSIDE AKA COX AUTO INC. AKA MANHEIM INVESTMENTS INC. AKA COX AUTO AUCTIONS, LLC, MANHEIM NEVADA AKA COX AUTO INC. AKA MANHEIM INVESTMENTS, INC. AKA COX AUTO AUCTIONS, LLC CARFAX, INC., NEXTGEAR CAPITAL, DANNY BRAUN, an individual, CESAR ESPINOSA, an individual, STEVE HARMON, an individual, JERRY SIDERMAN, an individual, BMW OF NORTH AMERICA, LLC, CENTER AUTOMOTIVE, INC DBA CENTER BMW and DOES 1 through 200, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Trial Date: Note Set Date Action Filed: July 1, 2021 |
| Defendants. | ) ) | |
| _____ | ) | |

I.     **INTRODUCTION**.

Plaintiffs' Opposition to BMW Financial Services NA LLC's ("BMW FS") Motion to Dismiss is absent any argument that plaintiffs Richard John Hagen dba EuroMotorwerks ("EuroMotorwerks"), Richard John Hagen ("Hagen"), or Carrie Elin Sorrento ("Sorrento") have sufficiently pled causes of action against BMW FS.  Instead, Plaintiffs concede that EuroMotorwerks, Hagen, and Sorrento's claims relate solely to the 2018 Bentley Continental ("Vehicle #2") and the 2009 Chevrolet Corvette ("Vehicle #3"), neither of which were sold at auction by BMW FS.  In fact, there are no allegations that BMW FS was involved in Plaintiffs' purchase of Vehicle #2 and Vehicle #3 in anyway.

As to the remaining plaintiffs, Dipito LLC, a Montana LLC dba San Diego Motorwerks ("SD Motorwerks") and Chidiebere Amadi ("Amadi"), Plaintiffs' Opposition does little to clarify which party has standing to bring their alleged Consumer Legal Remedies Act ("CLRA"), Song-Beverly, Magnuson-Moss, Restitution, Business & Professions Code § 17200, Wire Fraud, and RICO claims.  Specifically, Plaintiffs appear to concede that there is no allegation Amadi actually purchased the 2016 BMW M6 ("BMW" or "Vehicle #1") from SD Motorwerks, yet the Opposition also goes outside of the pleadings and refers to Amadi as the BMW's "owner". [Opposition, p. 10, line 3.]  Plaintiffs additionally argue that Amadi is a third-party beneficiary to the SD Motorwerks' contract for the purchase of the BMW, however, this argument is made without citation to any factual allegations supporting such a status.  As Amadi's third party beneficiary status fails, his and SD Motorwerks' claims for violations of the CLRA, Song-Beverly, and Magnuson-Moss collapse because neither plaintiff can properly allege facts showing they purchased the BMW at auction from BMW FS for personal, family, or household use.

Furthermore, Plaintiffs' Opposition fails to cite to any allegations satisfying Federal Rule of Civil Procedure 9(b)'s requirements that SD

Motorwerks and Amadi pled allegations indicating how, when, where, or to whom the alleged fraudulent representations by BMW FS were made to each plaintiff. Instead, Plaintiffs' causes of action sounding in fraud amount to nothing more than the inappropriate lumping together of multiple defendants without the required level of specificity.

Finally, as noted by BMW FS in its moving papers, the Summons and Complaint's caption identify "BMW of North America, LLC" as a defendant, yet the body of the Complaint identifies BMW Financial Services NA, LLC as a defendant. This inconsistency was highlighted to Plaintiffs' counsel who expressly agreed to correct the deficiency in the Joint Motion to Extend Time to Respond previously filed as between Plaintiffs and BMW FS. Despite once again informing Plaintiffs counsel of this issue in its moving papers, the matter remains unaddressed.

## II. AMADI FAILS TO PLED SUFFICIENT FACTS AS TO HIS ALLEGED STATUS AS A "THIRD PARTY BENEFICIARY".

Generally, people have no standing to enforce contracts to which they are not parties. (*Jones v. Aetna Casualty & Surety Co.* (1994) 26 Cal.App.4th 1717, 1722) Third party beneficiaries of contracts, however, are an exception. California Code of Civil Procedure § 1559 reflects that "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Because third party beneficiary status is a matter of contract interpretation, a person seeking to enforce a contract as a third party beneficiary " 'must plead a contract which was made expressly for his [or her] benefit and one in which it clearly appears that he [or she] was a beneficiary.' " (*California Emergency Physicians Medical Group v. PacifiCare of California* (2003) 111 Cal.App.4th 1127, 1138) . As used in the statute and case law, "expressly" means "in an express manner; in direct or unmistakable terms; explicitly; definitely; directly. '[A]n intent to make the obligation inure to

the benefit of the third party must have been clearly manifested by the contracting parties.' " (*Sofias v. Bank of America (*1985) 172 Cal. App. 3d 583, 587.) Plaintiffs' Complaint is absent any allegations setting forth a clear manifestation between BMW FS and SD Motorwerks regarding Amadi's claimed third party beneficiary status. There are also no allegations that BMW FS knew SD Motorwerks purchased Vehicle #1 for Amadi. Nor does Plaintiffs' opposition identify the contract of which Amadi is supposedly a third-party beneficiary or how this status cures the additional defects in the Complaint. Instead, Plaintiffs only allege that SD Motorwerks purchased "the [Vehicle] for the benefit of with the intention of selling it to [Amadi]" and "[Amadi] took possession of the [Vehicle] on or about February 4, 2020." These allegations are insufficient to support any theory that Amadi is a third party beneficiary relating to Vehicle #1.

