Michael A. Alfred, Esq., SBN 113716
Law Office of Michael A. Alfred
7220 Trade Street, Suite 104
San Diego, California 92121
(858) 566-6800

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPITO LLC, A MONTANA LLC DBA SAN DIEGO MOTORWERKS, CHIDIEBERE AMADI, an individual, RICHARD JOHN HAGEN dba EUROMOTORWERKS, RICHARD JOHN HAGEN, an individual and CARRIE SORRENTO, an individual.<br><br>Plaintiffs,<br><br>vs.<br><br>MANHEIM RIVERSIDE AKA COX AUTO INC. AKA MANHEIM INVESTMENTS INC. AKA COX AUTO AUCTIONS, LLC,  MANHEIM NEVADA AKA COX AUTO INC. AKA MANHEIM INVESTMENTS INC. AKA COX AUTO AUCTIONS, LLC CARFAX, INC.,  NEXTGEAR CAPITAL, DANNY BRAUN, an individual, CESAR ESPINOSA, an | Case No.: 21-cv-1205-H-JLB<br><br>**OPPOSITION TO MOTION TO COMPEL ARBITRATION BY DEFENDANT CARFAX**<br><br>**DEMAND FOR JURY TRIAL**<br>Judge: Hon. Marilyn Huff<br><br>Date: December 13, 2021<br>Time: 10:30 a.m.<br>Dept:  TBD<br><br>Trial Date: Not Set<br>Date Action Filed:  July 1, 2021 |

| | |
|---|---|
| individual, STEVE HARMON, an individual, JERRY SIDERMAN, an individual, BMW OF NORTH AMERICA, LLC, CENTER AUTOMOTIVE, INC DBA CENTER BMW and DOES 1 through 200 | ) ) ) ) ) ) ) |
| Defendants. | ) |

**TABLE OF CONTENTS**

I. INTRODUCTION……………………………………………………………………….1

II. FACTUAL AND PROCEDURAL BACKGROUND………………………………...3

III. POINTS AND AUTHORITIES …………………………………………………….4

    A. **Arbitration cannot be compelled under the FAA given that due to the lack of mutual assent to the terms of the purported contract, there is no valid nor enforceable agreement between the parties to arbitrate**……………..………....4

    B. **The arbitration agreement is unenforceable as it is an unconscionable adhesion contract** ……………………………......…………………………………………7

    C. **Plaintiff will not be able to vindicate his statutory rights for various causes of action if they are ordered to Arbitration**……………………….………..……...8

    D. **Contractual rights under the Terms and Conditions do not preclude separate statutory rights reserved for the jurisdiction of the courts**………………………11

IV. CONCLUSION………………………………………………………………….....13

# TABLE OF AUTHORITIES

**Cases**

*Armendariz v. Foundation Health Psychcare Services, Inc.* 24 Cal.4th 83 (2000)..................7

*Alexander v. Gardner-Denver Co.,* 415 U.S. 36 (1974................................................................11

*Ashbey v Archstone Property Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015)......................6

*AT&T Techs., Inc. v Commc'ns Workers of America*, 475 U.S. 643, 648 (1986)....................6

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)...............................................6

*Barrentine v. Arkansas Best Freight System, Inc.*, 450 U.S. 728 (1981)..........................11,12

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007)...............................................................4

*Broughton v. Cigna HealthPlans of Calif.,* 21 Cal.4th 1066 (1999).........................................9

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996)......................................5

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)..................6

*CompuCredit Corp v Greenwood*, 132 S.Ct. 665 (2019)...........................................................5

*Cruz* v. *PacifiCare Health Systems, Inc.*, 30 Cal.4th 303 (2003)...............................................9

*Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093 (9th Cir. 2014).................................................6

*Deleon v. Verizon Wireless, LLC,* 207 Cal.App.4th 800,813 (2012).........................................6

*Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995)............................................................................5

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)..............................................................................4

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).......................................8,12

*In re Countrywide Financial Corp. Sec. Litigation*, 588 F.Supp.2d 1132 (C.D. Cal., 2008)....4,5

*Keen v. American Home Mortg. Servicing, Inc.*, 664 F.Supp.2d 1086 (E.D. Cal., 2009)..........5

*Knutson v. Sirius XM Radio, Inc.,* 771 F.3d 559, 565 (9th Cir. 2014).......................................6

*Kristian v. Comcast*, 446 F.3d 25 (1st Cir. 2006)...............................................................9,10,11

*McDonald v. City of West Branch,* 466 U.S. 284 (1984).........................................................11

