Squire Patton Boggs (US) LLP
Petrina A. McDaniel (GA Bar # 141301)
(*admitted *pro hac vice*)
petrina.mcdaniel@squirepb.com
Eric J Knapp (State Bar # 214352)
eric.knapp@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:  +1 415 954 0200
Facsimile:   +1 415 393 9887

Hannah J. Makinde (State Bar # 307907)
hannah.makinde@squirepb.com
555 South Flower Street, Suite 3100
Los Angeles, California 90071
Telephone:  +1 213 624 2500
Facsimile:   +1 213 623 4581

*Attorneys for Defendants
Manheim Riverside, Manheim Nevada,
NextGear Capital, Danny Brawn, Steve
Harmon, and Cesar Espinosa*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPITO LLC, A MONTANA LLC DBA SAN DIEGO MOTORWERKS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MANHEIM RIVERSIDE AKA COX AUTO INC. AKA MANHEIM INVESTMENTS INC. AKA COX AUTO AUCTIONS, LLC, et al., <br><br> Defendants. | Case No. 21-cv-1205-H-JLB <br><br> **REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION BY DEFENDANTS MANHEIM RIVERSIDE, MANHEIM NEVADA, NEXTGEAR CAPITAL, DANNY BRAWN, CESAR ESPINOSA, AND STEVE HARMON** <br><br> Judge: Hon. Marilyn Huff <br><br> Date:    December 13, 2021 <br> Time:   10:30 a.m. <br> Dept:    15A <br><br> Trial Date: Not Set <br> Date Action Filed:    July 1, 2021 |

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## I. INTRODUCTION

Plaintiffs[1] cannot have their cake and eat it too. On the one hand, Plaintiffs seek to hold Manheim[2] liable for claims arising out of their transactions with Manheim, and on the other, they disclaim the arbitration agreement (the "Arbitration Agreement") in Manheim's Terms and Conditions (the "Ts&Cs") requiring them to arbitrate all claims and disputes "aris[ing] out of or relat[ing] in any way" to their transactions with Manheim. Nowhere in Plaintiffs' Opposition do they dispute they freely entered into the Arbitration Agreement. In fact, Plaintiffs tout they have purchased **numerous vehicles**, (Compl. ¶ 25, emphasis in original) from Manheim for years and concede they never exercised their right to opt-out of the Arbitration Agreement, though they were given 30 days to do so each time they purchased vehicles from Manheim. Despite two rounds of briefing on Manheim's Motion to Dismiss and Motion to Compel Arbitration [ECF Nos. 23, 42], Plaintiffs do not (and cannot) dispute that the Arbitration Agreement unquestionably contains a delegation provision (the "Delegation Clause"), requiring binding arbitration of "[a]ny dispute or claim" "pursuant to the Judicial Arbitration and Mediation Service's ("JAMS'") Streamlined Arbitration Rules and Procedures in effect at the time of the submission." Defs.' Mot. to Dismiss, Exs. 1(C), (D) ("Arb. Agreement"), ¶ 26(d), (ECF No. 23-2). Given this language, the Court must compel arbitration of any threshold issues, allowing Plaintiffs to raise arguments over gateway issues of arbitrability with the

---

[1] Plaintiffs SD Motorwerks, EuroMotorwerks, Hagen, and Sorrento are subject to the Arbitration Agreement. Notably, Plaintiffs do not deny that Sorrento and Hagen are bound by the terms of Manheim's Ts&Cs as the representatives and agents of SD Motorwerks and EuroMotorwerks.

[2] Defendants Manheim Riverside, Manheim Nevada, and the Employee Defendants Danny Brawn, Cesar Espinosa, and Steve Harmon are collectively referred to as "Manheim." Plaintiffs do not contest that as employees of signatories to the Arbitration Agreement, the Employee Defendants may rely on the Arbitration Agreement, and are subject to arbitration under equitable estoppel. The Court should thus deem these points as admitted and undisputed.

arbitrator in the first instance, as the parties agreed to do.

