**Rebecca A. Caley, Bar No. 131997**
**Christopher M. Domin, Bar No. 273951**
**CALEY & ASSOCIATES**
A Professional Corporation
**265 S. Randolph Avenue, Suite 270**
**Brea, California 92821-5777**
**714/529-1400 Office**
**714/529-1515 Facsimile**
**2030-276**

Attorneys for Defendant,
BMW Financial Services NA, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPITO LLC, A MONTANA LLC DBA SAN DIEGO MOTORWERKS, CHIDIEBERE AMADI, an individual, RICHARD JOHN HAGEN, an individual and CARRIE SORRENTO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JERRY SIDERMAN, an individual, BMW OF NORTH AMERICA, LLC, CENTER AUTOMOTIVE, INC DBA CENTER BMW and DOES 1 through 200,<br><br>Defendants. | Case No. 21-cv-1205-H-JLB<br>Hon. Marilyn Huff<br><br>NOTICE OF MOTION AND MOTION OF BMW FINANCIAL SERVICES NA, LLC TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:      April 18, 2022<br>Time:     10:30 a.m.<br>Dept:      TBD<br><br>Trial Date: Not Set<br>Date Action Filed: July 1, 2021 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 18, 2022 at 10:30 a.m. or as soon thereafter as this matter may be heard before the Honorable Marilyn Huff, United States District Judge, in the above-entitled Court, located at 333 W. Broadway, San Diego, California 92101, Defendant, BMW FINANCIAL SERVICES NA,

LLC, a Delaware limited liability company ("BMW FS") will and hereby does move the Court for an order dismissing with prejudice the First Amended Complaint filed against it in this action. BMW FS brings this motion pursuant to Rules 8(a), 8(d)(1), 9(a), 9(b), and 12(b)(6) of the Federal Rule of Civil Procedure because Plaintiffs fail to allege facts sufficient to state a cause of action.

  This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and upon such oral argument and other submissions that may be presented at or before the hearing on this Motion.

Dated: February 11, 2022    CALEY & ASSOCIATES
               A Professional Corporation

                 **/s/ Rebecca A. Caley**
              By: _____
                Rebecca A. Caley
                Christopher M. Domin
                Attorneys for Defendant,
                BMW Financial Services NA, LLC

I. **INTRODUCTION**.

Plaintiffs San Diego Motorwerks ("SD Motorwerks"), Chidiebere Amadi ("Amadi"), Richard John Hagen ("Hagen"), and Carrie Sorrento's ("Sorrento") (collectively "Plaintiffs") First Amended Complaint ("FAC") narrows their claims to the following five causes of action: Violations of the Consumer Legal Remedies Act ("CLRA"), Breach of Implied Warranty pursuant to Song Beverly Consumer Warranty Act ("Song-Beverly Act"), Breach of Implied Warranty pursuant to Magnusson-Moss Consumer Warranty Act ("MMWA"), Violation of Business & Professions Code Section 17200 ("UCL") and Deceit and/or Negligent Misrepresentation.  Despite being provided with a second bite at the apple, each of Plaintiffs' claims against defendant BMW Financial Services NA, LLC ("BMW FS") relating to its auction sale of the subject 2016 BMW M6 ("BMW" or "vehicle") to defendant SD Motorwerks fail to allege facts sufficient to state a cause of action.  Furthermore, the FAC lacks allegations supporting any claims asserted by Hagen and Sorrento against BMW FS and, thus, all claims asserted by Hagen and Sorrento must be dismissed.

**CLRA**: In its December 13, 2021 Order on the motions to dismiss filed by BMW FS and additional defendants, the Court ruled that Plaintiffs' CLRA claim failed because SD Motorwerks was not a consumer under the CLRA and instead was a business that purchases cars for resale and **not** for personal, family, or household purposes. [Order, p. 28, lines 19-21.] The allegations of Plaintiffs' FAC also support the conclusion that SD Motorwerks is not a consumer as defined by the CLRA. Once again, SD Motorwerks alleges that it, not Amadi, purchased the BMW at auction. [FAC, ¶¶17, 24, 28, 43, 49, 59, Ex. A and Ex. D.] Plaintiffs' factual allegations also reflect that Amadi "was not a party to the auction purchase contract" and that SD Motorwerks had purchased the BMW to sell to Amadi. [FAC, ¶¶17, 59, 60, 61.] By its own allegations, SD Motorwerks is a **business** that commercially purchased the BMW for a separate resale to

Amadi and thus its CLRA claim fails as a matter of law. Even more, SD Motorwerks alleges that in the days following its January 28, 2020 purchase of the BMW, SD Motorwerks allegedly discovered damage to the Vehicle, but thereafter sold it to Amadi anyway on February 4, 2020.  The FAC then alleges several months of service and repair attempts made by Amadi to the BMW.  Did SD Motorwerks disclose to Amadi the allegedly discovered post-purchase damage to the BMW?  If not, then Amadi's claims should be directed to SD Motorwerks for intentional misrepresentation.  If SD Motorwerks did disclose any alleged damage, then Amadi purchased the BMW "as-is."  Either way, neither SD Motorwerks nor Amadi has recourse against BMW FS.

