**Rebecca A. Caley, Bar No. 131997**
**Christopher M. Domin, Bar No. 273951**
**CALEY & ASSOCIATES**
A Professional Corporation
**265 S. Randolph Avenue, Suite 270**
**Brea, California 92821-5777**
**714/529-1400 Office**
**714/529-1515 Facsimile**
**2030-276**

Attorneys for Defendant,
BMW Financial Services NA, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPITO LLC, A MONTANA LLC DBA SAN DIEGO MOTORWERKS, CHIDIEBERE AMADI, an individual, RICHARD JOHN HAGEN, an individual and CARRIE SORRENTO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JERRY SIDERMAN, an individual, BMW OF NORTH AMERICA, LLC, CENTER AUTOMOTIVE, INC DBA CENTER BMW and DOES 1 through 200,<br><br>Defendants. | Case No. 21-cv-1205-H-JLB<br>Hon. Marilyn Huff<br><br>BMW FINANCIAL SERVICES NA, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>Date:  April 18, 2022<br>Time: 10:30 a.m.<br>Dept: TBD<br><br><br>Trial Date: Not Set<br>Date Action Filed: July 1, 2021 |

I.     **INTRODUCTION**.

Plaintiffs' Opposition to BMW Financial Services NA LLC's ("BMW FS") Motion to Dismiss the First Amended Complaint ("FAC") concedes facts that are fatal to their claims for Violations of the Consumer Legal Remedies Act ("CLRA"), Breach of Implied Warranty pursuant to Song Beverly Consumer Warranty Act ("Song-Beverly Act"), Breach of Implied Warranty pursuant to

Magnusson-Moss Consumer Warranty Act ("MMWA"), Violation of Business & Professions Code Section 17200 ("UCL"), and Deceit and/or Negligent Misrepresentation. For example, Plaintiffs concede or reaffirm the following facts:

- **Dipito LLC, a Montana LLC dba San Diego Motorwerks ("SD Motorwerks") is a California automobile dealer.** [Opposition, p. 5, line 11];
- **Dipito purchased the subject 2016 BMW M6 ("BMW" or "Vehicle") for Chidiebere Amadi ("Chidi").**[1] [Opposition, p. 1, lines 3-4.];
- **Dipito purchased the BMW with the intention of selling it to Chidi.** [Opposition p. 1, lines 21-22.]
- **Dipito sold the BMW to Chidi.** [Opposition, p. 5, lines 11-12.];
- **Chidi purchased the BMW from SD Motorwerks.** [Opposition, p. 5, lines 11-12.];
- **Chidi is not named in the auction contract.** [Opposition, p. 1, line 22.];

Plaintiffs have admitted that SD Motorwerks purchased the Vehicle for resale rather than personal, family, or household purposes. As a result, their claims for violations of the Song-Beverly, MMWA, and CLRA fail as a matter of law.

In addition to conceding facts fatal to their claims, Plaintiffs' Opposition fails to address numerous arguments set forth in BMW FS' moving papers. Specifically, Plaintiffs do not contest that the FAC is entirely devoid of any allegations that BMW FS ever made any representations to Chidi or that Chidi and BMW communicated prior to SD Motorwerks' purchase of the Vehicle at auction. Therefore, Plaintiffs have conceded that Chidi's UCL and Negligent

---

[1] BMW FS' moving papers identify defendant Chidiebere Amadi as "Amadi". In order to be consistent with Plaintiffs' identification of Mr. Amadi as "Chidi" in its Opposition, BMW FS' hereafter also refers to Mr. Amadi as "Chidi".

Misrepresentation claims are insufficiently pled. Chidi's lone argument addressing this issue is a repetition that his claimed status as a third-party beneficiary allows him to bring such claims. However, once again, Plaintiffs fail to provide any legal authority supporting this argument.

At the conclusion of their Opposition, Plaintiffs claim that any alleged deficiencies can be cured by further amending the FAC. Plaintiffs should not be allowed a third opportunity to amend when they fail to identify how, or even what deficiencies could be cured.

## II. PLAINTIFFS' ADMISSION THAT THE VEHICLE WAS PURCHASED FOR RESALE PURPOSES IS FATAL TO THEIR CLRA, SONG-BEVERLY, AND MMWA CLAIMS.

As noted in BMW FS' moving papers, the CLRA defines "consumer" as "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Cal Civ. Code § 1761(a). Song-Beverly defines "consumer good" as "any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes and Magnuson-Moss defines "consumer" as a buyer (other than for purposes of resale) of any consumer product . . .". Cal Civ. Code §§ 1791(a), 1791.1; 15 U.S. Code § 2301(3). Plaintiffs' FAC and Opposition concede that SD Motorwerks is a business and California automobile dealer, and that it purchased the BMW for resale to Chidi. [FAC, ¶1, Opposition p. 5, line 11.] As a result, SD Motorwerks is not entitled to relief under these statutes. Plaintiffs' Opposition does not address this deficiency. Instead, they focus *only* on the warranty provisions of Song-Beverly at Cal Civ. Code § 1795.5, arguing that their warranty claims are valid despite the fact the BMW is a used vehicle. However, this statute applies to "consumer goods" which is again defined as a product "*. . . that is used, bought, leased for use primarily for personal, family, or household purposes.*" Cal Civ. Code §§ 1791(a) [Emphasis added.]. The FAC

alleges and concedes SD Motorwerks purchased the BMW for <u>resale</u>, not personal family, or household purposes.

