**Rebecca A. Caley, Bar No. 131997**
**Christopher M. Domin, Bar No. 273951**
**CALEY & ASSOCIATES**
A Professional Corporation
**265 S. Randolph Avenue, Suite 270**
**Brea, California 92821-5777**
**714/529-1400 Office**
**714/529-1515 Facsimile**
**2030-276**

Attorneys for Defendant,
BMW Financial Services NA, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPITO LLC, A MONTANA LLC DBA SAN DIEGO MOTORWERKS, CHIDIEBERE AMADI, an individual, RICHARD JOHN HAGEN, an individual and CARRIE SORRENTO, an individual,<br><br>   Plaintiffs,<br><br>   v.<br><br>JERRY SIDERMAN, an individual, BMW OF NORTH AMERICA, LLC, CENTER AUTOMOTIVE, INC DBA CENTER BMW and DOES 1 through 200,<br><br>   Defendants. | Case No. 21-cv-1205-H-JLB<br>Hon. Marilyn Huff<br><br>NOTICE OF MOTION AND MOTION OF BMW FINANCIAL SERVICES NA, LLC TO DISMISS PLAINTIFF CHIDIEBERE AMADI'S SECOND AMENDED COMPLAINT AND THE FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DATE:   July 18, 2022<br>TIME:   10:30 a.m.<br>DEPT:   TBD<br><br>Trial Date:   Not Set<br>Date Action Filed:   July 1, 2021 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **July 18, 2022,** at 10:30 a.m. or as soon thereafter as this matter may be heard before the Honorable Marilyn Huff, United States District Judge, in the above-entitled Court, located at 333 W. Broadway,

1   San Diego, California 92101, Defendant, BMW FINANCIAL SERVICES NA,
2   LLC, a Delaware limited liability company ("BMW FS") will and hereby moves
3   the Court for an order dismissing Plaintiff Chidiebere Amadi's ("Amadi") Second
4   Amended Complaint and Plaintiff Dipito LLC, a Montana LLC, dba San Diego
5   Motorwerks' ("SD Motoerwerks") First Cause of Action for Breach of Contract
6   as to BMW FS with prejudice in this action.  BMW FS brings this motion pursuant
7   to Rules 8(a), 8(d)(1),  9(a), 9(b), and 12(b)(6) of the Federal Rule of Civil
8   Procedure because Plaintiff  Amadi failed to allege facts sufficient to state any
9   cause of action and Plaintiff SD Motorwerks  brought an additional claim without
10  leave of this Court.

11      This Motion is based on this Notice of Motion and Motion, the
12  accompanying Memorandum of Points and Authorities, all pleadings and
13  documents on file with the Court, and upon such oral argument and other
14  submissions that may be presented at or before the hearing on this Motion.

16  Dated:   May 23, 2022          CALEY & ASSOCIATES
                                    A Professional Corporation

18                                       **/s/ Rebecca A. Caley**
                                  By: _____
19                                    Rebecca A. Caley
                                      Christopher M. Domin
20                                    Attorneys for Defendant,
                                      BMW Financial Services NA, LLC

## I.   INTRODUCTION.

In the Court's April 18, 2022 Order Granting in Part and Denying in Part BMW FS' Motion to Dismiss ("Order") the First Amended Complaint ("FAC"), it allowed plaintiff Chidiebere Amadi ("Amadi") leave to amend his causes of action for breach of implied warranty pursuant to California's Song-Beverly Warranty Act ("Song-Beverly"), and the federal Manguson-Moss Warranty Act ("MMWA"), in addition to his Unfair Competition Law ("UCL") and Deceit and/or Negligent Misrepresentation claims.  Plaintiff Dipito LLC, a Montana LLC, dba San Diego Motorwerks ("SD Motorwerks") was not granted leave to amend or allowed to bring any new causes of action.  Despite these limitations, SD Motorwerks and Amadi improperly allege a new joint cause of action for Breach of Contract in the Second Amended Complaint ("SAC").  Plaintiffs' inclusion of this additional cause of action is outside the scope of the Court authorized leave and should be dismissed.  Furthermore, in addition to improperly alleging a new cause of action, Plaintiffs' have failed to cure the deficiencies present in Amadi's remaining claims sounding in alleged breach of warranty and misrepresentation.

