Michael A. Alfred, Esq., SBN 113716
Law Office of Michael A. Alfred
7220 Trade Street, Suite 104
San Diego, California 92121
(858) 566-6800

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPITO LLC, A MONTANA LLC DBA SAN DIEGO MOTORWERKS, CHIDIEBERE AMADI, an individual, RICHARD JOHN HAGEN dba EUROMOTORWERKS, RICHARD JOHN HAGEN, an individual and CARRIE SORRENTO, an individual.<br><br>Plaintiffs,<br><br>vs.<br><br>JERRY SIDERMAN, an individual, BMW OF NORTH AMERICA, LLC, CENTER AUTOMOTIVE, INC DBA CENTER BMW and DOES 1 through 200<br><br>Defendants. | Case No.: 21-cv-1205-H-JLB<br><br>**OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS BMW OF NORTH AMERICA, LLC**<br><br>**DEMAND FOR JURY TRIAL**<br>Judge: Hon. Marilyn Huff<br><br>Date: July 18, 2022<br>Time: 10:30 a.m.<br>Dept: TBD<br><br>Trial Date: Not Set<br>Date Action Filed: July 1, 2021 |

**TABLE OF CONTENTS**

**I. INTRODUCTION……………………………………………………………………….5**

**II. FACTUAL AND PROCEDURAL BACKGROUND……………………………………...6**

**III. POINTS AND AUTHORITIES ………………………………………………………6**

A. **Warranties are contracts that can be breached..……………………..…………….8**

B. **Express and Implied Warranties are applicable to auction sales of used vehicles…………………………………………………………………………..8**

C. **Amadi is a third-party beneficiary………………………………………..…….10**

D. **UCL and Negligent Misrepresentation Claims are valid for AMADI..…………10**

E. **If this Court Finds that the Complaint was Not Pled Sufficiently, Plaintiffs Should be Granted Leave to Amend……………………………………………11**

**IV. CONCLUSION……………………………………………………………….…....12**

## TABLE OF AUTHORITIES

### Cases

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007)……………………………………………6,7

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996)…..…………………...……7

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)…………………………11

*DeLuca v AccessIT Grp, Inc.* 695 F. Sup. 2d 54, 59. (S.D.N.Y. 2010)…………………….…7

*Doe v. Unocal Corp.* , 248 F.3d 915, 923 (9th Cir. 2001)……………………………………..8

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)………………..……………………………......6

*Foman v. Davis*, 371 U.S. 178 (1962)…………………………………………………8,11

*In re Countrywide Financial Corp. Sec. Litigation*, 588 F.Supp.2d 1132 (C.D. Cal., 2008).….6,7

*Keen v. American Home Mortg. Servicing, Inc.*, 664 F.Supp.2d 1086 (E.D. Cal., 2009)………...7

*LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (C.A. Kan. 1983)…………………………11

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001)……………………...…………………..…...6

*Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995)….………………........7

*Peterson v. Mazda Motor of Am., Inc.,* No. SA-cv-13-01972-DOC (ANx), 2014 U.S. Dist. LEXIS 185212, at *9 (C.D. Cal. July 3, 2014) ……………………………………………...9

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001)…………………………...7

*Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F.Supp.2d 1166, 1176 (N.D. Cal., 2009))……………………………………………………………………………………..6

*Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). ……….7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007)………………………7

### Statutes

Fed. R. Civ. Proc. 8(a)……………………………………………………………………7

Fed. R. Civ. Proc. 8(d)(1)…………………………………………………………………7

Fed. R. Civ. Proc. 9(a)……………………………………………………………………7

Fed. R. Civ. Proc. 9(b)……………………………………………………………………7

Fed. R. Civ. Proc. 12(b)(6)………………………………………………………………..7

Fed. R. Civ. Proc. 15(a)…………………………………………………………………...8

Cal. Civ. Code § 1559 .......... 10

Cal. Civ. Code § 1791.1 .......... 8,9,10

Cal. Civ. Code § 1795.5(c) .......... 8,9

Uniform Commercial Code (UCC) .......... 8

# I. INTRODUCTION

In the Court's April 18, 2022 Order Granting in Part and Denying in Part BMW FS' Motion to Dismiss ("Order") the First Amended Complaint ("FAC"), it allowed further amendment in order to cure deficiencies in their complaint related to Amadi's status as a third-party beneficiary and the existence of an express written warranty between BMW and Amadi. These additional allegations, if supported could be consistent with Plaintiff's previous factual allegations. BMW is selling consumer goods via auction whereby the auction sale, allegedly, provides blanket protection for their ongoing fraud. In reality, the subject vehicle has continuing warranty protection which was not terminated by the auction sale. Amadi, the consumer, repeatedly returned the subject vehicle to the BMW dealer for warranty repairs. So, the warranty shell game being played by BMW is incredible and unbelievable. For the reasons set forth below, the Court should deny the Motion. The Second Amended Complaint ("SAC") contains additional but amplifying new facts which support the existing allegations. **Both the CARFAX report and Exhibit C discloses in the Detail Section that the Subject Vehicle included the original BMW Basic Warranty of 4 years or 50,000 miles.** The CARFAX report estimates that the original warranty has an estimated 4 months or 21,513 [miles] remaining of the express warranty for the Subject Vehicle. (SAC, pg. 7, para 24, lines 13 through 17.)

