Rebecca A. Caley, Bar No. 131997
Christopher M. Domin, Bar No. 273951
CALEY & ASSOCIATES
A Professional Corporation
265 S. Randolph Avenue, Suite 270
Brea, California 92821-5777
714/529-1400 Office
714/529-1515 Facsimile
2030-276

Attorneys for Defendant,
BMW Financial Services NA, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPITO LLC, A MONTANA LLC DBA SAN DIEGO MOTORWERKS, CHIDIEBERE AMADI, an individual, RICHARD JOHN HAGEN, an individual and CARRIE SORRENTO, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JERRY SIDERMAN, an individual, BMW OF NORTH AMERICA, LLC, CENTER AUTOMOTIVE, INC DBA CENTER BMW and DOES 1 through 200,<br><br>　　　　　Defendants. | Case No. 21-cv-1205-H-JLB<br>Hon. Marilyn Huff<br><br>BMW FINANCIAL SERVICES NA, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTION TO DISMISS PLAINTIFF CHIDIEBERE AMADI'S SECOND AMENDED COMPLAINT AND THE FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DATE:　　July 18, 2022<br>TIME:　　10:30 a.m.<br>DEPT:　　TBD<br><br><br>Trial Date:　Not Set<br>Date Action Filed:　July 1, 2021 |

## I. INTRODUCTION.

Plaintiffs' Second Amended Complaint ("SAC") offers no basis on which the Court may conclude that Defendant, BMW Financial Services NA, LLC, a Delaware limited liability company ("BMW FS") intended for Chidiebere Amadi ("Amadi") to benefit from the auction sale of the subject 2016 BMW X6 ("BMW" or "vehicle").  Plaintiffs do not attach a contract, or allege the existence a document, wherein BMW FS expressly stated it was providing Dipito LLC, a Montana LLC, dba San Diego Motorwerks ("SD Motorwerks"), let alone Amadi with an express warranty.  Instead, Plaintiffs' SAC alleges BMW FS is in the business of leasing and reselling BMW vehicles rather than manufacturing and warranting such products. [SAC, ¶3.]  BMW FS did not manufacture this vehicle and never issued an express warranty to any party. These facts are supported not only by Plaintiffs' allegations but its own exhibits attached to the SAC.  The Exhibit "C" Condition Report identifies BMW FS as the vehicle's "Seller".  In all places on the exhibit referencing a warranty, the document identifies that any such existing warranty was provided not by the "Seller" but by the BMW's manufacturer.  For example, the Condition Report reflects that the vehicle's grade "is calculated under the assumption that some repairs may be covered under manufacturer warranty." [SAC, Ex. C, p. 46.] On the face of the Plaintiffs' exhibit, any existing warranty accompanying the vehicle was from the BMW's manufacturer, not the identified "Seller", BMW FS.  As BMW FS did not provide SD Motorwerks with an express warranty, all of Amadi's warranty claims based on this alleged fact fail as a matter of law.

Nevertheless, assuming arguendo that BMW FS provided SD Motorwerks with its own express warranty, Amadi has failed to plead sufficient facts establishing he was a third party beneficiary to the purchase contact. While California law provides that a third party need not be expressly named or identified in a contract, Amadi was still required to demonstrate that he was a

1  member of a class for whose benefit it was made. To that end, the Court's April
2  18, 2022 Order Granting in Part and Denying in Part BMW FS' Motion to Dismiss
3  ("Order") the First Amended Complaint ("FAC") offered Amadi the opportunity
4  to provide a copy a purchase contract between BMW FS and SD Motorwerks
5  and/or provide extrinsic evidence evidencing how BMW FS knew SD Motorwerks
6  would resell the vehicle. In response, Amadi provided neither a copy of the
7  contract or any other extrinsic evidence to cure the deficiencies in his warranty
8  claims. Entities and individuals purchasing vehicles at commercial auctions often
9  do so for various reasons including but not limited to using the vehicles for
10 business purposes, dealer demonstrations, or their own personal use. The SAC is
11 absent any allegations establishing that BMW FS *and* SD Motorwerks knew this
12 vehicle would be purchased by Amadi or resold to any other individual. As a
13 result, Amadi's remaining misrepresentations claim also fail.

14 Plaintiffs' Opposition also fails to address BMW FS' argument that SD
15 Motorwerks improperly alleges a new cause of action for Breach of Contract that
16 is outside the scope of the Court's provided leave to amend. Plaintiffs' failure to
17 do so should be presumed as a concession to the merits of the arguments set forth
18 in BMW FS' moving papers. Amadi has had three opportunities to assert valid
19 causes of action against BMW FS and has failed on each attempt. It is now clear
20 that any further amendment would be futile and BMW FS' Motion should be
21 granted without further leave to amend.

