UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPITO LLC, a Montana Limited Liability Company d/b/a San Diego Motorwerks; CHIDIEBERE AMADI, an individual,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>JERRY SIDERMAN, an individual; BMW FINANCIAL SERVICES NA, LLC; CENTER AUTOMOTIVE, LLC, d/b/a Center BMW; and DOES 1 through 200, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:21-cv-01205-H-JLB<br><br>**ORDER GRANTING BMW FINANCIAL SERVICES NA, LLC'S MOTION TO DISMISS**<br><br>[Doc. No. 57.] |

　　This is the Court's third substantive order on a motion to dismiss in this litigation. In two previous orders issued on December 14, 2021 (Doc. No. 49, the "December Order") and April 18, 2022 (Doc. No. 54, the "April Order"), the Court transferred or dismissed Plaintiffs' various claims against current and former Defendants in this case. Now, after Plaintiffs' second amended complaint, only two Plaintiffs remain: Dipito LLC ("SD Motorwerks") and Chidiebere Amadi ("Amadi"). (Doc. No. 56, the "SAC".) Plaintiffs pursue their remaining causes of action against BMW Financial Services NA, LLC ("BMW"), Jerry Siderman ("Siderman"), Center Automotive, Inc., and unnamed Does. (Id.)

On May 23, 2022, BMW moved to dismiss Amadi's claims against it in the SAC pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. No. 57.) Plaintiffs filed their opposition on June 27, 2022. (Doc. No. 57) BMW filed its reply in support of its motion on July 11, 2022. (Doc. No. 58.) The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determined that BMW's motion to dismiss is fit for resolution without oral argument and submitted the motion on the parties' papers. (Doc. No. 60.)

## BACKGROUND[1]

Plaintiffs are SD Motorwerks, an enterprise that purchase and resell vehicles, and Amadi, an individual that purchased the allegedly defective "Subject Vehicle" from SD Motorwerks.[2] (SAC ¶¶ 1-2, 15.) The Subject Vehicle is a 2016 BMW M6 CPE. (Id. ¶ 6.) Defendant Jerry Siderman began leasing the Subject Vehicle on August 1, 2016; BMW financed his lease. (Id. ¶¶ 6, 21.) The Subject Vehicle was damaged during the lease. (Id. ¶¶ 18, 24, 29.) At the end of 2019, Siderman returned the Subject Vehicle to BMW. (Id. ¶ 21.) BMW then sold the car to SD Motorwerks via auction on January 28, 2020. (Id. ¶ 22.) Amadi purchased the Subject Vehicle from SD Motorwerks on February 4, 2020. (Id. ¶ 28.) Over the next six months, Amadi serviced the Subject Vehicle at BMW locations on 11 occasions and spent at least several thousand dollars on repairs. (Id. ¶¶ 30-40.)

The auctioneer, Manheim Auto Auctions ("Manheim"), required that auction participants follow the arbitration rules of the National Auto Auction Association ("NAAA") and their Terms and Conditions. (Id. ¶ 48.) The NAAA Arbitration Policy requires a vehicle seller to "disclose permanent structural damage, any structural alterations, structural repairs or replacements[.]" (Ex. M to SAC at 11.) Plaintiffs allege

---

[1] The Court extensively reviewed the parties and factual allegations in this case in the December and April Orders. Here, the Court only summarizes allegations in the SAC as necessary.

[2] As of the SAC, the entity "Euromotorwerks" and the individuals Richard John Hagen and Carrie Sorrento are no longer plaintiffs in this case.

2

that BMW violated the NAAA rules when it failed to disclose "hidden damage" to the Subject Vehicle when it knew or should have known of those damages. (Id. ¶ 20.)

# DISCUSSION

## I. Legal Standard

BMW moves to dismiss several of Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Dismissal is appropriate where "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing the plausibility of a complaint, courts must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). But courts do not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. In re Gilead Scis. Secs. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

Additionally, claims sounding in fraud are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b), which requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); see Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009). To satisfy the heightened standard under Rule 9(b), the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations

as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (internal quotation marks omitted); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (internal quotation marks omitted).

## II. Amadi's Claim of Third-Party Beneficiary Status

In the April Order, this Court concluded that Plaintiffs failed to adequately allege that Amadi was a third-party beneficiary of the sale agreement between BMW and SD Motorwerks. (April Order at 5.) That remains the case even after amendment.

