# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPITO LLC, a Montana Limited Liability Company d/b/a San Diego Motorwerks; CHIDIEBERE AMADI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JERRY SIDERMAN, an individual; BMW FINANCIAL SERVICES NA, LLC; CENTER AUTOMOTIVE, LLC, d/b/a Center BMW; and DOES 1 through 200, inclusive,<br><br>Defendants. | Case No.: 3:21-cv-01205-H-JLB<br><br>**ORDER ON PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT** |

The Court issues this order to address Plaintiffs' request for entry of default judgment against Defendant Jerry Siderman ("Siderman"). On October 4, 2021, Plaintiffs requested that the Clerk of the Court enter default against Siderman pursuant to Fed. R. Civ. P. 55(a). (Doc. No. 32.) On July 29, 2022, the Clerk entered default as to Siderman. Plaintiffs' request suggests that Plaintiffs are also seeking the Clerk's entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(1). Rule 55(b)(1) permits the Clerk to grant default judgment if (i) the "plaintiff's claim is for a sum certain . . . ," (ii) plaintiff provides an affidavit showing the amount due, and (iii) the defendant is neither a minor nor an

incompetent person.  "[A] claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default."  Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 929 (9th Cir. 2004) (citing KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003)).  This case does not warrant the Clerk's entry of default judgment pursuant to Rule 55(b)(1).  Plaintiffs' affidavit does not state the amount of damages due, and the amount of damages sought by Plaintiffs in their proposed default judgment, which is not a sworn statement, is the full amount allegedly paid for the vehicle at issue.  (Doc. No. 32-2.)  It is uncertain whether that is the proper amount of damages for the claim that Plaintiffs assert.  (Id.)  Typically, a Clerk's entry of default is only appropriate when liquidated damages, such as those previously agreed upon by the parties or fixed by operation of law, are at issue.  See KPS & Assocs., Inc., 318 F.3d at 20.  This is not a liquidated damages case.  Accordingly, the Court concludes that Plaintiffs' request for the Clerk to enter default judgment fails the requirements of Fed. R. Civ. P. 55(b)(1).

It is also unclear whether Plaintiffs' request was also a motion for the Court to enter an order of default judgment pursuant to Fed. R. Civ. P. 55(b)(2).  To the extent Plaintiffs are seeking an order under Rule 55(b)(2), the Court notes that such a request must be a separate motion directed to this Court rather than the Clerk.  Further, Plaintiffs should note the requirement of Fed. R. Civ. P. 54(b), which states, in part, that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay."  "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."  In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001) (citing Frow v. De La Vega, 82 U.S. 552, 554 (1872)).  Plaintiffs allege that the Defendants in this case are jointly liable because "[a]t all relevant times, each of the Defendants was acting as agents, employees, assigns and/or contractors of one another."  (Doc. No. 56 at ¶ 54.)  Thus, there is an impermissible risk that a judgment on

fewer than all of the remaining Defendants would be "incongruous and unfair." In re First T.D. & Inv., Inc., 253 F.3d at 532. Accordingly, default judgment would be premature at this time.

**IT IS SO ORDERED.**

DATED: July 29, 2022

_____
MARILYN L. HUFF, Senior District Judge
UNITED STATES DISTRICT COURT