Michael A. Alfred, Esq., SBN 113716
Law Office of Michael A. Alfred
7220 Trade Street, Suite 104
San Diego, California 92121
(858) 566-6800
Attorney for Plaintiff, DIPITO LLC

Rebecca A. Caley, Bar No. 131997
CALEY & ASSOCIATES
A Professional Corporation
265 S. Randolph Avenue, Suite 270
Brea, California 92821-5777
714/529-1400
Attorney for Defendant, BMW Financial Services NA, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIPITO LLC, a limited liability company d/b/a San Diego Motorwerks** | ) Case No. 21-cv-1205-H-JLB<br>) Assigned to:  Hon. Marilyn L. Huff<br>) Referred to Magistrate Judge:  Hon. Jill L.<br>)   Burkhardt |
| Plaintiff, | ) |
| vs. | ) JOINT RULE 26(f) REPORT<br>)<br>) DEMAND FOR JURY TRIAL |
| **JERRY SIDERMAN, an individual; BMW FINANCIAL SERVICES NA, LLC; CENTER AUTOMOTIVE, LLC, d/b/a Center BMW; and DOES 1 through 200** | )<br>) Early Neutral Evaluation and<br>) Case Management Conference:<br>)<br>) DATE:        September 14, 2022<br>) TIME:        1:45 p.m.<br>) CTRM:      Zoom Video Conference |
| Defendants. | ) |
| | ) Action Filed:  July 1, 2021<br>) Trial Date:  None Set |

All Parties as represented by counsel join in this report as follows:

2030/276/Joint RULE 26(f) report                                    21-cv-1205-H-JLB

**PARTIES ATTENDING RULE 26(f) CONFERENCE**

Plaintiff DIPITO LLC, a Montana limited liability company, dba as San Diego Motorwerks ("SDM") and Defendant BMW Financial Services NA, LLC ("BMW FS") through their respective counsel, Michael A. Alfred and Rebecca A. Caley, participated in scheduling conferences on August 10, 2022 and August 19, 2022.

1.   **SYNOPSIS OF THE CASE:**

This case involves a commercial dealer only auction sale of a 2016 BMW M6 at Manheim Riverside Auto Auction ("M anheim") on January 28, 2020.  The seller was Defendant BMW Financial Services NA, LLC, erroneously named as BMW of North America ("BMW FS") and the winning bidder was California licensed auto dealer Plaintiff DIPITO LLC, a Montana limited liability company, dba as San Diego Motorwerks ("SDM").

SDM contends that the Vehicle was sold with undisclosed structural damage. SDM ordered a Post-Sale Inspection ("PSI") from Manheim which was never provided to SDM nor BMW FS at any time.  SDM requested arbitration on various warning lights and paint condition issues for the Vehicle.  Manheim informed SDM that it did not agree that the paint on the Vehicle was deficient and offered a credit of $755.  SDM sold the vehicle to Chidiebere Amada prior to knowing about any serious structural issues.  SDM alleges several months later that the vehicle had serious frame damage.  SDM requested a copy of the Inspection report from Christine Prudencio at Cox Corporate in Atlanta.  The report provided by Christine Prudencio showed a lower score of 2.4 and showed that the vehicle had structural frame damage.

SDM thereby alleges that seller BMW FS violated California Business and Professions Code Section 17200 and is liable for Deceit and/or Negligent Misrepresentation for not disclosing that the Vehicle had purported structural damage.  BMW FS does not agree that Deceit has survived the court order at

Docket 54.  SDM further alleges that BMW has a pattern and practice of selling vehicles without proper condition disclosures.

BMW FS denies the allegations and contends that it had reasonable grounds for believing that there was no structural damage to the Vehicle and that the PSI of the Vehicle by Manheim constituted a superseding cause for any damages that may have been incurred by SDM.  BMW contends that the Vehicle's condition and any damages sustained by SDM remains to be proven.

**2.**   **SUBJECT JURISDICTION**

The Southern District of California shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  BMW FS contends that any damages claimed by SDM does not exceed $75,000.  However, BMW FS is a registered limited liability company in Delaware and SDM is a limited liability owned by DIPITO LLC, a Montana limited liability company.

