1  Timothy D. Robinett, Esq. SBN 166797
   *trobinett@manningleaver.com*
2  Gary H. Prudian, Esq. SBN 246346
   *gprudian@manningleaver.com*
3  Katherine Yang, Esq. SBN 323091
   *kyang@manningleaver.com*
4  Manning, Leaver, Bruder & Berberich, LLP
   801 S. Figueroa Street, Suite 1150
5  Los Angeles, California 90017
   Tel. (323) 937-4730
6  Fax (323) 937-6727

7  Attorneys for Defendant, Center Automotive,
   Inc. fdba Center BMW

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPITO LLC, A MONTANA LLC DBA SAN DIEGO MOTORWERKS, CHIDIEBERE AMADI, an individual.<br><br>Plaintiffs,<br><br>vs.<br><br>JERRY SIDERMAN, an individual, BMW FINANCIAL SERVICES NA, LLC, CENTER AUTOMOTIVE, INC DBA CENTER BMW and DOES 1 through 200<br><br>Defendants. | CASE NO. 3:21-cv-01205-H-JLB<br><br>*Hon. Marilyn Huff*<br><br>**DEFENDANT CENTER AUTOMOTIVE, INC. fdba CENTER BMW'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS PURSUANT TO F.R.C.P. 12(b)(5);**<br><br>*[Filed concurrently with Notice of Motion and Motion to Quash Service of Summons; Declaration of David Farguson]*<br><br>Date: October 17, 2022<br>Time: 10:30 a.m.<br>Place: Courtroom 15A |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

According to the Court's docket, Plaintiffs filed the original Complaint against multiple defendants including Center Automotive on July 7, 2021. Plaintiffs then filed a proof of service on August 10, 2021, which stated that the Summons and Complaint were personally served to "Center Automotive Inc. dba Center BMW" on August 8, 2021 at 5201 Van Nuys Blvd., Sherman Oaks, CA 91401. (Doc. 13-1). The person purportedly served was described as a "John Doe, WHO REFUSED TO GIVE NAME," "PERSON AUTHORIZED TO ACCEPT, who accepted service with direct delivery," and "Caucasian male receptionist." (Doc. 13-1). However, Center Automotive had sold its BMW dealership assets at that location earlier in the year, on or about May 27, 2021, and has no connection to the new ownership. [Declaration of David Farguson ("Farguson Decl."), ¶ 5]. David Farguson, who is Center Automotive's President and is its only registered agent for service of process, was not physically present at that location on August 8, 2021. [Farguson Decl., ¶ 2-3, 7]. The new owner changed the dealership's fictitious name to "BMW of Sherman Oaks," and both interior and exterior signage at the dealership were immediately changed to reflect the new name on or about May 27, 2021, as required by the California Department of Motor Vehicles ("DMV"). [Farguson Decl., ¶ 6]. This is not proper service, and in fact Center Automotive has never been served in this matter.

Center Automotive only recently learned that it had been named in the suit after Mr. Farguson received word lawsuit from co-defendant BMW Financial Services or about August 15, 2022. [Farguson Decl., ¶ 8].

## II. RELEVANT LEGAL STANDARD

The sufficiency of service of process may be challenged under Rule 12(b)(5) of the Federal Rules of Civil Procedure. A federal court lacks personal jurisdiction over

a defendant unless the defendant has been served in accordance with Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(k)(1). See also *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). "Neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). See also *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 853–54 (9th Cir.1992) (failed attempt at service under Federal Rules is not effective even if defendant received actual notice of action).

### III. AS AN ENTITY DEFENDANT, CENTER AUTOMOTIVE WAS NOT PROPERLY SERVED

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on domestic or foreign corporations, partnerships, or unincorporated associations. Service on such business entities may be accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, service may also be accomplished pursuant to state law in the state where the district court is located. Fed. R. Civ. P. 4(h)(1)(A).

Under California law, a corporation may be served by delivering a copy of the summons and complaint to the corporation's designated agent for service of process, or to "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Code of Civ. Proc. § 416.10.

Here, the Proof of Service (Doc. 13-1) indicates that the Summons and Complaint were served on August 8, 2021, at 5201 Van Nuys Blvd., Sherman Oaks, CA 91401, to a John Doe who refused to provide his name and was working as a

-2-

receptionist at that location on that date. However, this unnamed receptionist was not and could not have been authorized to accept service on behalf of Center Automotive under Rule 4(h)(1)(A) and 4(h)(1)(B) of the Federal Rules of Civil Procedure as well as under section 416.10 of the California Code of Civil Procedure.

The President of Center Automotive, David Farguson, is also its only registered agent for service of process. [Farguson Decl., ¶ 2-3]. Mr. Farguson was not physically present at the dealership on August 8, 2021. [Farguson Decl., ¶ 7]. In addition, Center Automotive had already sold its BMW dealership assets located at 5201 Van Nuys Blvd., Sherman Oaks, CA 91401 on or around May 27, 2021. [Farguson Decl., ¶ 5]. It no longer owned or operated the dealership after the sale and has no connection to the current ownership that has been in place since that time. [Farguson Decl., ¶ 5]. The new owner also changed the dealership's fictitious name to BMW of Sherman Oaks and has not operated the dealership under the name "Center BMW." [Farguson Decl., ¶ 6]. All external and internal signage was immediately changed on or about May 27, 2021 to reflect the dealership's new name, as required by the DMV. [Farguson Decl., ¶ 6]. The signage for BMW of Sherman Oaks would have been clearly obvious to the process server on August 8, 2021.

In sum, the unnamed receptionist working for BMW of Sherman Oaks on August 8, 2021 was not Mr. Farguson and was not authorized to accept service on behalf of Center Automotive under federal or California law. Plaintiff's attempt at serving Center Automotive at 5201 Van Nuys Blvd., Sherman Oaks, CA 91401 on August 8, 2021 was procedurally inadequate under Rule 4(h) of the Federal Rules of Civil Procedure.

To date, Mr. Farguson has not been served with the Summons and Complaint, First Amended Complaint, or Second Amended Complaint. [Farguson Decl., ¶ 9]. He only recently learned that Center Automotive had been named as a defendant in this lawsuit after receiving word from Chris Iacobucci, who is Sales and Marketing

Manager – Western Region for co-defendant BMW Financial Services, on August 15, 2022. [Farguson Decl., ¶ 8].

## IV. CONCLUSION

For all of the reasons set forth above, and pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, Center Automotive respectfully requests the Court to quash service for insufficient service of process (Fed. R. Civ. P. 4(h)).

DATE: September 9, 2022

MANNING, LEAVER, BRUDER & BERBERICH, LLP

BY s/ Katherine Yang
Katherine Yang, Esq.
Attorneys for Defendant, Center Automotive, Inc. fdba Center BMW
Email: kyang@manningleaver.com