### III. SD AUTOWERKS PURCHASED THE BMW FOR RESALE TO AMADI RATHER THAN FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES.

Plaintiff's Opposition fails to address BMW FS' argument that it is not a "consumer" under the CLRA and instead simply concludes that Amadi "is clearly the consumer of the car." [Opposition, p. 9, lines 1-2.] The CLRA defines "consumer" as "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Civil Code § 1761(a). "Services" are defined as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." *Id.* at § 1761(b). The Complaint identifies SD Autowerks as a business entity that buys and sells vehicles for "business purposes". [Complaint, ¶1.] Further the Complaint alleges that SD Autowerks did not purchase the BMW for "personal, family, or household purposes" but instead with the "intention" of selling it to Amadi. [Complaint, ¶ 36.] As for

Amadi, Plaintiffs' Opposition does not cite any allegations setting forth that Amadi ever purchased or leased the BMW.  Instead, Plaintiffs' argument appears to be that Amadi is a third party beneficiary and therefore is entitled to bring his CLRA claim.  As discussed above, the Complaint lacks allegations adequately setting forth Amadi's claimed third party beneficiary status.  However, even if the Complaint sufficiently alleged such a status, "[a] third party beneficiary of a contract for such goods and services is not a "consumer" within the meaning of the Consumer Legal Remedies Act." (*Schauer v. Mandarin Gems of Cal., Inc.* (2005) 125 Cal.App.4th 949, 960.)

Plaintiff's Opposition also fails to cite to any statute or case law entitling SD Autowerks and Amadi to seek protection under the Song-Beverly Act.  Instead, Plaintiffs again admit that SD Autowerks purchased the BMW for the purpose or intention of reselling it to Amadi. [Opposition p. 9, line 13.]  The Song-Beverly Act defines "consumer good" as "any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes.  Civil Code § 1793.22(e)(2).  By its own allegations, SD Autowerks admits it did not purchase the BMW for personal, family, or household purposes.  Further, there is no allegation that Amadi ever purchased the BMW from SD Autowerks thereby foreclosing any possibility that he qualifies as a "consumer".  As a result, neither plaintiff asserts a valid Song-Beverly claim.  While the Opposition later identifies that Amadi is the "owner" of the BMW, this is an alleged fact that does not appear in the Complaint and Plaintiffs are attempting to improperly include it via their Opposition.

As to its Magnuson-Moss Act claim, Plaintiffs acknowledge that the term "consumer" is defined as ". . . a buyer (other than for purposes of resale) of any consumer protect . . ." 15 U.S.C. § 2310(d).  They also admit that SD Autowerks purchased the BMW with the intention of reselling the Vehicle to Amadi.  However, there is no allegation that a sale or transfer to Amadi actually took

place. Instead, it is only pled that Amadi was provided possession of the BMW. As noted above, Plaintiffs attempt to cure this defect by alleging for the first time in opposition to BMW FS' Motion to Dismiss that Amadi is the "owner" of the BMW. However, no such allegations are pled in the Complaint and should be disregarded by the Court. As there are no allegations that Amadi purchased the BMW from SD Autowerks or that SD Autowerks purchased the Vehicle for a purpose other than resale, their Magnuson-Moss claim against BMW FS fails as a matter of law.

### IV. PLAINTIFFS' COMPLAINT FAILS TO SATISFY THE REQUIREMENTS OF RULE 9(b).

Plaintiffs' remaining causes of action for Violation of Business & Professions Code (¶¶122-131), Wire Fraud (¶¶132-153), and Violation of Federal RICO (¶¶154-162), which are all based in fraud, are not pled with particularity. "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in fraud. *Swartz v. KPMG LLP* (9th Cir. 20017) 47 F.3d 756, 764. Here, despite the absence of any allegations that BMW FS was involved in transactions involving Vehicle #2 and Vehicle #3 with defendants EuroMotorwerks, Hagen, and Sorrento, the Plaintiffs collectively assert causes of action based in fraud without sufficiently separating the allegations against the ten (10) named defendants. Plaintiffs have instead lumped the separate vehicle transactions and defendants together. As drafted, these causes of action do not comply with Rule 9(b) and should be dismissed. Additionally, Plaintiffs' Wire Fraud claim under 18 U.S.C. § 1343 should be dismissed as the statute "does not give rise to a private cause of action. (*Kingsley v. Ashworth,*, No. 97-35084, 1998 U.S. App. LEXIS 2927, at *3 (9th Cir. Feb. 20, 1998)).

## V. CONCLUSION

Plaintiffs' Opposition requests that they should be granted leave to amend its Complaint if this Motion is granted. However, Plaintiffs have not set forth how they can cure the many defects of the Complaint through additional factual allegations. For all of the foregoing reasons and those including in BMW FS' moving papers, it respectfully requests that the Court grant its Motion and dismiss Plaintiffs' Complaint against BMW FS with prejudice.

Dated:   October 15, 2021

CALEY & ASSOCIATES
A Professional Corporation

By: _/s/ Rebecca A. Caley_____
Rebecca A. Caley
Christopher M. Domin
Attorneys for Defendant,
BMW Financial Services NA, LLC