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 628 (1985).............8

*NAACP of Camden East v. Foulke Management Corp.*, 421 N.J. Super. 404 (2011)........9,10,11

*Nat'l Supermarkets Assoc. v. Am. Express Travel Related Servs. Co.*, 634 F.3d 187, 199 (2d Cir. 2011)................................................................................................................9,10,11

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001)……………………...…………………..…..4

*Ouevedo v Macy's Inc*, 798 F.Supp.2nd 1122, 1133 (C.D. Cal. 2011)…………………………….6

*Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995)…………………........5

*Sonic-Calabasas A, Inc. v. Moreno* 57 Cal.4th 1109, 1143-1145 (2013)…………………………7

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001)…………………………...5

*Stirlen v Supercuts, Inc.* 51 Cal.App.4th 1519, 1532 (1997)………………………………………7

*Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F.Supp.2d 1166, 1176  (N.D. Cal., 2009))……………………………………………………………………………………………...5

*Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  ……….5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007)………………………5

**Statutes**

Fed. R. Civ. Proc. 12(b)(6)……………………………………………………………………4,5

15 U.S.C. §2308……………………………………………………………………………….2,9

15 U.S.C. §2310(a)(3) and (e)…………………………………………………………………..2,9

18 U.S.C. §1343………………………………………………………………………………….3

18 U.S.C. §1962(c)……………………………………………………………………………3,10

18 U.S.C. §1964(c)……………………………………………………………………………3,11

47 U.S.C. §227(b)(3)(A)…………………………………………………………………………9

California Business and Professions Code §17200……………………………………………….3

Cal. Civ. Code § 1750…………………………………………………………..………………1,8

Cal. Civ. Code § 1760…………………………………………………………………………..1,8

Cal. Civ. Code § 1780(a)(1)-(5)…………………………………………………………………2,8

Cal. Civ. Code § 1781(c)(3)……………………………………………………………1,2,8

**Treatises**

*Restatement Second of Conflicts of Laws Section 187*)..……………………………………………7

68 *Texas L. Rev.* 509, 568………………………………………………………………………12

# I. INTRODUCTION

1. Plaintiffs submit this opposition to Defendant CARFAX Motion to Compel Arbitration by Defendant Manheim. The thrust of Plaintiff's case is that, Defendants are enriching themselves by engaging in a pattern and practice of fraudulent activities. SD Motorwerks has purchased **numerous vehicles** from MANHEIM only to discover that there has been hidden damages that were known by MANHEIM but intentionally concealed to Plaintiff's detriment and to MANHEIM's profit.

2. MANHEIM has car auctions in different states. MANHEIM has shipped vehicles from state to state looking for customers that would pay top dollar for their vehicles. MANHEIM was fully aware that the subject vehicles had hidden damage prior to those vehicles were offered for sale. MANHEIM has falsely reported the condition reports for vehicles that they knew or should have known had unreported damages.

3. MANHEIM would not have been able to earn these illegal profits without the support and participation of their enterprise partners. CARFAX has marketed their services using false statements, such as: "CARFAX HAS THE MOST ACCIDENT & DAMAGE INFORMATION". CARFAX issued a report which failed to adequately report certain damages which Plaintiffs relied upon to make their purchase decision. CARFAX revised their report after the sale to Plaintiffs to disclose damages not previously reported. Unsuspecting consumers are purchasing vehicles after reviewing and relying upon these CARFAX reports to ensure that their vehicle is a "good deal".

4. BMW is taking cars at the end of their leases which BMW fails to inspect for hidden damage. BMW is "burying their heads in the sand" because by doing so, they are able to lease more cars to their customers. BMW profits from these "negligent and illegal practices".

5. Plaintiffs have alleged violations of the Consumer Legal Remedies Act (CA Civ. Code §1750. The California Consumer Legal Remedies Act ("CLRA"), provides remedies to "protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code §1760. The CLRA prohibits courts from granting a motion for summary judgment. Cal. Civ. Code §1781(c)(3). The CLRA

allows for actual damages, punitive damages, injunctive relief, restitution, ancillary relief ( any other relief that the court deems proper") – and attorney's fees. Cal. Civ. Code§1780(a)(1)-(5).