Plaintiffs likewise fail to identify any statutory remedy that arbitration would foreclose. The Arbitration Agreement and the rules governing arbitration under the Agreement expressly state that the arbitrator may award any legal *or equitable* remedy that would be available in court, including those that Plaintiffs seek in this action. Arb. Agreement, ¶ 26(d); JAMS Streamlined Arbitration Rules & Procedures ("JAMS Streamlined Rules"), R.19(b). Indeed, case law in the Ninth Circuit confirms that arbitrators may grant all legal and equitable remedies, including declaratory and injunctive relief that Plaintiffs appear to seek here.

In sum, there is simply no basis in law or fact upon which Plaintiffs can circumvent their contractual obligations to arbitrate their claims against Manheim. The Court should therefore grant Defendants' Motion and dismiss Plaintiffs' claims, or transfer the action to the Northern District of Georgia so that arbitration may be compelled in the contractual agreed-upon forum.

## II. ARGUMENT

### A. Plaintiffs' Claims against the Manheim Defendants Must be Arbitrated.

#### 1. Challenges to the Enforceability of the Arbitration Agreement are Delegated to the Arbitrator.

Plaintiffs ignore the Arbitration Agreement's express terms, which delegate to the arbitrator disputes regarding the validity and enforcement of the Arbitration Agreement. Plaintiffs appear to argue that the Arbitration Agreement, as a whole, is unenforceable, because it is fraudulent and unconscionable. *See* Plaintiffs' Opposition to Motion to Compel Arbitration by Defendants ("Opp'n") (ECF No. 44). None of these arguments are properly before the Court.

Under binding Supreme Court and Ninth Circuit precedent, where an arbitration agreement contains a delegation provision delegating the issue of arbitrability to the arbitrator, any challenges to the arbitration agreement as a whole are to be resolved by the arbitrator, rather than the court. *See Rent-A-Center, W., Inc.*

*v. Jackson*, 561 U.S. 63, 72 (2010) ("Accordingly, unless Jackson challenged the delegation provision specifically, we must treat it as valid under § 2 [of the FAA], and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator"); *Brennan v. Opus Bank*, 796 F.3d 1125, 1133 (9th Cir. 2015) (finding that where an arbitration agreement contained a delegation provision, the district court did not err in dismissing plaintiff's claims, despite plaintiff's challenges to the enforceability of the arbitration agreement).

Here, Plaintiffs do not even acknowledge the delegation clause in the Arbitration Agreement. *See* Pl.'s Opp'n. The Court must therefore treat the Delegation Clause as valid under § 2 of the FAA. *In re Midland Credit Mgmt.*, 2019 U.S. Dist. LEXIS 15810, at *63 (citing *Rent-A-Center*, 561 U.S. at 72). The arbitrator, not the Court, should therefore resolve Plaintiffs' challenges to the Arbitration Agreement and Ts&Cs. *McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2017 U.S. Dist. LEXIS 168370, at *14 (N.D. Cal. Oct. 11, 2017) ("*Rent-A-Center* and *Brennan* are clear on this issue. If plaintiffs raise a specific challenge to the validity of the delegation clause, the Court must consider it. Other challenges go to the arbitrator").

### 2. The Delegation Clause and Arbitration Agreement are Valid and Enforceable.

#### a. Neither the Delegation Clause nor the Arbitration Agreement are Unconscionable.

Plaintiffs' argument that the Arbitration Agreement "is an unconscionable adhesion contract" [Opp'n at 6] is meritless. Plaintiffs bear the burden of establishing unconscionability. *Jialu Wu v. iTalk Glob. Communs., Inc.*, No. CV 20-7150 PSG (PJWx), 2020 U.S. Dist. LEXIS 250121, at *19 (C.D. Cal. Oct. 21, 2020). Unconscionability consists of a procedural element and a substantive element. *Id.* As Plaintiffs acknowledge, an agreement is only unenforceable if it is "*both* procedurally and substantively unconscionable." *Appel v. Concierge Auctions, LLC*, No. 17-cv-02263-BAS-MDD, 2018 U.S. Dist. LEXIS 63046, at *19 (S.D. Cal. Apr. 13, 2018)

(emphasis in original); *see* Opp'n at p. 7. Because Plaintiffs fail to establish that either the Arbitration Agreement or the Delegation Clause are *both* procedurally and substantively unconscionable, the Court must enforce them as written. 9 U.S.C. § 2.