**Song Beverly Act and MMWA:** Plaintiffs again allege that SD Motorwerks purchased the BMW with the intention of selling it to Amadi. [FAC, ¶¶17, 24, 28, 43, 49, 59, 60, 61,  Ex. A and Ex. D.] As noted by the Court in its December 13, 2021 Order, SD Motorwerks expressly alleged in the initial Complaint that it purchased the BMW for a commercial purpose rather than for personal, family or household purposes. [Order, p. 27, lines 3-8.] Therefore, the Court ruled the BMW did not fall within the definition of a "consumer good" and SD Motorwerks was prohibited from bringing implied warranty claims under Song Beverly Act and the MMWA.  The FAC doubles down on these allegations once again the claims must be dismissed.  As to Amadi, the FAC's allegations that the BMW was purchased for resale again takes the vehicle outside the definition of "consumer good" under the CLRA and MMWA.  Furthermore, to seek protection under these acts, the "consumer good" must be a new product. Cal. Civ. Code § 1791(a).  By the FAC's owner allegations, the BMW was not new but returned by defendant Jerry Siderman upon the expiration of his lease term. [FAC, ¶23.] Once again, Plaintiffs' Song Beverly Act and MMWA claims fail as a matter of law.

///

**UCL and Negligent Misrepresentation Claim:** Plaintiffs' UCL claim is again based in fraud and must comply with the particularity requirements of Fed. R. Civ. P. 9(b). This particularity requirement necessitates pleading facts which show how, when, where, to whom, and by what means the representations were made. As the claims relate to Amadi, there are no allegations that BMW FS or any other defendant made any representation to Amadi and his claims based in fraud once again fail. As to SD Motorwerks, its UCL and Negligent Misrepresentation Claims merely allege conclusory allegations against BMW FS which fail to meet the specificity requirement of Fed R. Civ. P 9(b). The FAC lacks any allegation that SD Motorwerks spoke with a representative of BMW FS, that BMW FS made a representation to SD Motorwerks, or that SD Motorwerks relied on a direct representation made by BMW FS. Instead, the lone specific allegation as to BMW FS is that "BMW/FSVT inspected the vehicle at lease end and failed to discover and failed to report known damage". How could BMW FS fraudulently represent a condition it did not discover? Finally, damages are an element of negligent misrepresentation. While Plaintiffs have generally alleged they have been damaged, SD Motorwerks has now specifically alleged Amadi purchased the BMW from SD Motorworks on February 4, 2020. [FAC, ¶28.] If SD Motorwerks was paid by Amadi to purchase the BMW, then what damages has SD Motorwerks sustained? If SD Motorwerks failed to disclose any discovered damage to Amadi, then Amadi has recourse against SD Motorwerks. However, if Amadi purchased the BMW with knowledge of said alleged damage, then it has no recourse against any party.

Following Plaintiffs filing of their FAC, it is now evident that allowing further amendment would be futile as the deficiencies have not been and cannot possibly be cured. Therefore, BMW FS respectively requests that the Court grant its Motion without leave to amend.

///

## II. FACTUAL ALLEGATIONS AGAINST BMW FS.

Plaintiffs allege that on January 28, 2020, SD Motorwerks purchased the subject BMW from BMW FS through the Manheim auctions. [FAC, ¶23, Ex. A, Ex. D.] On January 30, 2020, SD Motorwerks conducted a visual inspection of the BMW that revealed malfunctions triggering various diagnostic codes as well as irregularities and blemishes in the BMW's paint. [FAC, ¶26.] Six days later, SD Motorwerks sold the BMW to Amadi for an undisclosed amount [FAC, ¶28.] Did SD Motorwerks disclose any of the foregoing alleged malfunctions, diagnostic codes, and irregularities and blemishes in the paint to Amadi? [FAC, ¶17.]