Although Plaintiffs conclude that Chidi is also entitled to protections of the CLRA, MMWA, and CLRA, they offer no counter authorities in opposition to BMW FS' cited cases holding that a consumer under the CLRA must be the individual that made the purchase of the good or service. *Schauer v. Mandarin Gems of Cal., Inc.* 125 Cal. App. 4th 949, 961 (Cal. Ct. App. 2005) [noting "[a] third party beneficiary of a contract for such goods and services is not a "consumer" within the meaning of the Consumer Legal Remedies Act."]. Simply put, there is no privity of contract between BMW FS and Chidi entitling him to such protection. Plaintiffs' argument that Chidi can bring these claims due to his alleged status a third-party beneficiary remains unsupported by the FAC's allegations.

### III.  **AMADI STILL FAILS TO PLEAD SUFFICIENT FACTS AS TO HIS ALLEGED STATUS AS A "THIRD-PARTY BENEFICIARY".**

Generally, people have no standing to enforce contracts to which they are not parties. (*Jones v. Aetna Casualty & Surety Co.* (1994) 26 Cal.App.4th 1717, 1722)  Third-party beneficiaries of contracts, however, are an exception. <u>California Code of Civ. Proc.</u> § 1559 reflects that "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."  Because a third-party beneficiary status is a matter of contract interpretation, a person seeking to enforce a contract as a third-party beneficiary "must plead a contract which was made expressly for his [or her] benefit and one in which it clearly appears that he [or she] was a beneficiary.' " (*California Emergency Physicians Medical Group v. PacifiCare of California* (2003) 111 Cal.App.4th 1127, 1138) . As used in the statute and case law, "expressly" means "in an express manner; in direct or unmistakable terms; explicitly; definitely; directly. '[A]n intent to make the obligation inure to the

benefit of the third-party must have been clearly manifested by the contracting parties.' " (*Sofias v. Bank of America (*1985) 172 Cal. App. 3d 583, 587.)

Plaintiffs' FAC is absent any allegations setting forth a clear manifestation between BMW FS and SD Motorwerks regarding Amadi's claimed third-party beneficiary status. There are also no allegations that BMW FS knew SD Motorwerks purchased the BMW for Chidi. Nor do any of the exhibits attached to Plaintiffs' FAC identify Chidi as a buyer. Instead the exhibits identify only SD Motorwerks as the BMW's purchaser. [FAC ¶17, 59, 78, 84, Ex. A, Ex. D.] Finally, Plaintiffs' Opposition even concedes that "**CHIDI** is not named in the auction contract," thereby making it is impossible for the FAC to be amended to cure this deficiency. [Opposition, p. 1, line 22.] It is now clear that any further attempt to amend this claim would be futile.

### IV. PLAINTIFFS' CLAIMS SOUNDING IN FRAUD FAIL AS A MATTER OF LAW DUE TO A LACK OF SPECIFICITY AND FAILURE TO ADEQUATELY PLEAD DAMAGES.

Plaintiffs argue that their UCL and Negligent Misrepresentation claims are adequately pled because of the information included in exhibits attached the FAC. However, the cited and attached exhibits were exchanged between Manheim and SD Motorwerks. As to BMW FS, SD Motorwerks' UCL and Negligent Misrepresentation claims only allege that "BMW/FSVT" inspected the vehicle at lease-end and failed to discover and or report known damage". [FAC, ¶100(d).] There are no allegations of communications between SD Motorwerks and BMW FS regarding the auction condition reports. Plaintiffs do not refer to Chidi at all under these claims, and therefore it must be conceded that the FAC is absent any allegations that BMW FS and Chidi communicated prior to his purchase of the BMW from SD Motorwerks. If no representations we made by BMW FS to Chidi, then both his UCL and Negligent Misrepresentation claims fail.

Finally, as to their Negligent Misrepresentation claim, Plaintiffs' Opposition fails to address BMW FS' argument that they have not adequately pled damages. Instead, the FAC alleges that SD Motorwerks sold the BMW to Chidi on February 4, 2020. [FAC, ¶28.] As a result, SD Motorwerks has not been damaged by its purchase of the BMW.

## V. PLAINTIFFS DO NOT ADDRESS BMW FS' ARGUMENT THAT HAGEN AND SORRENTO DO NOT PLEAD FACTS SUFFICIENT TO SUPPORT ANY CAUSE OF ACTION AGAINST BMW FS.

After identifying Sorrento as the co-trustee of the San Diego Business Trust which operates as SD Motorwerks, the FAC's only allegations referencing Sorrento reflect that "SD Motorwerks, Hagen and Sorrento purchased the Subject Vehicles". [FAC, ¶¶60, 61, 85 and 86.] The FAC's exhibits, however, reflect that SD Motorwerks alone purchased the BMW. [FAC ¶17, 59, 78, 84, Ex. A, Ex. D.] Therefore, the FAC is devoid of any facts entitling Sorrento to bring any claim against BMW FS in an individual capacity. Likewise, the FAC identifies Hagen, as Sorrento's spouse and an employee of SD Motorwerks. [FAC, ¶44.] All allegations referencing Hagen involve actions taken as an alleged employee of SD Motorwerks. There are no allegations supporting Hagen's causes of action brought in an individual capacity. As a result, Hagen and Sorrento lack standing to pursue any claims against BMW FS.

## VI. CONCLUSION.

For all of the foregoing reasons, BMW FS respectfully requests that the Court grant its Motion and dismiss Plaintiffs' FAC against BMW FS with prejudice as a further opportunity to amend would be futile.

///

///

///

///

Dated:   April 11, 2022

CALEY & ASSOCIATES
A Professional Corporation

By: **/s/ Rebecca A. Caley**
_____
Rebecca A. Caley
Christopher M. Domin
Attorneys for Defendant,
BMW Financial Services NA, LLC