### A.   The Warranty Claims.

In Amadi's Song-Beverly and MMWA claims, he alleges in conclusory fashion that BMW FS provided him with express and implied warranties relating to the 2016 BMW X6 ("BMW" or "vehicle").  However, the SAC also affirmatively admits that he was not a party to the auction purchase contract.  This same allegation was previously plead in Plaintiffs's FAC with the Court noting in its Order on BMW FS' Motion to Dismiss that none of the FAC's allegations or attached exhibits mentioned Amadi as a party to the contract or an intended beneficiary. The Court's Order then invited Amadi to attach a copy of the claimed express warranty, however, <u>the SAC is absent such an exhibit</u>.

///

///

Additionally, the express warranty is not the only important exhibit or allegation missing from the SAC. Amadi does not plead when BMW FS provided the express warranty or what representations BMW FS made to him regarding it. Most importantly, Amadi fails to plead any facts as to what representations SD Motorwerks made to him regarding the vehicle's condition or the terms of any alleged express warranty at the time of his purchase. In fact, the SAC completely ignores the intervening sale transaction of the vehicle from SD Motorwerks to Amadi. Instead, Amadi simply appropriates the claimed condition allegations that BMW FS purportedly made to SD Motorwerks rather than provide what specific condition representations were made to him by SD Motorwerks when he purchased the vehicle.

**B.     The Misrepresentation Claims**.

As to Amadi's remaining causes of action sounding in misrepresentation, he once again fails to comply with the particularity requirements of Fed. R. Civ. P. 9(b). This particularity requirement necessitates pleading facts which show how, when, where, to whom, and by what means BMW FS made representations to be him concerning the vehicle's condition. After three attempts, it is now clear that Amadi simply cannot plead any such factual allegations with the required specificity. Instead, the SAC admits that Amadi's transaction was limited to his purchase of the vehicle from SD Motorwerks, but even those allegations are sparse. Aside from identifying Amadi's purchase date, the SAC fails to plead any factual allegations regarding the transaction, including what condition representations were made to him by SD Motorwerks or how much he paid for the vehicle, that would go to his damages claim.

It is now evident that allowing further amendment by Amadi would be futile as the deficiencies remain uncured. Therefore, BMW FS respectively requests that the Court grant its Motion without further leave to amend and allow this matter to proceed against SD Motorwerks.

## II.  FACTUAL ALLEGATIONS AGAINST BMW FS.

Plaintiffs' SAC alleges that on January 28, 2020, SD Motorwerks purchased the vehicle from BMW FS through the Manheim auctions. [SAC, ¶23, Ex. A, Ex. D.]  On January 30, 2020, SD Motorwerks conducted a visual inspection of the BMW that revealed malfunctions triggering diagnostic codes pertaining to the following:

- Drivetrain malfunction;
- ABS brake system light;
- Chasis stabilization malfunction.

The SAC also alleges that the inspection revealed irregularities and blemishes in the BMW's paint. [SAC, ¶26.]  **Despite SD Motorwerks' discovery of these alleged problems, it proceeded to sell the BMW to Amadi seven days later on February 4, 2020**. [SAC, ¶28.] Once again, Plaintiffs' SAC does not allege if any of the foregoing alleged malfunctions and paint issues were represented to Amadi at the time of sale by SD Motorwerks. [SAC, ¶26, 28.] Instead, the SAC thereafter alleges a litany of repair visits to address condition claims, that began the same day of purchase.  Did SD Motorwerks withhold the foregoing alleged condition issues from Amadi? [SAC, ¶¶30-40.]

After pleading he was not a party to the SD Motorwerks purchase contract, Amadi for the first time makes the conclusory allegation that BMW FS provided him with an express and implied warranty relating to the vehicle. [SAC, ¶15.] Despite this new allegation, Amadi does not identify the date he allegedly received the express warranty without a description of the terms or attach a copy despite an invitation by the Court.  [SAC ¶74.]  The SAC then alleges that after his purchase, Amadi subsequently experienced numerous issues with the BMW.  Amadi proceeds to allege that after further investigation, Plaintiffs discovered the BMW was sold by Manheim with undisclosed damage allegedly incurred by the BMW's previous lessee, defendant Jerry Siderman ("Siderman") during his lease term.