Additionally, the Court granted Plaintiff Amadi limited leave to amend the complaint with regard to his claims under Counts II-V of The FAC, his third-party beneficiary status, and any causes of action for violations of an express written warranty between Amadi and BMW to the extent that such amendment is supported by fact. So, the new allegation of Breach of Contract is an alternative cause of action consistent with the breach of express warranty. Plaintiff Amadi is a third-party beneficiary and owner of a vehicle that was fraudulently conveyed to him. Any alleged deficiencies (if any) can be resolved in a future amendment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The thrust of Plaintiff's case is that, Defendants sold a defective vehicle. Defendants knew or should have known that the vehicle was defective. **SD Motorwerks** purchased **the subject vehicle** with the intention of selling subject vehicle to **CHIDI**. **CHIDI** is not named in the auction contract. However, **CHIDI** may be due damages for breach of implied warranty as he was the motivating reason for **SD Motorwerks** in purchasing the subject vehicle. The subject vehicle is and was covered by a written warranty by **BMW**.

**BMW** placed the subject vehicle that they knew or should have known had hidden damage for sale at MANNHEIM auto auctions. **ALL DEFENDANT's** were fully aware that the subject vehicle had hidden damage prior to the subject vehicle was offered for sale. DEFENDANT's had falsely reported the condition report for the subject vehicle that they knew or should have known had unreported damages.

## III. POINTS AND AUTHORITIES

Plaintiffs request that the Court deny Defendant's motion to dismiss and alternatively, Plaintiffs' request that the Court grant Plaintiffs' Motion for Leave to Amend.

"A motion to dismiss tests whether the allegations in a complaint, if true, amount to an actionable claim." *In re Countrywide Financial Corp. Sec. Litigation*, 588 F.Supp.2d 1132, 1145 (C.D. Cal., 2008) citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). When dealing with a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) the Court must accept as true all allegations of material fact in the complaint. *In re Countrywide Fin. Corp.* at 1145; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007). "In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F.Supp.2d 1166, 1176 (N.D. Cal., 2009);

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996); *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, a court need not accept as true unreasonable inferences. *In re Countrywide Fin. Corp* at 1145 citing *Sprewell* at 988. "A court reads the complaint as a whole, together with matters appropriate for judicial notice, rather than isolating allegations and taking them out of context." *In re Countrywide Fin. Corp* at 1145 citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief. Thus "the plaintiff need not necessarily pled a particular fact if that fact is a reasonable inference from facts properly alleged." *Keen v. American Home Mortg. Servicing, Inc.*, 664 F.Supp.2d 1086, 1092 (E.D. Cal., 2009). Dismissal of an action is appropriate only where the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

When courts choose to consider evidence outside the pleadings on Rule 12 dismissal application, the applications are generally converted to motions for summary judgment. *DeLuca v AccessIT Grp, Inc*. 695 F. Sup. 2d 54, 59. (S.D.N.Y. 2010). BMW asks "Did SD Motorwerks disclose to Amadi the allegedly discovered post-purchase damage to the BMW? If not, then Amadi's claims should be directed to SD Motorwerks for intentional misrepresentation." These arguments are extrinsic to the pleadings and would convert the Motion to Dismiss to a Motion for Summary Judgement. The evidentiary requirements for a Motion for Summary Judgment have not been satisfied.

Finally, when dealing with a motion to dismiss for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6), a district court should grant leave to amend unless it is

determined that the pleading could not possibly be cured by the allegation of other facts. *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995).

FED. R. CIV. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In Foman v. Davis, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Id. at 182. However, a district court should deny a motion to amend where the amendment is an "exercise in futility." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

A motion to amend shall be granted, in absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178,182 (1962).

**A. <u>Breach of Contract/Warranties are contracts.</u>**

Breach of Contract is a similar but alternative pleading to the Breach of Warranty cause of action. Both are contracts. There is no undue prejudice to the opposing party by virtue of allowance of the amendment.

**B. <u>Express and Implied Warranties are applicable to auction sales of used vehicles.</u>**

Pursuant to the California Civil Code § 1791.1 and § 1795.5(c) and the Uniform Commercial Code ("UCC") express and implied warranties are applicable to auction sales of used vehicles. Plaintiff pleads an implied warranty under § 1791.1 and § 1795.5(c) of the Civil Code. See Compl. Counts 2 and 3. However, if the

court determines that the Plaintiff purchased a used car, rather than a new car, the implied warranty under section 1795.5 of the Civil Code would apply instead. *See, e.g., Peterson v. Mazda Motor of Am., Inc.,* No. SA-cv-13-01972-DOC (ANx), 2014 U.S. Dist. LEXIS 185212, at *9 (C.D. Cal. July 3, 2014) ("Under Song-Beverly, the duration of the implied warranty of merchantability is coextensive in duration with any express warranty ; however, despite the length of the express warranty , the created implied warranty extends no longer than one year after purchase for new goods, Cal . Civ . Code § 1791.1(c), and no longer than three months for used goods, Cal . Civ . Code § 1795.5(c).").Therefore, any auction sale subject to the provisions of the UCC are governed by the express and implied warranty provisions of the Cal . Civ . Code § 1791.1(c) and/or Cal . Civ . Code § 1795.5(c). So, BMW's argument that the "consumer good" must be a new product is both inaccurate and misleading.