22 **II.   BMW FS IS NOT THE VEHICLE'S MANUFACTURER AND DID**
23       **PROVIDE SD MOTORWERKS WITH AN EXPRESS WARRANTY.**

24 Amadi's claims for breach of implied warranty pursuant to California's
25 Song-Beverly Warranty Act ("Song-Beverly"), and the federal Manguson-Mos
26 s Warranty Act ("MMWA") are premised on BMW FS having provided SD
27 Motorwerks with an express warranty. The SAC makes the conclusory allegation
28 that BMW FS was the manufacturer of the Vehicle and provided it with an express

warranty [SAC, ¶¶ 73-74.] However, the SAC also identifies BMW FS as a finance company. [SAC, ¶3, identifying BMW FS as being engaged in the "leased and reselling of BMW vehicles".] In bold font, Plaintiffs' Opposition highlights that the Exhibit "C" Condition Report disclosed that the vehicle included the original BMW FS basic warranty. [Opposition, p. 6, lines 15-17.] However, a review of Exhibit "C" Condition Report establishes that if an existing warranty remained on the vehicle, repairs would not be covered under a warranty provided by BMW FS, who is identified on the document as the vehicle's "Seller", but instead may be covered under "manufacturer warranty". Exhibit "C" does not include any language that BMW FS is the vehicle's manufacturer or that it was providing SD Motorwerks with its own separate express warranty. [SAC, Ex. "C", p. 46.] Under Song-Beverly, a seller is not liable to a subsequent buyer of a vehicle previously sold with some balance of the original warranty remaining under Song-Beverly because such a vehicle does not met the definition of "new motor vehicle" or "other motor vehicle sold with a manufacturer's new car warranty." *Rodriguez v. FCA US, LLC*, 77 Cal.App.5th 209 (Cal. Ct. Appl. 2022) (noting the statutory language "other motor vehicles sold with a manufacturer's new car warranty" refers to cars sold with a full warranty, not to previously sold cars accompanied by some balance of the original warranty.). Here, Plaintiffs' own allegations establish BMW FS was not the vehicle's manufacturer and did not issue an express warranty to SD Motorwerks relating to the BMW. Despite invitation by the Court, the SAC neither pleads nor attaches a purchase contract between BMW FS and SD Motorwerks or provide any other extrinsic evidence that BMW FS provided SD Motorwerks with an express warranty. As Amadi's claims for breach of implied warranty claims under Song-Beverly and MMWA are conditioned on pleading the existence of an express warranty offered by BMW FS, his second and third claims against BMW FS fail as a matter of law and should be dismissed.

### III. AMADI AGAIN FAILS TO PLEAD SUFFICIENT FACTS AS TO HIS ALLEGED STATUS AS A "THIRD-PARTY BENEFICIARY".

Generally, people have no standing to enforce contracts to which they are not parties. (*Jones v. Aetna Casualty & Surety Co.* (1994) 26 Cal.App.4th 1717, 1722)  Third-party beneficiaries of contracts, however, are an exception. California Code of Civ. Proc. § 1559 reflects that "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."  Because a third-party beneficiary status is a matter of contract interpretation, a person seeking to enforce a contract as a third-party beneficiary "must plead a contract which was made expressly for his [or her] benefit and one in which it clearly appears that he [or she] was a beneficiary.' " (*California Emergency Physicians Medical Group v. PacifiCare of California* (2003) 111 Cal.App.4th 1127, 1138) . As used in the statute and case law, "expressly" means "in an express manner; in direct or unmistakable terms; explicitly; definitely; directly. '[A]n intent to make the obligation inure to the benefit of the third-party must have been clearly manifested by the contracting parties.' " (*Sofias v. Bank of America (*1985) 172 Cal. App. 3d 583, 587.)  As noted by the Court in its Order, a party seeking to invoke his status as a third-party beneficiary "bears the burden of proving that the promise he seeks to enforce was actually made to him personally or to a class of which he is a member. *Neverkovec v. Fredericks* 87 Cal. Rptr. 3d 856, 865 (Cal. Ct. App. 1999).  In his SAC, Amadi again fails to meet his burden.