An intended third-party beneficiary of a contract has a right of action. Cal. Civ. Code § 1559. "To sue as a third-party beneficiary of a contract, the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party." Comer v. Micor, Inc., 436 F.3d 1098, 1102 (9th Cir. 2006) (citation omitted). The Court may evaluate the intent of the parties by "reading the contract as a whole in light of the circumstances under which it was entered." Jones v. Aetna Casualty & Surety Co., 33 Cal. Rptr. 2d 291, 296 (Cal. Ct. App. 1994); see Balsam v. Tucows Inc., 627 F.3d 1158, 1161 (9th Cir. 2010). A third-party beneficiary is not required to be named in the contract. Harper v. Wausau Ins. Co., 66 Cal. Rptr. 2d 64, 68 (Cal. Ct. App. 1997).

"The standard to achieve third party beneficiary status is a high one." Stasi v. Inmediata Health Grp. Corp., 501 F. Supp. 3d 898, 920 (S.D. Cal. Nov. 19, 2020). The party seeking to invoke his status as a third-party beneficiary "bears the burden of proving that the promise he seeks to enforce was actually made to him personally or to a class of which he is a member." Neverkovec v. Fredericks, 87 Cal. Rptr. 2d 856, 865 (Cal. Ct. App. 1999). "Although disputes regarding purported third-party beneficiaries may in some circumstances be questions of fact, dismissal at the pleading stage is appropriate where it is clear from the terms of the contract and the circumstances alleged in the complaint that the plaintiff was not a third-party beneficiary." City of Oakland v. Oakland Raiders, 2019 WL 3344624, at *14 (N.D. Cal. July 25, 2019) (citations omitted). In Goonewardene v.

ADP, LLC, 434 P.3d 124, 132-33 (Cal. 2019), the California Supreme Court held that Cal. Civ. Code § 1559 requires an examination of (1) whether the third party would in fact benefit from the contract, . . . (2) whether a motivating purpose of the contracting parties was to provide a benefit to the third party, and (3) whether permitting a third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties." All three of these elements must be satisfied to permit the third-party action to go forward. Id.

Plaintiffs do not provide a sale contract between BMW and SD Motorwerks. Plaintiffs reference the existence of an "auction contract" and a "sale contract" but only to state that "[Amadi] is not named in the auction contract" and that "[t]he sales contract is between the Seller and the Buyer only." (SAC ¶¶ 15, 48, 60.) Instead, Plaintiffs allege the existence of two general agreements that bind BMW: the Manheim's Terms & Conditions and the NAAA Arbitration Policy.[3] (Id. ¶¶ 22, 48.) Plaintiffs only provide limited excerpts of the Manheim's Terms & Conditions, which do not address the existence of any third-party rights. (Id. ¶ 22.) Plaintiffs provide the NAAA Arbitration Policy, but that document also lacks any mention of third-party rights. (Ex. M to SAC.) Thus, the Court must evaluate whether Amadi has carried his burden to plead his third-party beneficiary status without the benefit of the sale contract.

The Court begins with an inquiry into the first element, i.e., whether Amadi would benefit from the agreement between BMW and SD Motorwerks. Several district courts have held that "in order to establish that a third party would in fact benefit from the contract, the third party must have been at least somewhat identifiable at the time when the contract was executed." Cleveland v. Ludwig Inst. for Cancer Research Ltd., 2020 WL 3268578, at *6 (S.D. Cal. June 17, 2020) ("Cleveland I") (internal quotation omitted); City of Oakland, 2019 WL 3344624, at *14 (Oakland, a host city of a football franchise, was

---

[3] It is unclear from the SAC whether Plaintiffs consider the "auction contract" or "sale contract" to be Manheim's Terms & Conditions or the NAAA Arbitration Policy or neither.

identifiable as a beneficiary for a contract provision that limited the ability of football franchises to move cities); Blatt v. Pambakian, 432 F. Supp. 3d 1141, 1156 (C.D. Cal. Jan. 9, 2020), aff'd in part, rev'd in part on other grounds, 2021 WL 4352329 (9th Cir. 2021) (employee was identifiable as a beneficiary because his type of employment was covered by specific language in the contract); Adhvaryu v. Bank of Am., N.A., 2019 WL 3000611, at *7 (C.D. Cal. Apr. 10, 2019) (spouse of a party contracting with a bank was not an identifiable beneficiary of the bank agreement because the contracting party was not married at the time of the agreement); Cleveland v. Ludwig Inst. for Cancer Research Ltd., 2020 WL 6941044, at *2 ("Cleveland II") (S.D. Cal. Nov. 25, 2020) (plaintiff employees were identifiable because they were employees when the relevant contract was renewed).