**3.**   **VENUE**

Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b) (2) in that a substantial part of the events, or omissions giving rise to the claims occurred herein and that BMW FS conducts business within this jurisdiction and could be found here.

**4.**   **SERVICE OF PROCESS**

Summons returned executed by SDM.  BMW FS responded as erroneously served as BMW of North America.  The clerk entered the default of Defendant Jerry Siderman.  There is no response or default as to Defendant Center Automotive Inc, dba as Center BMW, but BMW FS is informed and believes that Center BMW contends it was not properly served.

**5.**   **CONSENT TO MAGISTRATE JUDGE**

All parties do not consent.

**6.    AMENDMENTS TO PLEADINGS**

Plaintiff requests leave to amend to conform to court rulings in the Motion to dismiss at docket entry #61.

**7.    INITIAL DISCLOSURES-RULE 26.1**

The Parties have been ordered to make the initial disclosures by September 2, 2022.

**8.    FACTUAL AND LEGAL MATERIAL CONTENTIONS**

**Plaintiff SDM:**

The thrust of Plaintiff's case is that **BMW FS** sold a defective vehicle with hidden damage.  Defendants knew or should have known that the vehicle was defective. DIPITO LLC d/b/a **SD Motorwerks** purchased **the subject vehicle** from Defendants at a Manheim Auto Auction.  **MANHEIM** is a Dealer-Only auto auction.

**BMW FS** inspected the vehicle at lease end and failed to discover and failed to report known damage to the Vehicle.  **BMW FS** placed the subject vehicle, with hidden damage, for sale at MANHEIM auto auctions.  **BMW FS** had reported the condition report for the subject vehicle that had an inflated auto-grade of 3.4 but failed to report significant frame damage.  Plaintiffs later discovered (from Christine Prudencio, a COX/MANHEIM employee) another condition report for the subject vehicle that had an auto-grade of 2.4 and reporting significant frame damage.  When **DIPITO** tried to arbitrate damages to the Vehicle with MANHEIM, MANHEIM responded by offering $1,000 on a take-it or leave it settlement.  As a direct result of this arbitration, MANHEIM summarily and wrongfully terminated the auction privileges of **DIPITO**.  MANHEIM accused DIPITO of being a 51% arbitrator.  Obviously, roughly half of the vehicles purchased by DIPITO from MANHEIM had some issues of concern.

By concealing and/or misrepresenting the known damages to the subject vehicle, **BMW FS** was able to sell the subject vehicle for a price far above the fair

market value.  Plaintiffs allege that **BMW FS** has engaged in deceit and/or negligent misrepresentation by failing to disclose known structural damage to the subject vehicle.  Plaintiffs allege that **BMW FS** has a pattern and practice of selling defective vehicles at the auto auction where they make illegal profits by failing to disclose hidden damage to their auction vehicles.

### <u>California Business and Professions Code Section 17200</u>

California Business and Professions Code Section 17200 et seq. prohibits acts of unfair competition, which means and includes any "fraudulent business practice" and conduct with is "likely to deceive" and is "fraudulent" within the meaning of §17200.

**BMW FS** was the seller of the Vehicle.  **BMW FS**, through their agent, MANHEIM, produced an inspection report that reported a false score (3.4) and failed to disclose significant structural frame damage to the Vehicle.  **BMW FS's** actions were deceptive and constituted a fraudulent business act or practice.  This conduct is ongoing and continues to this day.  MANHEIM continues to report the fraudulent score in their public-facing customer website.

**BMW FS** has engaged and continues to engage in a pattern and practice of deceptive practices, including those which may be uncovered during the course of discovery.  Plaintiff alleges that **BMW FS's** misconduct, as alleged herein, gave, and has given **BMW FS** an unfair competitive advantage over their competitors.  The scheme implemented by **BMW FS**, in collusion with MANHEIM, is specifically defrauding California consumers and enriching Defendants at the expense of consumers in this State.

Plaintiff is therefore entitled to injunctive relief and attorney's fees as available under Business & Professions Code §17200 et seq. and related sections.  The acts and practices described in the forgoing paragraphs are unfair and violated the Business & Professions Code because they constitute violations of all the statutes previously listed above.

## Deceit and/or Negligent Misrepresentation

Plaintiffs were harmed because **BMW FS** negligently misrepresented a fact. **BMW FS** represented that the subject vehicle was free of major structural damage.