6. Plaintiffs have alleged violations under the Magnuson Moss Warranty Act (15 U.S.C. §2308). Subject to subsections (a)(3) and (e) of 15 U.S.C. §2310, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, **implied warranty**, or service contract, may bring suit for damages, or other legal and equitable relief – (A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection. <u>(Note:  There is no provision for jurisdiction to be delegated to Mediators or Arbitrators.)</u>  If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorney's fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

7. Plaintiffs have alleged violations under the California Business and Professions Code Section 17200, also known as California's Unfair Competition Law ("UCL") prohibits any unlawful, unfair or fraudulent business act or practice. **It also prohibits unfair, deceptive, untrue or misleading advertising.**  The UCL is not limited to anti-competitive business practices but is also directed towards the public's right to protection from fraud, deceit, and unlawful conduct. Unlike the strict requirements of common law fraud, a Plaintiff need only show that the practice is **likely to deceive** members of the public. To bring an action under the UCL, a plaintiff must have suffered an actual injury in fact and have lost money or property as a result of the unfair competition. This can be met by showing that a party lost more or acquired less in a transaction than they otherwise might have. Or that a party was deprived of money or property to which they had a cognizable claim. Or, that a future or present property interest was

diminished. The UCL authorized equitable remedies such as injunctions and restitution. **These remedies must be ordered by a court and not by an arbitrator.**

8.  Plaintiffs have alleged violations of Wire Fraud (18 U.S.C. §1343). Technically, this is a criminal allegation. Yet the criminal allegations become the basis for a RICO allegation under 18 U.S.C. §1962(c). Under 18 U.S.C. §1966, there is exclusive jurisdiction with the district courts of the United States. The district courts of the United States <u>**shall have**</u> jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons. Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the costs of the suit, including a reasonable attorney's fee…(18 U.S.C. §1964(c)).

9.  Defendants wrongfully allege that the mandatory arbitration agreement is valid and enforceable. Defendants bear the burden in proving (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. Defendants have failed to meet their burden. Likewise, Defendants fail to bear the burden of proving that the arbitration clause is enforceable based upon the mutual assent of the parties. Accordingly, any transfer of venue would be mooted for the same legal reasons as the failed arbitration arguments.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Carfax vehicle history database is a live, constantly evolving database of VIN-specific vehicle history data that has been electronically submitted from over 113,000 data sources, including motor vehicle agencies, rental and fleet vehicle companies, state inspection stations, fire and police departments, manufacturers, inspection companies and service and repair

facilities.  Some sources of data may include historical events dating back several years in a vehicle's history, and newly acquired sources may provide data that updates prior events on the VHR. Carfax can only report information in a Carfax VHR that is reported to Carfax from its sources.  (See MTD, pg. 2, lines 2-10).

7. The Declaration of Melinda Genovese is provided to support the allegation that representatives of Euromotorwerks signed the CARFAX Services Agreement which references but **does not include** the CARFAX Service Terms and Conditions.  **Note:  Euromotorwerks is not a party to the subject Complaint.  Any facts pertaining to Euromotorwerks are irrelevant.**

8. Carfax alleges that "Richard John Hagen (on behalf of EuroMotorwerks) affirmatively accepted the various versions of Carfax's Terms and Conditions by signing the CARFAX Services Agreement on April 2, 2015 and October 10, 2018."  (See Carfax Exh "1" and Exh 3.  **Note:  Euromotorwerks is not a party to the subject Complaint.  Any facts pertaining to Euromotorwerks are irrelevant.**

9. Carfax alleges that "Sam Mugbel (on behalf of EuroMotorwerks) affirmatively accepted the Carfax's Terms and Conditions by signing the CARFAX Services Agreement on March 8, 2017."  (See Carfax Exh 2.)  **Note:  Euromotorwerks is not a party to the subject Complaint.  Any facts pertaining to Euromotorwerks are irrelevant.**

10. Carfax alleges that signatures bind San Diego Motorwerks to a binding arbitration agreement and jurisdiction and venue selection of Virginia.

**III. POINTS AND AUTHORITIES**

Plaintiffs request that the Court deny Defendant's motion to compel arbitration.