First, Plaintiffs fail to identify any provision of the Arbitration Agreement that renders it procedurally unconscionable; rather, Plaintiffs simply claim that because it is a standard contract with standard terms, it is unconscionable. Opp'n at p. 7. However, "[a] contract is not unconscionable merely because the transaction involved a standardized legal form and the complaining party had less bargaining strength." *Connick v. Teachers Ins. & Annuity Ass'n of Am.*, 784 F.2d 1018, 1021 (9th Cir. 1986). A contrary rule would render virtually any form contract suspect. Thus, Plaintiffs' assertion that the Agreement was a contract of adhesion, even if true, is insufficient to invalidate the Agreement, because "an adhesion contract remains fully enforceable unless (1) the provision falls outside the reasonable expectations of the weaker party, or (2) the provision is unduly oppressive or unconscionable." *Fittante v. Palm Springs Motors, Inc.*, 105 Cal. App. 4th 708, 722 (2003); *see also McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2018 U.S. Dist. LEXIS 11712, at \*7 (N.D. Cal. Jan. 24, 2018) ("[C]ontracts of adhesion are not per se invalid…").

Indeed, the Arbitration Agreement and Delegation Clause cannot be adhesive, as Plaintiffs were able to opt out of their terms. *See* Defs.' Mot. at pp. 7-8; *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016) ("[A]n arbitration agreement is not adhesive if there is an opportunity to opt out."). The elements of an adhesive contract are also lacking. There is no evidence that the Defendants had unequal bargaining strength. While Plaintiffs claim to be "lay persons," *see* Opp'n at p. 8, Plaintiffs are motor vehicle dealerships engaged in the business of purchasing and selling vehicles. In fact, the Complaint states that "SD Motorwerks has purchased **numerous vehicles** from MANHEIM[.]" Compl. ¶ 25; Opp'n at p. 1 (emphasis in original). Plaintiffs are plainly not ordinary consumers at the mercy of Manheim. *See Appel*, 2018 U.S. Dist. LEXIS 63046, at \*22-23 ("Plaintiffs fail to demonstrate they

were the weaker party considering their level of business sophistication and past experiences with similar multi-million dollar transactions"). Instead, Plaintiffs are sophisticated dealers who have bought and sold vehicles through Manheim's auctions for years and are well-versed in the types of alleged transactions here.

Plaintiffs also argue that they were not aware of the Arbitration Agreement. Opp'n at p. 8. This is a red herring. "These contentions do not support procedural unconscionability because Plaintiff[s] easily could have, and would have, known of the arbitration provision if [they] had read the Agreement before checking the box stating that [they] agreed to it." *Jialu Wu*, 2020 U.S. Dist. LEXIS 250121, at *20.

Most notably, however, each of the Plaintiffs accepted the Ts&Cs on *multiple* occasions, *see* Defs.' Mot. at pp. 5-6, and have therefore seen multiple times the provisions of which they now claim to be unaware. Indeed, by accepting the Ts&Cs, Plaintiffs expressly acknowledged the following: "You acknowledge and agree that you understand these terms and conditions written in English and that you have sought the help of an attorney and/or translator as you deem necessary to understand them." Arb. Agreement, ¶ 31.