The FAC then alleges that Amadi subsequently experienced numerous issues with the BMW he purchased from SD Motorworks. Following further alleged investigation, Plaintiffs contend that the BMW was sold by Manheim with undisclosed damage allegedly incurred by the BMW's previous lessee, defendant Jerry Siderman ("Siderman") during his lease term. [FAC, ¶¶30-44.] Plaintiffs also allege that Siderman, Center BMW (where the vehicle was leased and returned upon expiration of the lease term), Manheim auction, and BMW FS either knew or should have known about the undisclosed damage prior to its sale at vehicle. However, the FAC is absent any specific allegations that BMW FS knew or intentionally concealed these alleged defects prior to the auction sale. But said disclosures become moot by SD Motorwerks' subsequent discovery of alleged damage to the BMW, and then subsequent sale of the BMW to Amadi. It should be noted that the FAC conspicuously fails to specify whether the discovery of alleged damage was ever disclosed by SD Motorwerks to Amadi prior to his purchase

## III. STANDARD OF MOTION TO DISMISS.

In deciding whether to grant a motion to dismiss, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions

of fact or unreasonable inferences". *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001). Further, factual allegations must be "more than mere labels and conclusions, and a formulaic recitation of the elements of the cause of action." *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

Although Rule 8 only requires, "a short and plain statement of the claim showing that the pleader is entitled to relief", the factual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly*, 127 S. Ct. at 1964-1965. When the allegations in the complaint, however true, cannot raise a claim for relief, the deficiency in the case should be exposed at the earliest opportunity when expenditures of time and money by the parties and the Court are minimal. *Id*. at 1966.

For Plaintiffs' CLRA, UCL and Negligent Misrepresentation causes of action they must meet heightened "particularity" requirements pursuant to Rule 9(b). Specifically, Plaintiffs were required to plead factual allegations reflecting "how, when, where, to whom and by what means the [fraudulent] representations were tendered. *Swartz v. KPMG LLP* 476 F.3d 756, 764 (9th Cir. 2007). Furthermore, "rule 9(b) does not allow a complaint to merely lump multiple defendants together 'but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his [or her] alleged participation in the fraud." *Swartz,* 476 F.3d at 764-65.

IV. **PLAINTIFFS' CLRA CLAIM FAILS AS A MATTER OF LAW BECAUSE THE BMW WAS NOT PURCHASED FOR PERSONAL, FAMILY, OR HOUSEHOLD USE.**

The CLRA defines "consumer" as "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Civil Code § 1761(a). The FAC identifies SD Motorwerks as a

business that purchases vehicles for resale to individuals such as Amadi. [FAC, ¶1, 17, 59.] These same defective allegations were present in Plaintiffs' initial complaint and remain uncorrected despite the Court affording Plaintiffs the opportunity to address the issue. As to Amadi, Plaintiffs have now alleged that he purchased the BMW from SD Motorwerks, not BMW FS. [FAC, ¶28.] As a result, he is not a consumer under the CLRA as to BMW FS, but he may have a claim as a consumer against SD Motorwerks. A consumer under the CLRA must be the individual that made the purchase of the good or service. *Schauer v. Mandarin Gems of Cal., Inc.* 125 Cal. App. 4th 949, 961 (Cal. Ct. App. 2005) (noting "[a] third party beneficiary of a contract for such goods and services is not a "consumer" within the meaning of the Consumer Legal Remedies Act."). As a result, Plaintiffs' CLRA claim again fails as a matter of law.

V. **PLAINTIFFS' CLAIMS FOR BREACH OF IMPLIED WARRANTY PURSUANT TO SONG-BEVERLY AND MMWA FAIL AS A MATTER OF LAW.**

Song-Beverly defines "consumer good" as "any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes. Cal Civ. Code §§ 1791(a), 1791.1. Magnuson-Moss defines "consumer" as a buyer (other than for purposes of resale) of any consumer product . . ." 15 U.S. Code § 2301(3). As previously discussed, SD Motorwerks did not purchase the BMW for personal, family, or household purposes but instead with the "intention" of selling it to Amadi. [FAC, ¶17, 28.] Plaintiffs also allege for the first time with specificity that Amadi purchased the BMW from SD Motorwerks on February 4, 2020. [FAC ¶28.] However, the BMW was not a "new" product as required by Cal Civ. Code § 1791(a). In their FAC, Plaintiffs allege that after defendant Siderman's lease term concluded, SD Motorwerks purchased the BMW on January 28, 2020 and then sold it to Amadi six days later (despite purportedly discovering condition and damage issues in

the BMW). As the Court wrote in its Order on defendants' initial motions to dismiss, "Plaintiffs' factual allegations preclude Amadi from claiming that Subject Vehicle #1 [BMW] fits the "consumer goods" definition that is required to bring a claim for an implied warranty under the Song-Beverly Act and the MMWA." Plaintiffs' FAC does not fix this fatal flaw, but rather reaffirms it.