[SAC, ¶24.] Plaintiffs also allege that Siderman, Center BMW (where the vehicle was leased and returned upon expiration of the lease term), Manheim auction, and BMW FS either knew or should have known about the undisclosed damage prior to its sale of the vehicle to SD Motorwerks. However, the SAC is once again devoid any specific allegations that BMW FS knew or intentionally concealed these alleged defects prior to the auction sale to SD Motorwerks, let alone Amadi, who was admittedly undisclosed and unknown to BMW FS at the time of SD Motorwerks' purchase.

### III.   STANDARD OF MOTION TO DISMISS.

In deciding whether to grant a motion to dismiss, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences". *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001). Further, factual allegations must be "more than mere labels and conclusions, and a formulaic recitation of the elements of the cause of action." *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

Although Rule 8 only requires, "a short and plain statement of the claim showing that the pleader is entitled to relief", the factual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly*, 127 S. Ct. at 1964-1965. When the allegations in the complaint, however true, cannot raise a claim for relief, the deficiency in the case should be exposed at the earliest opportunity when expenditures of time and money by the parties and the Court are minimal. *Id*. at 1966.

For Amadi's UCL and Negligent Misrepresentation causes of action they must meet heightened "particularity" requirements pursuant to Rule 9(b). Specifically, Amadi was required to plead specific factual allegations reflecting "how, when, where, to whom and by what means the [fraudulent] representations were tendered. *Swartz v. KPMG LLP* 476 F.3d 756, 764 (9th Cir. 2007).

Furthermore, "rule 9(b) does not allow a complaint to merely lump multiple defendants together 'but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his [or her] alleged participation in the fraud." *Swartz,* 476 F.3d at 764-65.

## IV.   THE COURT DID NOT PROVIDE PLAINTIFFS WITH LEAVE TO ADD A NEW CAUSE OF ACTION FOR BREACH OF CONTRACT.

The Court's April 18, 2022 Order was with limitations.  It granted only Amadi with leave to amend his causes of action for Violation of Song-Beverly, MMWA, UCL, and Negligent Misrepresentation, "his third party beneficiary status, and any causes of action for violations of an express written warranty between Amadi and BMW to the extent that such amendment is supported by fact." [Order, p. 14, lines 16-20.] "Where leave to amend is given to cure deficiencies in certain specific claims, courts have held that new claims alleged for the first time in the amended pleading should be dismissed or stricken. (*Ketab Corp. v. Mesriani & Assocs.* 2015 U.S. Dist. LEXIS 163133 *22 (December 4, 2015).)  Here, SD Motorwerks and Amadi jointly, for the first time allege a breach of contract claim against BMW FS, Center BMW and Jerry Siderman. As the Court's April 18, 2022 Order was limited in scope, Amadi and SD Motorwerks did not have leave to add a new joint claim and their breach of contract cause of action should be dismissed.

If the Court, however, considers the claim as to Amadi, the allegations do not plead the existence of a contract or a written express warranty between BMW FS and Amadi.  Instead, the allegations acknowledge that the auction purchase was only between BMW FS and SD Motorwerks. [SAC, ¶58.]  In fact, the breach of contract allegations are nearly identical to Plaintiffs' allegations included in their Violation of the Consumer Legal Remedies Act ("CLRA") claim that was

sustained without leave to amend. [*See* FAC, ¶¶56-73.] Plaintiffs' obvious pro forma cut and pasted allegations from their disallowed CLRA claim are apparent in that they failed to edit out their citation to the definition of "consumer" under the CLRA. [SAC, ¶60.] As the elements of a breach of contract cause of action have not been pled, the claim should be dismissed.

### V. AMADI HAS NOT PLED SUFFICIENT FACTS ESTABLISHING THAT HE IS A THIRD PARTY BENEFICIARY TO SUPPORT HIS SONG-BEVERLY AND MMRA CLAIMS.

In its Order, the Court noted that to invoke status as a third party beneficiary, Amadi "bears the burden of proving that the promise he seeks to enforce was actually made to him personally or to a class of which is a member." *Neverkovec v. Fredericks* (1999) 87 Cal. Rptr. 2d 856, 867. "A third party may qualify as a contract beneficiary where the contracting parties must have intended to benefit that individual, an intent which must appear in the terms of the agreement." (*Brinton v. Bankers Pension Services, Inc.* (1999) 76 Cal.App.4th 550, 558, 90 Cal. Rptr. 2d 469).