There is an argument to be made that the subject vehicle is to be treated as a new vehicle as the balance of the express new vehicle warranty remains in full force and effect. While some provisions of the UCC apply to a broader group, other provisions such as the implied warranty of merchantability are limited in application to those who are merchants of a certain kind of goods, thereby restricting the implied warranty to a much smaller group. Whether a party is a merchant is a question of fact. Therefore, the implied warranty of merchantability under the UCC may be applicable to auctioned goods where circumstances establish that their owner is a "merchant" within the UCC definition.

Amadi is a consumer. Amadi is a third-party beneficiary. As a consumer, Amadi received the express warranties remaining on the subject vehicle. As factually pled, Amadi repeatedly took the subject vehicle back to the BMW dealer for warranty repairs.

Amadi would be eligible for the implied warranty of merchantability because he purchased the vehicle from SD Motorwerks, a California Dealer. The following

rules would apply. Under California Civil Code Section 1791.1 the following rules apply: 1) The vehicle's mechanical condition must be at least good enough that it would "pass without objection in the trade under the contract description;" 2) It must be fit for the ordinary purposes for which vehicles are used; 3) It must be adequately contained, packaged, and labeled; and 4) It must fulfill the promises (if any) made on any labels or signs posted on the vehicle while it was being sold.

**C. <u>Amadi is a third-party beneficiary.</u>**

California's contract principles on third party beneficiaries are well known. Under California law, a "contract, made expressly for the benefit of a third party, may be enforced by him at any time before the parties thereto rescind it." Cal. Civ. Code § 1559. A third party qualifies as a beneficiary under a contract if the parties intended to benefit the third party and the terms of the contract make that intent evident. Although a third party need not be expressly named or identified in a contract, a party must demonstrate that it is a member of a class of persons for whose benefit it was made. **As a recipient of an express warranty, AMADI falls into the class of persons whose benefit the vehicle was purchased**.

Paragraph 37 of the Complaint provides in part: "SD MOTORWERKS had purchased SUBJECT VEHICLE #1 for the benefit of with the intention of selling it to CHIDI. CHIDI took possession of SUBJECT VEHICLE #1 on or about February 4, 2020.

Any alleged deficiencies, if any, can be cured in a future amendment.

**D. <u>UCL and Negligent Misrepresentation Claims are valid for AMADI.</u>**

**As a recipient of an express warranty, AMADI falls into the class of persons whose benefit the vehicle was purchased**.

Simply put, **Exhibit "C"** was provided to Richard Hagen prior to his placing the winning auction bid on the subject vehicle. The subject vehicle was falsely represented to be a score of **3.4.** There was no indication of frame damage to the

subject vehicle. At paragraphs 44 and 45, **Exhibit "J"** was provided to Richard Hagen by Christine Prudencio on or about August 25, 2020. **Exhibit "K"** showed that the subject vehicle, in reality, had an actual score of **2.4.** There is a clear indication that the subject vehicle had frame damage. The facts presenting the who, what, when and where are contained in the aforementioned exhibits.

### E. If this Court Finds that the Complaint was Not Pled Sufficiently, Plaintiffs Should be Granted Leave to Amend.

Fed. R. Civ. Proc. 15(a) provides that for Amendments the Court should "freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a). The Supreme Court, other Circuit Courts, and the Ninth Circuit have continually noted that Fed. R. Civ. Proc. 15(a)'s "policy of favoring amendments to pleadings should be applied with 'extreme liberality'." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted), *Foman v. Davis*, 371 U.S. 178 (1962), and *LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (C.A. Kan. 1983). Only four factors are commonly used to deny a motion for leave to amend, they are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs* at 186 (citation omitted).

While Plaintiffs assert that they have met the pleading standards required under the Federal Rules, if this Court were to find otherwise, Plaintiffs respectfully request that this Court grant them leave to amend their complaint as allowed under Fed. R. Civ. Proc. 15. Given the arguments above and in Plaintiffs other documents on record with this court, it is clear that amendment would not be futile or prejudicial to BMW. If this Court were to find that the COMPLAINT does not sufficiently plead a Claim for Relief, Plaintiffs request the court to grant the motion for leave to amend the COMPLAINT.

///

///

///

## IV. CONCLUSION

For the above reasons Plaintiffs request this Court deny the Motion to Dismiss by Defendants BMW Financial Services NA, LLC , or Alternatively, To Amend the FAC.

Dated: June 27, 2022 LAW OFFICE OF MICHAEL A. ALFRED

By: /s/Michael A. Alfred
Michael A. Alfred
Attorney for Plaintiffs