Plaintiffs' SAC is absent any allegations setting forth a clear manifestation between BMW FS and SD Motorwerks regarding Amadi's claimed third-party beneficiary status.  There are also no allegations that BMW FS knew SD Motorwerks purchased the BMW for Chidi or that it would be resold by SD Motorwerks to Amadi or any other party.  Nor did Amadi, despite an express invitation by the Court, attach a copy of the purchase contract between SD

Motorwerks and BMW FS or offer any other extrinsic evidence. In support of his argument that he has met his burden of establishing himself as a third party beneficiary, Amadi's Opposition only repeats his conclusory allegation that "SD MOTORWERKS had purchased SUBJECT VEHICLE #1 for the benefit of with the intention of selling it to CHIDII. CHIDI took possession of SUBJECT VEHICLE #1 on or about February 4, 2020." [Opposition p. 10, lines 18-21.] Once again, Plaintiffs have only offered allegations about SD Motorwerks' intent rather than alleging BMW FS made promises to Amadi personally or knew that SD Motorwerks was reselling the vehicle to him or any other party. As CHIDI has failed to sufficiently allege his third-party beneficiary status, all of his claims fail as a matter of law.

### IV.  PLAINTIFFS' CLAIMS SOUNDING IN FRAUD AGAIN FAIL AS A MATTER OF LAW DUE TO A LACK OF SPECIFICITY.

Plaintiffs' Opposition argues his UCL and Misrepresentation claims are sufficiently pled because as a recipient of BMW FS' express warranty provided to SD Motorwerks, he falls into a class of "persons who benefit the vehicle was purchased." [Opposition p. 10, lines 14-25.] As set forth above, the SAC's own allegations and attached exhibits establish that BMW FS did not manufacture the vehicle or provided SD Motorwerks with its own express warranty. Nor did Plaintiffs produce any contract or extrinsic evidence supporting such an allegation. Amadi's Opposition then only highlights representations *defendants* allegedly made to SD Motorwerks, its owner and an employee via auction condition reports. As noted in BMW FS' moving papers, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant... and inform each defendant separately of the allegations surrounding his [or her] alleged participation in the fraud." *Swartz v. KPMG LLP* 476 F.3d 756, 764-6 (9th Cir. 2007) 764-65. The SAC fails to allege what BMW FS represented to him at the time he purchased the

vehicle from SD Motorwerks and his reliance on such representations. Amadi has now had three opportunities to allege what vehicle condition representations were made to him, and what specifically SD Motorwerks, the seller of the Vehicle, told him about the Vehicle and its own separate condition inspection results. Amadi cannot highjack as his own the alleged representations BMW FS made to SD Motorwerks without omitting what representations were actually made to him by SD Motorwerks at the time of purchase. These omissions coupled with Rule 9(b) heightened pleading standard make Amadi's claims based in fraud untenable as against BMW FS.

## V. PLAINTIFFS DO NOT ADDRESS BMW FS' ARGUMENT THAT SD MOTORWERKS WAS NOT GRANTED LEAVE TO ADD A CAUSE OF ACTION AGAINST BMW FS.

The Court's April 18, 2022 Order allowed plaintiff Amadi ("Amadi") leave to amend his causes of action for breach of implied warranty pursuant to Song-Beverly, MMWA, in addition to his UCL and Deceit and/or Negligent Misrepresentation claims. SD Motorwerks was not granted leave to amend or allowed to bring any new causes of action. Despite these limitations, SD Motorwerks and Amadi improperly allege a new joint cause of action for Breach of Contract in the SAC. Plaintiffs' Opposition does not address SD Motorwerks inclusion of this additional cause of action which is outside the scope of the leave to amend provided by the Court. Instead, Plaintiffs simply write that a breach of contract claim is similar to a breach of warranty claim and there is no prejudice. Plaintiffs' argument simply ignores the fact that SD Motorwerks was not provided with leave to amend its complaint to include any additional causes of action. As noted in BMW FS' moving papers, "[w]here leave to amend is given to cure deficiencies in certain specific claims, courts have held that new claims alleged for the first time in the amended pleading should be dismissed or stricken. (*Ketab Corp. v. Mesriani & Assocs.* 2015 U.S. Dist. LEXIS 163133 *22 (December 4,

2015).) SD Motorwerks has provided no argument or authority as to why it should be allowed to amend the complaint to add a new cause of action outside of the Court's authorized leave. Therefore, its claim should be stricken as against BMW FS.

## VI. CONCLUSION.

For all of the foregoing reasons, BMW FS respectfully requests that the Court grant its Motion and dismiss Plaintiffs' SAC against BMW FS with prejudice.

Dated: July 8, 2022

CALEY & ASSOCIATES
A Professional Corporation

By: _/s/ Rebecca A. Caley_
Rebecca A. Caley
Christopher M. Domin
Attorneys for Defendant,
BMW Financial Services NA, LLC