Plaintiffs assert that Amadi is an identifiable beneficiary of the sale agreement between BMW and SD Motorwerks, because BMW knew or should have known that SD Motorwerks was a car dealership and that SD Motorwerks would resell the Subject Vehicle to a third-party consumer like Amadi.[4] (SAC ¶ 15.) This connection is too attenuated for Amadi to be an identifiable beneficiary. Unlike cases in which courts have found a third-party beneficiary to be identifiable, Plaintiffs do not allege the existence of a contract provision in this case that names Amadi, or even a category of individuals to which Amadi belongs. See City of Oakland, 2019 WL 3344624, at *14; Cleveland II, 2020 WL 6941044, at *2. Rather, Plaintiffs plead that Amadi is absent from the auction contract and are silent as to whether third parties are addressed by the contract. (SAC ¶¶ 15, 48, 60.) If a contract provision identifying third parties exists, it was incumbent on Plaintiffs to plead its contents, or at bare minimum, an allegation of its existence. As pled, the Court concludes that Plaintiffs have failed to meet the first element under Goonewardene.

---

[4] The Manheim's Terms and Conditions state that most, but not all, auction participants are dealers, banks, manufacturers, and other commercial buyers. (SAC ¶ 22.) Manheim's Terms and Conditions also prohibit a buyer from reselling a purchased vehicle until the purchaser pays the auctioneer. (Id.)

Next, the Court turns to the second element: whether a motivating purpose of the contracting parties was to provide a benefit to the third party. For a third party to bring suit, "the contracting parties must have a motivating purpose to benefit the third party, and not simply knowledge that a benefit to the third party may follow from the contract." Goonewardene, 434 P.3d at 133. SD Motorwerks pled its intent to benefit Amadi (SAC ¶¶ 15, 28, 58, 83), but Plaintiffs did not plead BMW's intent to benefit him. Instead, Plaintiffs rely on the inference that BMW should have known that Amadi would benefit from the agreement. (Id. ¶¶ 15, 22.) This is link is too tenuous for the Court to conclude that BMW's motivating purpose was to benefit Amadi.

If the parties wished to benefit Amadi, they could have stated that intent in their contact. See Cleveland I, 2020 WL 3268578, at *9. And Amadi could have pled the existence of such intent. Plaintiffs' allegations are particularly unpersuasive in light of the Ninth Circuit's discussion in Ngo v. BMW of N. Am., LLC, 23 F.4th 942, 947 (9th Cir. 2022) in which the Ninth Circuit identified the primary purpose of a vehicle purchase agreement to be "securing benefits for the contracting parties themselves" and concluded that "[t]hird parties are not purposeful beneficiaries of such an undertaking." The Ninth Circuit contrasted the vehicle purchase agreement with "arrangements inherently formed with third parties in mind[.]" Id. Plaintiffs have failed to carry their burden to plead the second element of the Goonewardene test.

Finally, the third element asks whether permitting Amadi to bring suit is consistent with the objectives of the contract and the reasonable expectations of BMW and SD Motorwerks. The California Supreme Court explained that the third element focuses "upon whether, taking into account the language of the contract and all of the relevant circumstances under which the contract was entered into, permitting the third party to bring the proposed breach of contract action would be consistent with the objectives of the contract and the reasonable expectations of the contracting parties." Goonewardene, 434 P.3d at 133 (internal quotation omitted). The objective of the contract is the sale of a vehicle at auction, not the subsequent sale to a third-party consumer. See City of Oakland,

7

2019 WL 3344624, at *16 (the objective of a National Football League contract provision limiting the relocation of football franchises was to protect the business interests of the league and not the interests of a third-party host city). There is no evidence in the NAAA Arbitration Policy that the parties intended to provide a remedy to an eventual third-party beneficiary. The Court views Amadi's suit as inconsistent with the expectations of BMW. Amadi has "a distant interest" in the agreement that is "simply too attenuated to justify [his] claim for breach." Iron Bridge Mortg. Fund, LLC v. Bank of Am., N.A., 539 F. Supp. 3d 1030, 1039 (N.D. Cal. May 14, 2021).

In sum, Plaintiffs failed plead all three of the elements set forth in Goonewardene. Accordingly, Amadi may not enforce the sale agreement between BMW and SD Motorwerks as a third-party beneficiary.