**BMW FS's** representations that the subject vehicle was free of structural damage were not true.  Although **BMW FS** may have honestly believed that their representations were true, **BMW FS** had no reasonable grounds for believing their representations were true when **BMW FS** made the misrepresentation.

**BMW FS** intended that the Plaintiffs rely on their misrepresentations.  In fact, DIPITO relied upon Defendant's misrepresentations to their collective detriment/harm.  As a result of their reliance on Defendant's omissions and/or misrepresentations, DIPITO suffered an ascertainable loss of money, property, and/or value of the SUBJECT VEHICLE. The compromised structural and other defective components was substantially certain to fail and are not repairable in order to make any of the SUBJECT VEHICLE safe to operate.

Because of these **BMW FS's** misrepresentations and fraudulent concealment, **DIPITO** should be entitled to damages suffered due to the actions of **BMW FS**.  **BMW FS** should be held accountable for some form of punishment for the perpetration and participation in a fraud.   As a direct and proximate result of the foregoing **BMW FS's** fraud, Plaintiffs have sustained, and continue to suffer serious injury as the proximate result of their reliance on **BMW FS's** negligent misrepresentations and failure to disclose.  The court stated as part of its Docket #54 "Plaintiffs' allegations are sufficient for SD Motorwerks to state a claim, even under the heightened fraud pleading standard, that **BMW FS** violated the UCL and committed negligent misrepresentation."

## Defendant BMW FS:

BMW FS contends that it remains to be proven that the subject Vehicle sold at auction and purchased by Plaintiff, had structural damage.  If it did have such damage, the facts will support that BMW FS had reasonable grounds to

believe that it did not have structural damage at time of sale.  Further, SDM requested a post-sale inspection from the Manheim auction that included a structural inspection.  By Manheim's own policy, any discovered structural damage precludes the Vehicle from passing the inspection.  After the post-sale inspection, Manheim represented to SDM that the Vehicle had passed.  However if the Vehicle did have structural damage and it failed to disclose such damage, this fact would constitute a superseding cause to any negligence alleged by Plaintiff, and the Vehicle sale could have been cancelled.

**9.    PROPOSED DISCOVERY PLAN**

Pursuant to Magistrate Judge Jill L. Burkhardt's Notice and Order setting Early Neutral Evaluation and Case Management Conferences Order issued on August 5, 2022, the parties are concurrently filing a separate Joint Discovery Plan.

**10.    WITNESSES TO BE CALLED TO TESTIFY AT TRIAL**

**Plaintiff SDM:**

DIPITO anticipates calling Richard Hagen, Chidiebere Amadi, Jerry Siderman, Danny Braun, Cesar Espinosa, Steve Harmon and Christine Prudencio, all of whom have first-hand knowledge of the subject vehicle.  DIPITO may identify other witnesses via document production or written discovery whose deposition may be necessary.

**Defendant BMW FS:**

BMW FS anticipates calling Ray Sheldon, Jim Rea, and an authorized BMW FS account representative that can attest to prior lease customer account documents as a Custodian of Records.  These witnesses are to be contacted through BMW FS counsel.

BMW FS also anticipates calling former Plaintiffs John Hagen, Carrie Sorrento, and Chidiebere Amadi, who allegedly purchased the Vehicle from Plaintiff.  Finally, BMW FS anticipates calling Rick Hernandez of West Coast

Specialties who inspected the Vehicle and yet unidentified Manheim representative(s) who inspected the Vehicle in Riverside and San Diego.

## 11.    ELECTRONICALLY STORED DATA

In accordance with Federal Rule 26(f)(3)(C), the parties have discussed electronically stored information and have agreed to produce electronically stored information in the format preferred by the requested party assuming said request is reasonable and not cost-burdensome for the producing party.  The parties have agreed to meet and confer in good faith concerning issues that may arise with respect to the disclosure or discovery of electronically stored information.

## 12.    FORMAL WRITTEN DISCOVERY

Pursuant to Magistrate Judge Jill L. Burkhardt's Notice and Order setting Early Neutral Evaluation and Case Management Conferences Order issued on August 5, 2022, the parties are concurrently filing a Joint Discovery Plan as a separate document from this Report.