**A. Arbitration cannot be compelled under the FAA given that due to the lack of mutual assent to the terms of the purported contract, there is no valid nor enforceable agreement between the parties to arbitrate.**

"A motion to dismiss tests whether the allegations in a complaint, if true, amount to an actionable claim." *In re Countrywide Financial Corp. Sec. Litigation*, 588 F.Supp.2d 1132, 1145 (C.D. Cal., 2008) citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001).  When dealing with

a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) the Court must accept as true all allegations of material fact in the complaint. *In re Countrywide Fin. Corp.* at 1145; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007). "In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F.Supp.2d 1166, 1176 (N.D. Cal., 2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996); *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, a court need not accept as true unreasonable inferences. *In re Countrywide Fin. Corp* at 1145 citing *Sprewell* at 988. "A court reads the complaint as a whole, together with matters appropriate for judicial notice, rather than isolating allegations and taking them out of context." *In re Countrywide Fin. Corp* at 1145 citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief. Thus "the plaintiff need not necessarily pled a particular fact if that fact is a reasonable inference from facts properly alleged." *Keen v. American Home Mortg. Servicing, Inc.*, 664 F.Supp.2d 1086, 1092 (E.D. Cal., 2009). Dismissal of an action is appropriate only where the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Finally, when dealing with a motion to dismiss for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6), a district court should grant leave to amend unless it is determined that the pleading could not possibly be cured by the allegation of other facts. *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995).

Congress enacted the Federal Arbitration Act ("FAA") in 1925 as a response to judicial hostility to arbitration. *CompuCredit Corp v Greenwood*, 132 S.Ct. 665 (2019). The FAA provides that an agreement to arbitrate disputes arising from "a contract evidencing a transaction involving commerce" shall be "valid, irrevocable, and enforceable, save upon grounds as exist at

law or in equity for the revocation of any contract." 9 U.S.C. §2.  The court's role under the Act is….limited to determining (whether a valid agreement to arbitrate exists and, it does, (2) whether the agreement encompasses the dispute at issue.: *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  The party seeking to compel arbitration has the burden under the FAA to show [these two elements].  *Ashbey v Archstone Property Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.  *AT&T Techs., Inc. v Commc'ns Workers of America*, 475 U.S. 643, 648 (1986).  Arbitration agreements may also be invalidated by generally applicable contract defenses, such as fraud, duress or unconscionability.  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

The threshold issue in deciding a motion to compel arbitration is whether the parties agreed to arbitrate.  *Ouevedo v Macy's Inc*, 798 F.Supp.2nd 1122, 1133 (C.D. Cal. 2011).  A party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. *Knutson v. Sirius XM Radio, Inc.,* 771 F.3d 559, 565 (9th Cir. 2014).

When determining whether a valid contract to arbitrate exists, we apply ordinary state law principles that govern contract formation. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093 (9th Cir. 2014).  It is undisputed that under California law, **mutual assent is a required element of contract formation**. *Knutson*, 771 F.3d at 565.  The mutual assent necessary to form a contract is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings.  *Deleon v. Verizon Wireless, LLC,* 207 Cal.App.4th 800,813 (2012).  The doctrine of mutual assent applies with particular force to contracts of adhesion. *Knutson*, 771 F.3d at 566.  Thus, an offeree, regardless of apparent manifestation of his consent, is not bound by inconspicuous contractual provisions of which he was unaware, contained in a document which contractual nature is not obvious.  *Id*.  The party seeking to compel arbitration has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence.  *Id.* At 565.

6

**B. The arbitration agreement is unenforceable as it is an unconscionable adhesion contract.**

One common formulation of unconscionability is that it refers to an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party. As that formulation implicitly recognizes, the doctrine of unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results. *Sonic-Calabasas A, Inc. v. Moreno* 57 Cal.4th 1109, 1143-1145 (2013).

The prevailing view is that procedural and substantive unconscionability must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability. *Armendariz v. Foundation Health Psychcare Services, Inc.* 24 Cal.4th 83 (2000). The unconscionability doctrine ensures that contracts, particularly contracts of adhesion, do not impose terms that have been variously described as "overly harsh". *Stirlen v Supercuts, Inc.* 51 Cal.App.4th 1519, 1532 (1997).

The weaker party to an adhesion contract may seek to avoid enforcement of a choice-of-law provision therein by establishing that "substantial injustice" would result from its enforcement. *Restatement Second of Conflicts of Laws Section 187 ("Restatement")*. A choice of law provision, like any other contractual provision, will not be given effect if the consent of one of the parties to its conclusion in the contract was obtained by improper means, such as by misinterpretation, duress, or undue influence, or by mistake. Whether such consent was in fact obtained by improper means or by mistake will be determined by the forum in accordance with its own legal principles. A factor which the forum may consider is whether the choice-of-law provision is contained in an adhesion contract, not one that is drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party that has no real opportunity to bargain about its terms. Such contracts are usually prepared in printed form, and frequently at least some of their provisions are in extremely small print. The forum will scrutinize such contracts with care and will refuse to apply any choice-of-law provision they may

7

contain if to do so would result in substantial injustice to the adherent. *Comment b to Restatement section 187.*

Plaintiff's Hagen is a lay person with no legal training. He signed the CARFAX Services Agreement, but he has no recollection of ever reading the CARFAX Service Terms and Conditions. Richard Hagen had no real opportunity to negotiate any of the Terms and Conditions. Neither Hagen nor Sorrento has any recollection of the mandatory arbitration and choice of law provisions. The plaintiffs would suffer "substantial injustice" by being forced to Arbitrate or transfer venue to Virginia…a state that is not substantially connected to any of the allegations of the complaint. See Declaration of Hagan.