What is more, courts have enforced the exact Arbitration Agreement that Plaintiffs challenge here by rejecting claims that it was unconscionable. *Citi Cars, Inc. v. Cox Enters.*, No. 1:17-cv-22190-KMM, 2018 U.S. Dist. LEXIS 42544 (S.D. Fla. Jan. 22, 2018). In *Citi Cars*, the Court found that because the Arbitration Agreement contained an opt-out provision and plaintiff was a sophisticated party that had "many years of doing business with Manheim," the Agreement was not unconscionable. *Id.* at *22-23 (S.D. Fla. Jan. 22, 2018) (internal quotation marks and citation omitted) (holding that "[t]hese opt-out provisions [in Manheim's Arbitration Agreement] obviate Plaintiff's procedural unconscionability argument" and "Plaintiff's failure to establish procedural unconscionability forecloses [its]

unconsciousability argument"). The Court should mandate the same result here.[3]

### b. The Arbitration Agreement's Choice of Law Provision Controls.

Without citing to any authority, Plaintiffs summarily argue that the Ts&Cs' choice-of-law provision would operate a "substantial injustice" on Plaintiffs because the provision is adhesive. Opp'n at p. 7. Plaintiffs are wrong. As explained above, the Delegation Clause clearly and unmistakably delegates challenges to the validity of the Ts&Cs to the arbitrator, and the Court "must enforce it under §§ 3 and 4 [of the FAA]." *Rent-A-Center*, 561 U.S. at 72. Any challenges to the validity of Manheim's Ts&Cs, including challenges to the Arbitration Agreement's "adhesive" nature, are therefore reserved for the arbitrator. *Saperstein v. Thomas P. Gohagan & Co.*, 476 F. Supp. 3d 965, 977 (N.D. Cal. 2020). In any event, the choice-of-law

---

[3] As Plaintiffs have not met the procedural unconscionability test, the Court need not address substantive unconscionability. Nonetheless, for the sake of completeness, Defendants will address the issue. To establish substantive unconscionability, Plaintiffs must prove that the terms of the Agreement are "so one-sided as to *shock the conscience*." *Mohamed*, 848 F.3d at 1210. Here, Plaintiffs claim, "It shocks the conscious [sic] that Manheim would be arrogant enough to suggest that their Dealer customers would not have mutual rights along with Manheim. Manheim is allowed to decide which matters to arbitrate and which matters to litigate . . . Thereby, making it more costly and more difficult to seek redress for their fraudulent activities." *See* Opp'n at p. 7. First, Plaintiffs could have chosen to opt-out of the arbitration requirement, and thus, also exercised their "mutual rights" to decide "which matters to arbitrate and which matters to litigate." *Mohamed*, 848 F.3d at 1211, *supra*. Second, Plaintiffs do not allege, and no evidence in the record suggests, that the cost of arbitration filing fees would be unaffordable, such that it would thwart their ability to redress their grievances. In fact, the terms provide that "each party will bear its own costs." *See* Defs.' Mot., Ex. 1(C). Because each party will bear its own costs in arbitration, and Plaintiffs have not demonstrated their rights would be frustrated, the Arbitration Agreement is not substantively unconscionable. *See American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228 (2013); *Jackson v. Rent-A-Center West, Inc.*, 581 F.3d 912, 919 (9th Cir. 2009) (holding that arbitration fee-sharing provision was not unconscionable where there was no evidence that plaintiff would actually incur prohibitive costs).

provision is not adhesive for the same reasons that the Arbitration Agreement is not.

While Plaintiffs appear to argue that the designation of Atlanta, Georgia as the situs for arbitration is unconscionable, such argument is without merit. Manheim's parent company is based in Atlanta, *see* Compl. ¶¶ 6-8, which the Ninth Circuit has recognized as a sufficient nexus to an arbitration agreement. *Tompkins v. 23andMe, Inc.*, 834 F.3d 1019, 1032 (9th Cir. 2016). Moreover, Plaintiffs had adequate notice of the agreement to arbitrate in Atlanta each time they accepted the Ts&Cs from 2018-2020, and have not otherwise demonstrated that traveling to Atlanta will be "so gravely difficult and inconvenient that [the plaintiffs] will for all practical purposes be deprived of [their] day in court." *Id.* (citation omitted).