## VI. PLAINTIFFS' CLAIMS SOUNDING IN FRAUD ARE NOT PLED WITH THE REQUISITE SPECIFICITY AND FAIL AS A MATTER OF LAW.

Finally, as to SD Motorwerks and Amadi's UCL claim, allegedly based in fraud, and its Negligent Misrepresentation cause of action, SD Motorwerks and Amadi fail to plead these claims with particularity as required by Rule 9(b). *Vess v. Ciba-Geigy Corp. USA* ( 9th Cir. 2003) 317 F.3d 1097, 1104-05. For actions sounding in fraud, plaintiffs must state facts which "show how, when, where, to whom, and by what means the representations were tendered." *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645. Specifically as to Business & Professions Code claims, plaintiffs must allege a statutory section that has been violated and describe with particularity any supporting violation. (*See* 5 Witkin, Cal. Procedure (5th ed. 2008), § 779, p. 196 (*citing Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619.) Here, both Amadi and SD Motorwerks fail to allege any of these facts with the required specificity. Amadi does not allege when or if he ever had any communications with BMW FS. This is unsurprising as the FAC alleges Amadi purchased the BMW from *SD Motorwerks*, not *BMW FS*. Amadi's possession of the BMW took place *after* SD Motorwerks alleges it purchased the BMW through the Manheim auction, and *after* it made its own alleged damage discoveries. Therefore, based on the FAC's own allegations, BMW FS did not make any misrepresentations or material omissions to Amadi (it appears the same cannot be said about SD Motorwerks' activities with respect to Amadi).

Furthermore, SD Motorwerks makes one conclusory allegation against BMW FS under its UCL and Negligent Misrepresentation as follows: "BMW/FSVT inspected the vehicle at lease end and failed to discover and failed to report known damage". There are no factual allegations in the FAC stating that BMW FS intentionally or knowingly concealed or hid known damages. But again, SD Motorwerks admits that it knew of the alleged condition issues with the BMW before it sold it to Amadi. Furthermore, The elements of a negligent misrepresentation claim are "(1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Ragland v. U.S. Bank Nat'l Ass'n* (2012) 209 Cal. App. 4th 182, 196. A misrepresentation claim must comply with the particularity requirements of Fed.R.Civ.P. 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Damages are an element of misrepresentation claims. Here, SD Motorwerks now alleges for the first time that it sold the BMW to Amadi on February 4, 2020 – in fact, the FAC alleges SD Motorwerks bought the BMW "with the intention of selling it to [Amadi]." [FAC, ¶28.] Thus, SD Motorwerks alleges it knew the purchase price and knew its resale plans at the time SD Motorwerks bought the BMW. As a result, what damages have SD Motorwerks sustained? Whatever resale price SD Motorwerks set with Amadi, SD Motorwerks set with knowledge of the auction purchase price – no loss, if any, can be attributed to BMW FS. But, most importantly, especially under this claim, did SD Motorwerks make any vehicle disclosures to Amadi before he purchased it? If Amadi seeks any recourse in that regard, the liability of course lies with SD Motorwerks.

///

///

///

## VII. PLAINTIFFS HAGEN AND SORRENTO DO NOT PLEAD FACTS SUFFICIENT TO SUPPORT ANY CAUSES OF ACTION AGAINST BMW FS.

The FAC identifies plaintiff Richard Hagen as an employee of SD Motorwerks and the spouse of plaintiff Carrie Sorrento [FAC, ¶44.] Sorrento is identified as the co-trustee of the San Diego Business Trust which operates as SD Motorwerks, a limited liability company. [FAC, ¶1.] The FAC contains a single allegation under the CLRA claim reflecting that SD Motorwerks, Hagen, and Sorrento "purchased the Subject Vehicles at auction. . ." [FAC, ¶60.] While this allegation is likely leftover from the initial Complaint, it is also contradicted numerous times both in the FAC's factual allegations where it is expressly stated the BMW was purchased by only SD Motorwerks and in Plaintiffs' own exhibits identifying only SD Motorwerks as the BMW's purchaser. [FAC ¶17, 59, 78, 84, Ex. A, Ex. D.] As a result, the FAC's allegations are insufficient to support any cause of action by Hagen and Sorrento against BMW FS. Furthermore, the FAC does not allege any connection between BMW FS and Hagen or Sorrento in their personal capacities and thus, both lack standing to pursue claims against BMW FS.

## VIII. CONCLUSION.

For all of the foregoing reasons, BMW FS respectfully requests that the Court grant its Motion and dismiss Plaintiffs' First Amended Complaint against BMW FS with prejudice.

Dated:   February 11, 2022          CALEY & ASSOCIATES
                                    A Professional Corporation

                                    By:   **/s/ Rebecca A. Caley**
                                    _____
                                    Rebecca A. Caley
                                    Christopher M. Domin
                                    Attorneys for Defendant,
                                    BMW Financial Services NA, LLC