Here, Amadi again concedes that he was not a party to the auction contract. [SAC ¶15.] While he includes new allegations that Manheim is a "Dealer-Only" auction, he does not allege that "all" vehicles sold at the Manheim auctions are sold to retail customers. *Id* (alleging only "almost all" auction vehicles are sold to retail customers). Furthermore, the alleged auction purchase documents (Exhibits "A" and "D") do not make reference to Amadi and instead identify only SD Motorwerks as the vehicle's purchaser. The SAC is also absent any allegations that Amadi communicated directly with BMW FS or that he was included in correspondence exchanged between BMW FS and SD Motorwerks regarding its intent that the Vehicle would be resold to him. As a result, the SAC does not provide sufficient allegations on which the Court could find that Amadi carried his burden of showing that "the promise he seeks to enforce was actually made to him

personally or to a class he was a member". However, assuming arguendo that he has carried his burden, Amadi's Song-Beverly and MMWA claims still fail as a matter of law.

At the outset, Amadi's claim under "the Magnuson-Moss Act stand[s] or fall[s] with his . . . implied warranty claim[] under state law." *Clemens v. DamilerChrysler Corp.* 534 F.3d 1017, 1022 (9th Cir. 2009). In its Order on the Motion to Dismiss the FAC, the Court considered if Amadi could state a claim for breach of implied warranty if he is a third-party beneficiary. In discussing the issue, the Court noted that "[u]nder Cal Civ. Code § 1791(a), a consumer good must be a "new product or part thereof". [Order, p. 9, lines 23-24.] The allegations of the SAC again confirm that the vehicle at issue was previously leased and therefore was "used". Amadi's Opposition to BMW FS' Motion to Dismiss the FAC argued that even if the vehicle was "used" it is subject to an implied warranty because there was an applicable express warranty on the vehicle. As a result, the Court had to determine whether an express warranty existed and if it applies to Amadi's purchase. [Order, p. 10, lines 5-6.] While the Court found that the FAC did not include sufficient allegations regarding the express warranty, it offered Amadi leave to amend his warranty claims. [Order, p. 10, lines 7-19.]

Amadi's allegations regarding the existence of an express warranty are once again minimally pro forma and conclusory. Here, the SAC, without pleading any factual allegations, reflects that **"Defendant BMW provided Plaintiff [Amadi] with an express and implied warranty on the SUBJECT Vehicle . . .".** [SAC ¶74.] Plaintiffs do not attach a copy of the Court invited alleged express warranty or otherwise plead its terms. Instead, Amadi attaches a CARFAX Report reflecting that the "Original warranty estimate to have 11 months or 24,150 miles remaining" and an Insight Condition Report identifying in the "Details" section that the "Org Mfg Basic Warranty" was "4 years/50,000 miles". [SAC, Ex. "A," p. 35, and "Ex. "C," p. 43.] Neither of these exhibits establish that BMW FS was providing SD

Motorwerks, let alone Amadi with an express warranty. As in *Rodriguez v. FCA US, LLC*, 77 Cal.App.5th 209 (2022), a seller is liable to a buyer for a full express warranty, and not to a subsequent buyer of a vehicle previously sold with some balance of the original warranty remaining. Furthermore, the CARFAX Report expressly states and warns the reader that, "information about this vehicle including problems, may not have been reported to CARFAX. Use this report as one important tool along with a vehicle inspection and test drive, to make a better decision about your next car." [SAC, Ex. "C," p. 34.] The SAC is also absent of any allegations of what SD Motorwerks represented to Amadi at the time he allegedly purchased the Vehicle. As alleged in the SAC, SD Motorwerks inspected the Vehicle and identified numerous alleged problems five days before it was purchased by Amadi. Without any allegations of what representations were purportedly made to Amadi by BMW FS, much less what representations were made by SD Motorwerks to Amadi regarding the vehicle's condition, it is impossible to determine if an express warranty even applied to the transaction.

Finally, it is clear from the SAC that BMW FS, a finance company, is not the vehicle's manufacturer. [SAC, ¶3, identifying BMW FS as being engaged in the "leased and reselling of BMW vehicles".] The Court should ignore Amadi's later baseless boilerplate allegation that BMW FS was the vehicle's manufacturer as it contradicts his earlier identification of BMW FS and is conclusory. (*See In re Gilead Scis., Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (rejecting conclusory and unwarranted deductions of fact). As Amadi's claims for breach of implied warranty claims under Song-Beverly and MMWA are conditioned on pleading the existence of an express warranty offered by BMW FS, his second and third claims against BMW FS fail as a matter of law.