### III. Amadi's Breach of Warranty Claims (Counts II and III)

Amadi asserts that BMW breached the express and implied warranties that BMW granted him pursuant to California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civil Code §§ 1790 et seq., and the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 et seq. In order to prevail on a breach of express warranty claim, a plaintiff must prove that the seller "(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." Viggiano v. Hansen Nat. Corp., 944 F. Supp. 2d 877, 893 (C.D. Cal. May 13, 2013). California case law suggests that privity is also a requirement for a breach of express warranty claim. Tapia v. Davol, Inc., 116 F. Supp. 3d 1149, 1161-62 (S.D. Cal. July 28, 2015) (discussing the evolution of the privity requirement in California law). BMW contends that Amadi failed to adequately plead a breach of express warranty because (i) Amadi's allegations regarding the express warranty are conclusory, (ii) Amadi failed to demonstrate privity, and (iii) BMW is not the manufacturer of the Subject Vehicle. (Doc. No. 57 at 9-10.) The Court agrees with BMW.

In the SAC, Amadi alleges that the Subject Vehicle "is and was covered by a written warranty by BMW." (SAC ¶ 15.) BMW provided him "with an express and implied warranty on the Subject Vehicle" and BMW "expressly and impliedly warranted that [the] Subject Vehicle was of merchantable quality . . . ." (Id. ¶¶ 74-75.) Amadi further alleges he suffered loss of money and property as a result of BMW's violation of these warranties. (Id. ¶¶ 77-78.) Amadi provides two exhibits in support of his claim: a Carfax vehicle report and Manheim's "InSight Condition Report" on the Subject Vehicle. (Exs. B & C to SAC.) The Carfax report states that the warranty is "active", and it is "estimated to have 11 months or 24,150 miles remaining." (Ex. B to SAC at 2.) The Insight Condition Report indicates that the Subject Vehicle has a basic warranty for 4 year or 50,000 miles. (Ex. C to SAC at 3.) Amadi alleges that approximately four months or 21,513 miles remained on the express warranty when the Subject Vehicle was purchased. (SAC ¶ 24.)

Amadi fails to plead any allegations concerning an affirmation of fact or promise made in the express warranty or a description of goods included in the express warranty. Other courts have found dismissal appropriate where a plaintiff has not properly pled the existence of an affirmation of fact or promise. See Cimoli v. Alacer Corp., 546 F. Supp. 3d 897, 905 (N.D. Cal. July 1, 2021). The Court specifically invited Amadi to attach the terms of the express warranty to his amended complaint. (April Order at 10, 14.) Amadi neither attached the warranty nor pled any allegations about its contents.

Amadi also fails to plead privity of contract or an exception to it. In Burr v. Sherwin Williams Co., 268 P.2d 1041, 1048 (Cal. 1954), the California Supreme Court stated that "[t]he general rule is that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale." The California Supreme Court recognized certain exceptions to this requirement in Burr and after Burr. Coleman v. Bos. Sci. Corp., 2011 WL 3813173, at *5 (E.D. Cal. Aug. 29, 2011) (summarizing exceptions to privity concerning foodstuffs, drugs, pesticides, and reliance on representations in labels or advertisements).

9

Since Amadi is not a third-party beneficiary, he is not in privity of contract with BMW. Thus, he must plead an exception to privity in order to bring a breach of express warranty claim. Amadi has not done so. The alleged express warranty covers the Subject Vehicle, which does not fit into a category of goods typically excepted from the privity requirement. Amadi also failed to plead reliance on BMW's representations. Id. ("reliance (or some other substitute for privity) is required for an express warranty claim against a non-selling manufacturer of a product"). Plaintiffs allege that SD Motorwerks reviewed and relied on the Carfax vehicle report and the InSight Condition Report to make a bidding decision. (SAC ¶ 24.) But Amadi does not allege that he relied on these reports, knew of the express warranty, or relied on any representations by BMW about an express warranty.

Accordingly, Amadi has failed to state a claim for breach of express warranty. As a result, his implied warranty claim must also be dismissed. As this Court explained in its April Order, Amadi's implied warranty claims depend upon the existence of an applicable express warranty. (April Order at 9-10.)

### IV. Plaintiffs' Breach of Contract Claim (Count I)

Plaintiffs added a breach of contract claim in their SAC. (SAC ¶¶ 56-71.) It appears that Plaintiffs intend to bring this claim on behalf of both SD Motorwerks and Amadi. (Id. ¶ 57.) The basis of this claim is a combination of Plaintiffs' allegations concerning unfair and deceptive acts and a failure to disclose defects to the Subject Vehicle. (Id. ¶¶ 61-68.)