## 13.    POTENTIAL FACT DEPOSITIONS

Pursuant to Magistrate Judge Jill L. Burkhardt's Notice and Order setting Early Neutral Evaluation and Case Management Conferences Order issued on August 5, 2022, the parties are concurrently filing a Joint Discovery Plan as a separate document from this Report.  It is estimated that between seven (7) and ten (10) fact depositions will be taken and completed no later than February 28, 2023.

## 14.    POTENTIAL TRIAL DEPOSITIONS

Pursuant to Magistrate Judge Jill L. Burkhardt's Notice and Order setting Early Neutral Evaluation and Case Management Conferences Order issued on August 5, 2022, the parties are concurrently filing a Joint Discovery Plan as a separate document from this Report.  The parties will work jointly on establishing whether there will be the need for any trial depositions subject to Rule 32.  All trial depositions will be completed no later than February 28, 2023.

**15.  LOCATION OF DEPOSITIONS, SCHEDULES, COSTS AND REMOTE APPEARANCES.**

Pursuant to Magistrate Judge Jill L. Burkhardt's Notice and Order setting Early Neutral Evaluation and Case Management Conferences Order issued on August 5, 2022, the parties are concurrently filing a Joint Discovery Plan as a separate document from this Report.  The parties have agreed that all depositions will be remote and completed no later than February 28, 2023.

**16.  NUMBER OF EXPERT WITNESSES**

At this time Plaintiff and Defendant propose to designate up to two experts each, that will be completed no later than March 28, 2023.

**17.  COMPUTATION OF DAMAGES**

**DIPITO:**

DIPITO alleges the following damages:

| | |
|---|---|
| SALE LOSS TO CHIDIEBERE AMADI | $        13,805 |
| LOST PROFIT OPPORTUNITY (AUCTION) | $  1,012,500 |
| ATTORNEY FEES | $     150,000 |
| TOTAL | $  1,176,305 |
| PUNITIVE DAMAGES (1% OF 06/22 QTR PROFITS) | $12,953,000 |
| TOTAL DAMAGE DEMAND | **$14,129,305** |

**BMW FS:**

BMW FS does not allege any damages at this time but reserves the right to do so.  BMW FS submits Plaintiff will be unable to prove the elements of its claims and denies all liability to Plaintiff for damages. However, assuming arguendo that Plaintiff proves its claims, damages are limited to a maximum of $13,805.

**18.  INSURANCE (FEDERAL RULE 26(a)(1)(A)(iv))**

**DIPITO:**

DIPITO is unaware of any insurance coverage for the claims alleged.

**BMW FS:**

BMW FS is unaware of any insurance coverage for the claims alleged.

**19.   CLAW BACK AGREEMENT OR ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE SECTION 502**

The parties do not see the present need for such an agreement.  However, the parties will request the court to reserve the right to rule on whether a special master might be appointed to review certain evidence to determine relevance and applicability to this case.

**20.   DISCOVERY ISSUES AND POTENTIAL DISPUTES**

The parties have several discussions regarding discovery and at this time do not anticipate any disputes.  The parties are confident that good faith discussions will resolve any subsequent disputes.

**21.   PROTECTIVE ORDERS**

None anticipated at this time.

**22.   POTENTIAL DISPOSITIVE MOTION**

Plaintiff and Defendant anticipate filing a Motion for Summary Judgment.

**23.   PROPOSED TRIAL DATE**

The parties are requesting a trial date on or about August 2023.

**24.   LENGTH OF TRIAL**

The parties anticipate the need for five (5) to seven (7) day jury trial.

**25.   SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

The Early Neutral Evaluation (ENE) is set for September 14, 2022.  The parties are willing to further explore further mediation should the matter not settle.  Plaintiff has made a demand and Defendant BMW FS has made a counter demand that is more fully detailed in each party's concurrently emailed ENE Statement.

We certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct:


Date:  September 2, 2022

Signature:  /s/ Michael A. Alfred

Type name:  Michael A. Alfred

Attorney for Plaintiff DIPITO LLC



Date:  September 2, 2022

Signature:  /s/ Rebecca A. Caley

Type name:  Rebecca A. Caley

Attorney for Defendant BMW Financial

Services NA, LLC