**C. Plaintiff will not be able to vindicate his statutory rights for various causes of action if they are ordered to Arbitration.**

Even if an arbitration agreement is found to exist, that agreement cannot void a person's rights in arbitration. As the Supreme court made clear in *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991): "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than judicial forum," citing to *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 628 (1985). Both of these cases are still good law and in fact were relied upon in AT&T Mobility. Thus, while the Court in Gilmer affirmed that statutory rights can be resolved through arbitration, the decision also recognized that the arbitral forum must allow the employee to adequately pursue statutory rights.

Plaintiffs have alleged violations of the Consumer Legal Remedies Act (CA Civ. Code §1750. The California Consumer Legal Remedies Act ("CLRA"), provides remedies to "protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code §1760. The CLRA prohibits courts from granting a motion for summary judgment. Cal. Civ. Code §1781(c)(3). The CLRA allows for actual damages, punitive damages, injunctive relief, restitution, ancillary relief (any other relief that the court deems proper") – and attorney's fees. Cal. Civ. Code§1780(a)(1)-(5). Enforcing the arbitration clause here would deny Plaintiffs' statutory rights to seek damages

under the statutory causes of action alleged in the complaint.  Other federal courts in cases relying on federal arbitration law have refused to enforce arbitration clauses when to do so meant the parties would effectively be denied a statutory remedy.  See *Nat'l Supermarkets Assoc. v. Am. Express Travel Related Servs. Co.* (In re Am. Express Merchants' Litig.), 634 F.3d 187, 199 (2d Cir. 2011) (American Express II); *Kristian v. Comcast*, 446 F.3d 25 (1st Cir. 2006): *NAACP of Camden East v. Foulke Management Corp.*, 421 N.J. Super. 404 (2011).

Plaintiffs have alleged violations under the Magnuson Moss Warranty Act (15 U.S.C. §2308).  Subject to subsections (a)(3) and (e) of 15 U.S.C. §2310, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, **implied warranty**, or service contract, may bring suit for damages, or other legal and equitable relief – (A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection. <u>(Note:  There is no provision for jurisdiction to be delegated to Mediators or Arbitrators.)</u>  If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorney's fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.  In addition, 47 U.S.C. §227(b)(3)(A) states that "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State an action based on a violation of this subsection or the regulation prescribed under this subsection to enjoin such violation.  Any such equitable relief sought as a benefit to the public is not arbitrable. *Broughton v. Cigna HealthPlans of Calif.,* 21 Cal.4th 1066 (1999); *Cruz v. PacifiCare Health Systems, Inc.*, 30 Cal.4th 303 (2003).  **Concomitantly, any equitable remedies must be heard and decided by the district court.**

Plaintiffs have alleged violations under the California Business and Professions Code Section 17200, also known as California's Unfair Competition Law ("UCL") prohibits any

9

unlawful, unfair or fraudulent business act or practice.  **It also prohibits unfair, deceptive, untrue or misleading advertising.**  The UCL is not limited to anti-competitive business practices but is also directed towards the public's right to protection from fraud, deceit, and unlawful conduct.  Unlike the strict requirements of common law fraud, a Plaintiff need only show that the practice is **likely to deceive** members of the public.  To bring an action under the UCL, a plaintiff must have suffered an actual injury in fact and have lost money or property as a result of the unfair competition.  This can be met by showing that a party lost more or acquired less in a transaction than they otherwise might have.  Or that a party was deprived of money or property to which they had a cognizable claim.  Or, that a future or present property interest was diminished.  The UCL authorized equitable remedies such as injunctions and restitution.  **These remedies must be ordered by a court and not by an arbitrator.**  Enforcing the arbitration clause here would deny Plaintiffs' statutory rights to seek damages under the statutory causes of action alleged in the complaint.  Other federal courts in cases relying on federal arbitration law have refused to enforce arbitration clauses when to do so meant the parties would effectively be denied a statutory remedy.  See *Nat 'l Supermarkets Assoc. v. Am. Express Travel Related Servs. Co.* (In re Am. Express Merchants' Litig.), 634 F.3d 187, 199 (2d Cir. 2011) (American Express II); *Kristian v. Comcast*, 446 F.3d 25 (1st Cir. 2006): *NAACP of Camden East v. Foulke Management Corp.*, 421 N.J. Super. 404 (2011).