Nor can Plaintiffs avoid arbitration by claiming that they do not have "any recollection of the mandatory arbitration and choice of law provisions" on the Manheim.com site. Opp'n at p. 8. Courts hold that a failure to recall accepting an agreement's terms is not a basis to invalidate the agreement. *See Wolf v. Tsg Wealth Mgmt.*, No. SACV 21-00100-CJC (JDEx), 2021 U.S. Dist. LEXIS 163084, at *7 (C.D. Cal. Apr. 8, 2021) ("[D]espite [plaintiff's] claims that she 'does not remember ever seeing an arbitration agreement, or even the word arbitration,' . . . [plaintiff] e-signed the Oasis Agreement containing the arbitration provision[.]").

### B. Arbitration Would Not Deprive Plaintiffs of Any Statutory Rights.

#### 1. Plaintiffs Have Not Satisfied Their Burden of Establishing That the Claims May Not Be Arbitrated.

Plaintiffs do not come close to establishing that the statutory claims are inarbitrable. Generally, "statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S. Ct. 1647, 1652 (1991). To establish that statutory claims are inarbitrable, Plaintiffs must show that Congress intended that the statutory rights allegedly violated may be remedied by the courts only. *Id.* ("[H]aving made the bargain to arbitrate, the party should be held to it unless Congress itself evinced

an intention to preclude a waiver of judicial remedies for the statutory rights at issue"). Plaintiffs bear a heavy burden, as "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Id.* (citation omitted). Plaintiffs have failed to carry that burden here.

Case law in the Ninth Circuit is legion that claims under the CLRA, UCL, and the Magnuson-Moss Warranty Act—the very claims asserted by Plaintiffs here—are in fact arbitrable. *See Willis v. Fitbit, Inc.*, No. 19-cv-01377-DMS (WVG), 2020 U.S. Dist. LEXIS 13338, at *6 (S.D. Cal. Jan. 24, 2020) (compelling arbitration of claims under CLRA, UCL, and Magnuson-Moss Warranty Act, among others); *Ross v. Shutterfly Lifetouch, LLC*, No. 20-cv-06040-BLF, 2021 U.S. Dist. LEXIS 197502, at *4 (N.D. Cal. Oct. 13, 2021) (compelling arbitration of claims under UCL, CLRA, and for fraud); *Digiacomo v. Ex'pression Ctr. for New Media, Inc.*, No. C 08-01768 MHP, 2008 U.S. Dist. LEXIS 70099, at *25 (N.D. Cal. Sep. 15, 2008) ("[T]he California Supreme Court held claims alleging violations of the California Unfair Competition Law under California Business of Professions Code section 17200 subject to arbitration").[4] Courts in these cases hold that there is no basis to declare statutory claims inarbitrable where "arbitration gives claimants the full opportunity to pursue such claims." *See Digiacomo*, 2008 U.S. Dist. LEXIS 70099, at *25.

### 2. The Arbitrator May Award All of the Relief Plaintiffs Seek in Their Complaint.

Plaintiffs' contention that they would "not be able to vindicate his [sic] statutory rights for various causes of action if they are ordered to Arbitration" is likewise meritless. Opp'n at p. 8. Plaintiffs' argument is belied by the express terms of the Arbitration Agreement, which dictate the relief the arbitrator may award. *See*

---

[4] Plaintiffs concede that their action for "Wire Fraud" is "technically" a criminal action, but contend that such "criminal allegations becomes [sic] the basis for a RICO allegation under 18 U.S.C. § 1962(c)." *See* Opp'n at p. 10. In any event, the Supreme Court has expressly held that RICO claims are arbitrable. *Shearson/American Express v. McMahon*, 482 U.S. 220, 242, 107 S. Ct. 2332, 2345 (1987).

*Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 732 (9th Cir. 2006). The Arbitration Agreement states that: "**The arbitrator may award any relief that a court of law could**, applying the limitations of liability contained in these terms and conditions. **The arbitrator may award injunctive relief** if permitted by law – but the injunctive relief awarded by the arbitrator may not extend beyond our dealings with each other." Arb. Agreement, ¶ 26(d) (emphasis added). Moreover, the Judicial Arbitration and Mediation Service Streamlined Arbitration Rules ("JAMS Streamlined Rules"), which would govern the parties' arbitration, provide that "[t]he Arbitrator may grant **any remedy or relief** … including, but not limited to …**any other equitable or legal remedy**." JAMS Streamlined Rules, R.19(b) (emphasis added). Plaintiffs' argument that mandating arbitration would deprive them of their statutory rights is simply unfounded.