///

///

///

## VI. AMADI'S CLAIMS SOUNDING IN FRAUD ARE AGAIN NOT PLED WITH THE REQUISITE SPECIFICITY AND FAIL AS A MATTER OF LAW.

As to Amadi's UCL claim, allegedly based in fraud, and his negligent misrepresentation cause of action, he again fails to plead these claims with particularity as required by Rule 9(b). *Vess v. Ciba-Geigy Corp. USA* ( 9th Cir. 2003) 317 F.3d 1097, 1104-05. For actions sounding in fraud, Amadi must state facts which "show how, when, where, to whom, and by what means the representations were tendered." *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645. Specifically as to Business & Professions Code claims, Amadi must allege a statutory section that has been violated and describe with particularity any supporting violation. (*See* 5 Witkin, Cal. Procedure (5th ed. 2008), § 779, p. 196 (*citing Khoury v. Maly's of California,* Inc. (1993) 14 Cal.App.4th 612, 619.) The elements of a negligent misrepresentation claim are "(1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Ragland v. U.S. Bank Nat'l Ass'n* (2012) 209 Cal. App. 4th 182, 196. A misrepresentation claim must comply with the particularity requirements of Fed.R.Civ.P. 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Amadi may not skip over these elements and highjack as his own the alleged representations BMW FS made to SD Motorwerks.

Once again, Amadi does not plead sufficient allegations that BMW FS made any representations to him. As previously noted, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his [or her] alleged participation in the fraud." *Swartz*, 476 F.3d at 764-65. Here, Amadi again simply

lumps defendants together alleging in a broad one-size-fits-all approach that "defendants" failed to provide him with adequate information." [SAC, ¶¶96-99, 106-114.] The only direct allegation against BMW FS is that it inspected the vehicle at lease-end and failed to discover and failed to report known damage. [SAC, ¶99(d), ¶114(d).] Amadi does not allege that any of these representations were made directly to him by BMW FS. Instead, the allegations of the SAC admit that SD Motorwerks, not Amadi, purchased the vehicle at auction and that it was SD Motorwerks representatives and employees who were involved in the transaction, took possession of the Vehicle, and subsequently inspected it. Furthermore, despite questioning the condition of the Vehicle and attempting to arbitrate its purchase with the Auction, SD Motorwerks proceeded to sell the vehicle to Amadi with zero factual allegations by Amadi as what, if any, condition information was disclosed to him. Amadi does not plead, and his attached exhibits do not support, that BMW FS knew of his existence when the vehicle was purchased at auction by SD Motorwerks. As a result, BMW FS could not have made any representations with the intent to induce Amadi's reliance and Amadi could not have relied on any alleged misrepresentations made by BMW FS. The SAC's allegations establish that at the time of SD Motorwerks purchased the vehicle at auction, Amadi was a stranger to BMW FS and not an express third party beneficiary of SD Motorwerks' purchase of the vehicle.

     In summary, Amadi fails to identify any specific allegations that were made to him at the time he purchased the Vehicle from SD Motorwerks thereby causing his UCL and negligent misrepresentation claims to fail. Had he made any such allegations, would they not have come from SD Motorwerks, the seller of the Vehicle, since Amadi concedes he was not a party to the purchase contract between BMW FS and SD Motorwerks? It should not be overlooked that after three attempts, Amadi fails to allege any vehicle condition representations were
///

made to him, and what specifically SD Motorwerks, the seller of the Vehicle, told him about the Vehicle and its own separate condition inspection results.

## VII. CONCLUSION.

For all of the foregoing reasons, BMW FS respectfully requests that the Court grant its Motion and dismiss Plaintiff Amadi's Second Amended Complaint against BMW FS with prejudice and Plaintiff SD Motorwerk's first cause of action for Breach of Contract.

Dated:   May 23, 2022               CALEY & ASSOCIATES
                                    A Professional Corporation

                                            /s/ Rebecca A. Caley
                                    By: _____
                                        Rebecca A. Caley
                                        Christopher M. Domin
                                        Attorneys for Defendant,
                                        BMW Financial Services NA, LLC