The Court only granted Amadi leave to add a cause of action "for violations of an express warranty between Amadi and BMW to the extent that such amendment is supported by fact." (April Order at 14.) The Court did not grant SD Motorwerks leave to add any new claims in the SAC. The Court will consider the new claim only to the extent that it complies with the Court's previous order.[5] Amadi's breach of contract claim

---

[5] The Court dismisses the remainder of Plaintiffs' Count I. See Nacarino v. Chobani, LLC, 2022 WL 344966, at *13 (N.D. Cal. Feb. 4, 2022) (collecting cases for the proposition that "where leave to amend is given to cure deficiencies in certain specified claims, courts have

requires privity of contract.  See, e.g., Simoni v. Am. Media, Inc., 2014 WL 12597640, at *3 (C.D. Cal. July 22, 2014.)  Amadi has not sufficiently pled privity of contract between himself and BMW.  Accordingly, Amadi's breach of contract claim is dismissed.

## V.     Amadi's Remaining Fraud Claims (Counts IV and V)

Amadi alleges that BMW violated California's Unfair Competition Law ("UCL") and committed negligent misrepresentation.  The UCL prohibits "fraudulent business act[s] or practice[s.]"  Cal. Bus. & Prof. Code § 17200.  A "fraudulent" business act or practice within the meaning of the UCL is one that is likely to deceive members of the public.  Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1169 (9th Cir. 2012).  In order to show negligent misrepresentation, Amadi must prove: "misrepresentation of a past or existing material fact, without reasonable ground for believing it to be true, and with intent to induce another's reliance on the fact misrepresented; ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed; and resulting damage."  Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc., 10 Cal. Rptr. 3d 582, 590 (Cal. Ct. App. 2004) (citation omitted).

In its April Order, this Court concluded that Amadi failed to state a claim for violation of the UCL and negligent misrepresentation because Amadi did not plead that BMW made any representations to him.  (April Order at 11.)  The Court granted Amadi the opportunity to add new allegations in the SAC.  Even after amendment, Amadi does not assert any representations that BMW made to him.  (SAC ¶¶ 94-124.)  Further, Amadi does not allege that he ever had contact with BMW prior to purchasing the Subject Vehicle.  In sum, Amadi's allegations do not satisfy the particularity requirement of Fed. R. Civ. P. 9(b) for claims grounded in fraud.  See Vess, 317 F. 3d at 1104.  The SAC fails to provide any detail regarding the "who, what, when, where, and how" of the misrepresentations or other deceptive acts that allegedly occurred against Amadi.  Id. at 1106.

---

held that new claims alleged for the first time in the amended pleading should be dismissed or stricken.")

## VI. Leave to Amend

Amadi requests leave to amend if the Court finds his allegations insufficient to state a claim for relief. (Doc. No. 58 at 11.) Where a motion to dismiss is granted for failure to state a claim, the Court must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); see Telesaurus v. Indus. Tel. Ass'n, Inc., 623 F.3d 998, 1003 (9th Cir. 2010). Leave to amend should be freely granted. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992). But, the court may deny leave to amend on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" Schaffer Family Inv'rs, LLC v. Sonnier, 120 F. Supp. 3d 1028, 1038 (C.D. Cal. 2015) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The Court's discretion to deny leave is "particularly broad" where a plaintiff has previously amended. Ecological Rights Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 520 (9th Cir. 2013).

The Court concludes that further leave to amend is not warranted. This Court has granted Plaintiffs leave to amend on two prior occasions. Further, the Court described the types of allegations that would be necessary for Amadi to state his claims in its April Order, but the SAC lacks those allegations. Amadi does not provide (i) a sale contract between BMW and SD Motorwerks, (ii) the written warranty that BMW allegedly provided to Amadi, or (iii) representations made by BMW to Amadi. Amadi also fails to allege the contents of these documents or representations. See Stasi, 501 F. Supp. 3d at 920 (plaintiffs' claims survive a motion to dismiss because they alleged the existence of specific contract terms protecting their interests). Amadi never pled that he lacks access to these documents or that discovery is necessary to produce these documents or representations. In sum, Amadi did not add sufficient allegations through amendment and did not provide any reason as to why those allegations are absent. Under these circumstances, further amendment would unduly delay the resolution of this case.

## CONCLUSION

For the foregoing reasons, the Court grants BMW's motion to dismiss. The Court dismisses Plaintiff Amadi's claims against BMW with prejudice. Plaintiff SD Motorwerks' claims for violation of the UCL (Count IV) and negligent misrepresentation (Count V) against BMW remain pending as set forth in this Court's April Order.

**IT IS SO ORDERED.**

DATED: July 15, 2022

MARILYN L. HUFF, Senior District Judge
UNITED STATES DISTRICT COURT