Plaintiffs have alleged violations of Wire Fraud (18 U.S.C. §1343).  Technically, this is a criminal allegation.  Yet the criminal allegations becomes the basis for a RICO allegation under 18 U.S.C. §1962(c).  Under 18 U.S.C. §1966, there is exclusive jurisdiction with the district courts of the United States.   The district courts of the United States **shall have** jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due

provision for the rights of innocent persons. Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the costs of the suit, including a reasonable attorney's fee…(18 U.S.C. §1964(c)). Enforcing the arbitration clause here would deny Plaintiffs' statutory rights to seek damages under the statutory causes of action alleged in the complaint. Other federal courts in cases relying on federal arbitration law have refused to enforce arbitration clauses when to do so meant the parties would effectively be denied a statutory remedy. See *Nat 'l Supermarkets Assoc. v. Am. Express Travel Related Servs. Co.* (In re Am. Express Merchants' Litig.), 634 F.3d 187, 199 (2d Cir. 2011) (American Express II); *Kristian v. Comcast*, 446 F.3d 25 (1st Cir. 2006): *NAACP of Camden East v. Foulke Management Corp.*, 421 N.J. Super. 404 (2011).

**D. Contractual right under the Terms and Conditions do not preclude separate statutory rights reserved for the jurisdiction of the courts.**

In *Alexander v. Gardner-Denver Co.,* 415 U.S. 36 (1974), and its progeny — *Barrentine v. Arkansas Best Freight System, Inc.*, 450 U.S. 728 (1981), and *McDonald v. City of West Branch,* 466 U.S. 284 (1984) — preclude arbitration of employment discrimination claims. In Gardner-Denver, the issue was whether a discharged employee whose grievance had been arbitrated pursuant to an arbitration clause in a collective bargaining agreement was precluded from subsequently bringing a Title VII action based upon the conduct that was the subject of the grievance. In holding that the employee was not foreclosed from bringing the Title VII claim, we stressed that an employee's contractual rights under a collective bargaining agreement are distinct from the employee's statutory Title VII rights: "In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective bargaining agreement. By contrast, in filing a lawsuit under Title VII, an employee asserts independent statutory rights accorded by Congress. The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence." 415 U.S., at 49-50.

We also noted that a labor arbitrator has authority only to resolve questions of contractual rights. Id., at 53-54. The arbitrator's "task is to effectuate the intent of the parties," and he or she does not have the "general authority to invoke public laws that conflict with the bargain between the parties." Id., at 53. By contrast, "in instituting an action under Title VII, the employee is not seeking review of the arbitrator's decision. Rather, he is asserting a statutory right independent of the arbitration process." Id., at 54.

Because commercial arbitration is typically limited to a specific dispute between the particular parties, and because the available remedies in arbitral forums generally do not provide for class-wide injunctive relief, see Shell, ERISA and Other Federal Employment Statutes: When is Commercial Arbitration an "Adequate Substitute" for the Courts?, 68 Texas L.Rev. 509, 568 (1990), I would conclude that an essential purpose of the ADEA is frustrated by Gilmer v. Interstate/Johnson Lane Corp... Moreover, as Chief Justice Burger explained: "Plainly, it would not comport with the congressional objectives behind a statute seeking to enforce civil rights protected by Title VII to allow the very forces that had practiced discrimination to contract away the right to enforce civil rights in the courts. For federal courts to defer to arbitral decisions reached by the same combination of forces that had long perpetuated invidious discrimination would have made the foxes guardians of the chickens." *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 750 (1981) (dissenting opinion).

It would be illogical to allow the perpetrator of fraud the opportunity to legally execute contract provisions compelling the arbitration of contractual clauses which permit the perpetrator the luxury of continuing his fraudulent practices.

///
///
///
///
///
///
///

### IV. CONCLUSION

For the above reasons Plaintiffs request this Court deny the Motion to Compel Arbitration by Defendants Manheim.

Dated: November 19, 2021      LAW OFFICE OF MICHAEL A. ALFRED


By:  /s/Michael A. Alfred
       Michael A. Alfred
       Attorney for Plaintiffs