For example, Plaintiffs appear to argue that arbitration is improper because the statutes at issue permit a party to seek equitable remedies. *See* Opp'n at p. 10 Plaintiffs' argument misses the mark, as it is premised on a misunderstanding of the scope of remedies that the Arbitrator may award. *See* Arb. Agreement, ¶ 26(d) ("The arbitrator may award injunctive relief"); JAMS Streamlined Rules, R.19 (authorizing arbitrators to award "any other equitable or legal remedy"). Indeed, courts have rejected this very argument. *See Kim v. Cashcall, Inc.*, No. SA CV 17-0076-DOC (DFMx), 2017 U.S. Dist. LEXIS 222620, at *13 (C.D. Cal. June 8, 2017). In *Kim*, for instance, plaintiffs asserted claims under the UCL, and argued that an arbitration agreement incorporating the JAMS employment rules was unconscionable, because they would be prejudiced by the arbitrator's inability to award equitable or injunctive relief. *Id*. The court rejected the argument, because both the arbitration agreement and JAMS rules afforded the arbitrator with authority to award equitable relief. *See id*. at *13-14 ("JAMS Rule 24(c) states that '[t]he Arbitrator may grant any remedy or relief that is just and equitable and within the scope of the Parties' agreement, including, but not limited to … any other equitable or legal remedy … Thus, an

- 9 -

arbitrator is able to grant equitable or injunctive relief"); *see also Digiacomo*, 2008 U.S. Dist. LEXIS 70099, at *25 (finding arbitrators have the power to grant all legal and equitable remedies, including declaratory and injunctive relief). The Court should reach the same conclusion here.[5]

Moreover, Plaintiffs wrongly state that "[e]nforcing the arbitration clause here would deny Plaintiffs' statutory rights to seek damages under the statutory causes of action alleged in the complaint." Opp'n at p. 9. Plaintiffs cannot show what "damages" would be denied if they were required to abide by their agreement to arbitrate because the Arbitrator may award "any relief that a court of law could[,]" Arb. Agreement, ¶ 26(d), and there is simply no basis to conclude that such relief would exclude the damages that Plaintiffs seek under the statutory claims here. At bottom, Plaintiffs have failed to satisfy their burden of overcoming the "healthy regard for the federal policy favoring arbitration" sufficient to establish that their statutory claims are exempt from their agreement to arbitrate "any dispute or claim that [they] may have with Manheim" that arises out of "any purchase, sale, or other auction or credit transaction with Manheim." *Gilmer*, 500 U.S. at 26; Arb. Agreement, at ¶ 26(a). The Court should therefore grant Defendants' Motion.

## III. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss to Compel Arbitration or transfer the action to the Northern District of Georgia.

---

[5] To the extent that Plaintiffs argue they are requesting public injunctive relief that may not be subject to arbitration, such an argument is fails, as such an exception does not apply to *private* injunctive relief, such as the case here. *See McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 955, 216 Cal. Rptr. 3d 627, 633, 393 P.3d 85, 89 (2017). Moreover, the "Broughton-Cruz rule" on which Plaintiffs rely was overruled by the Ninth Circuit in *Ferguson v. Corinthian Colls* on the grounds that it is preempted by the FAA. 733 F.3d 928, 937 (9th Cir. 2013) (ordering district court to compel arbitration of UCL and CLRA claims). *Id*. at 938.

Dated: November 29, 2021.　　　　　Squire Patton Boggs (US) LLP

By: */s/ Petrina A. McDaniel*
　　Petrina A. McDaniel
　　Eric J. Knapp
　　Hannah Makinde

*Attorneys for Defendants
Manheim Riverside, Manheim Nevada,
NextGear Capital, Danny Brawn, Steve
Harmon, and Cesar Espinosa*