Timothy D. Robinett, Esq. SBN 166797
*trobinett@manningleaver.com*
Gary H. Prudian, Esq. SBN 246346
*gprudian@manningleaver.com*
Katherine Yang, Esq. SBN 323091
*kyang@manningleaver.com*
Manning, Leaver, Bruder & Berberich, LLP
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Tel. (323) 937-4730
Fax (323) 937-6727

Attorneys for Defendant, Center Automotive,
Inc. fdba Center BMW

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DIPITO LLC, A MONTANA LLC DBA
SAN DIEGO MOTORWERKS,
CHIDIEBERE AMADI, an individual.

Plaintiffs,

vs.

JERRY SIDERMAN, an individual,
BMW FINANCIAL SERVICES NA,
LLC, CENTER AUTOMOTIVE, INC
DBA CENTER BMW and DOES 1
through 200

Defendants.

CASE NO. 3:21-cv-01205-H-JLB

*Hon. Marilyn Huff*

**DEFENDANT CENTER AUTOMOTIVE, INC. fdba CENTER BMW'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 41(b), 12(b)(5), AND 4(m)**

*[Filed concurrently with Notice of Motion and Motion to Dismiss; Declaration of Katherine Yang]*

Date:  January 30, 2023
Time:  10:30 a.m.
Place:  Courtroom 12A

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

3

## I.   BACKGROUND

4

The original Complaint in this action was filed on July 1, 2021.  (Doc. 1).

5 Plaintiffs then filed a First Amended Complaint ("FAC") on January 31, 2022,

6 followed by a Second Amended Complaint ("SAC") filed on May 8, 2022. (Doc. 50,

7 56).  Yet, despite the passage of all this time, and the Court granting additional time,

8 Plaintiffs have still not effected service on Defendant Center Automotive, Inc. fdba

9 Center BMW ("Center Automotive").  Accordingly, Plaintiffs' claims against Center

10 Automotive should be dismissed with prejudice.

11

Plaintiffs have contended that they attempted to serve the then-operative initial

12 Complaint on Center Automotive by personally serving a "John Doe" receptionist at

13 Center Automotive's former business location on August 8, 2021 (Doc. 13-1).

14 However, Center Automotive had sold its dealership earlier that year, on or about

15 May 27, 2021.  Over a year later, Center Automotive learned of this action for the

16 first time from Defendant BMW Financial Services NA, LLC ("BMW FS") on

17 August 15, 2022.  Center Automotive filed a motion to quash service of summons on

18 September 9, 2022 under FRCP 12(b)(5).  Plaintiffs failed to file a timely opposition,

19 and on October 6, 2022 the Court ordered Plaintiffs to either file their opposition or to

20 effect proper service on Center Automotive no later than November 5, 2022.  (Doc.

21 71).  The Court also continued the hearing on the motion to quash to October 31,

22 2022, and later to November 14, 2022.  (Doc. 71, 72).  Plaintiffs failed to either file

23 an opposition, or to effect service.

24

Center Automotive's motion to quash came on for hearing on November 14,

25 2022.  At the hearing, Plaintiffs' counsel acknowledged that they failed to comply

26 with the Court's October 6 order.  (Doc. 76).  The Court took the matter under

27 submission, and on November 16 granted the motion to quash, ordered Plaintiff

28

1

Dipito LLC ("Dipito")[1] to effect service by December 16, 2022, and ordered that it will dismiss Center Automotive from the action if it is not properly served by December 16, 2022  (Doc. 76, 77).

Neither Dipito nor any of the other Plaintiffs have effected proper service of Center Automotive as of the date of this motion, in violation of the Court's November 16, 2022 order.  Center Automotive was served with a copy of the inoperative initial Complaint, but was never served with the operative Second Amended Complaint ("SAC") despite it having been filed over seven months ago, and should have been served on Center Automotive no later than August 8, 2022. FRCP 4(m).

Due to Plaintiffs' chronic and ongoing failure to comply with the FRCP and this Court's orders, Center Automotive respectfully requests that the Court dismiss the claims against Center Automotive with prejudice pursuant to FRCP 41(b), 12(b)(5), and 4(m).

II.    **ARGUMENT**

A. **The Court Should Dismiss the Action Against Center Automotive With Prejudice Pursuant to FRCP 41(b) Due to Plaintiff Dipito's Failure to Comply With Multiple Court Orders**

The claims against Center Automotive should be dismissed with prejudice under FRCP 41(b) because Dipito failed to comply with two Court orders: (1) the Court's October 6, 2022 order to either file an opposition or serve Center Automotive, and (2) the Court's November 16, 2022 orders to properly serve Center Automotive within the additional time granted.  FRCP 4 requires service of the operative complaint.  See *West Coast Theater Corp. v. City of Portland* (9th Cir. 1990) 897 F.2d 1519, 1529.   Furthermore, "an amended complaint supersedes the original, the

---

[1] At the November 14, 2022 hearing, the Court also held a Status Conference during which Plaintiffs' counsel confirmed that Plaintiff Chidiebere Amadi's claims were to be dismissed, leaving Dipito as the only plaintiff remaining in this action. (Doc. 75, 77).

latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.* (9th Cir. 1997) 114 F.3d 1467, 1474 (internal citations omitted) (overruled on other grounds by *Lacy v. Maricopa County* (9th Cir. 2012) 693 F.3d 896, 927-28).   "[W]here an amended pleading supersedes the original complaint, 'subsequent service of the superseded prior or original pleading is improper ...'" *Gilles v. U.S.* (10th Cir. 1990) 906 F.2d 1386, 1390 (quoting Moore's Federal Practice, ¶ 15.08[7] at p. 15-95).

Dipito completely ignored the Court's October 6 order and did not even attempt to effect service on Center Automotive during that period.  (Doc. 71, 76). After this Court graciously granted Dipito another thirty days, despite its callous disregard of the first order, Dipito only served the non-operative initial Complaint, despite the SAC being the operative pleading since May 8, 2022. [Declaration of Katherine Yang ("Yang Decl."), ¶ 2].  Dipito has not served the operative SAC on Center Automotive.  [Yang Decl., ¶ 3].  As set forth in FRCP 4 and the cases cited above, serving the original Complaint was ineffective and improper service. *Gilles*, 906 F.2d at 1390.

FRCP 41(b) authorizes the involuntary dismissal of an action or of any claim against a defendant "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  A dismissal under this subdivision is considered an adjudication on the merits unless the dismissal order states otherwise.   A district court must consider five factors to determine whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Service* (9th Cir. 1987) 833 F.2d 128, 130. Dismissal is appropriate "where at least four factors support dismissal, ... or where at least three factors 'strongly' support dismissal." *Id.*

First, the Ninth Circuit has held that "the public's interest in expeditious

resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier* (9th Cir. 1999) 191 F.3d 983, 990 (superseded by statute on other grounds).

As to the second factor, district courts have an inherent interest in managing their own dockets without being subject to the will of noncompliant litigants. *Ferdik v. Bonzelet* (9th Cir. 1992) 963 F.2d 1258, 1261; see also *Yourish*, 191 F.3d at 990 ("The district court found that its interest in managing its docket favored dismissal because Plaintiffs' failure to amend had caused 'the action to come to a complete halt' and had allowed the 'Plaintiffs to control the pace of the docket rather than the Court.' ...Because the district judge was in a superior position to evaluate the effects of delay on her docket, [citation omitted], we find that this factor strongly favors dismissal.")

Pursuant to the court docket in this case, all plaintiffs have been dismissed except for Dipito, and all defendants have been dismissed except for the defaulted defendant Jerry Siderman, who has not made an appearance, and Center Automotive, who has yet to be properly served.  No other parties are active, and the case is at a standstill until Dipito properly serves Center Automotive.  Because of this, the Court's inherent interest in managing its own docket strongly favors dismissal.

The risk of prejudice to the defendant depends on "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case...Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131.  When Plaintiffs filed this suit on July 1, 2021, Center Automotive had only sold the dealership about a month earlier.  It had better access to records and potential witnesses, and those witnesses' recollections were much fresher.  By the time this motion is heard, 578 days will have passed since Plaintiffs filed suit, and they still have not served Center Automotive.  Plaintiffs' lack of diligence has severely prejudiced Center Automotive's ability to investigate the allegations and prepare a defense.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Furthermore, Plaintiffs have provided no explanation for their failure to serve within 90 days as required by FRCP 4(m), or their failure to comply with the Court's October 6, 2022 order.  There is also no conceivable excuse for Dipito's decision to serve an non-operative pleading instead of the operative SAC after the Court graciously granted an additional thirty days for service.  See also *Domino v. Cal. Dept. of Correction & Rehabilitation* (E.D. Cal. 2022) 2022 WL 16856254, *2 (finding that defendants were prejudiced where "Plaintiff's conduct has continuously impeded progress in this matter and delayed the proceedings" because plaintiff failed to amend the complaint despite being given two extensions of time to do so, failed to comply with the court's orders, and failed to timely oppose defendants' motion to dismiss).  Therefore, the third factor weighs heavily in favor of dismissal.

"The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan* (9th Cir. 1986) 779 F.2d 1421, 1424.  Consideration of less drastic alternatives can be met where the district court has offered at least one extension of time for plaintiff to correct its actions.  See *Ferdik*, 963 F.2d at 1262 ("Here the fact that the district court first allowed Ferdik an additional thirty days in which to amend his complaint to bring it into compliance... constituted an attempt at a less drastic sanction to that of outright dismissal.")  In addition, "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Id*.  Here, the Court has already utilized multiple lesser sanctions.  After Plaintiffs failed to oppose Center Automotive's motion to quash service, the Court's October 6 order gave Plaintiffs additional time to either file an opposition or to serve Center Automotive.  Even after Plaintiffs disobeyed the October 6, 2022 order, the Court still granted another thirty days to properly serve Center Automotive, but with a warning that failure to obey the Court's order this time would result in dismissal of Center Automotive.  Dipito, by

5

not serving the operative pleading, is apparently testing the Court's resolve. The Court cannot continue to reward Dipito for disregarding its orders and failing to respect the Court's time, let alone Center Automotive's. The Court tried less severe alternatives, and they turned out to be ineffective. Thus, this factor also weighs heavily in favor of dismissal.

Given that four of these factors weigh heavily in favor of dismissal, this Court should dismiss the claims against Center Automotive with prejudice pursuant to FRCP 41(b).

**B. Center Automotive Should Be Dismissed for Insufficient Service of Process Pursuant to FRCP 12(b)(5)**

As discussed above in detail, Plaintiffs have failed to effect proper service on Center Automotive, despite filing suit 578 days prior to this hearing, and filing the SAC 267 days prior. Serving Center Automotive with a stale, inoperative complaint does not constitute effective service under FRCP 4.

FRCP 12(b)(5) authorizes dismissal if service of process is not properly completed. Moreover, a district court does not have personal jurisdiction over a defendant unless the defendant has been properly served. FRCP 4(k)(1); *Omni Capital Intern., Ltd. V. Rudolf Wolff & Co., Ltd.* (1987) 484 U.S. 97, 104 (superseded by statute on other grounds). As noted above, FRCP 4 requires service of the operative complaint. See *West Coast Theater*, 897 F.2d at 1529. Service of a prior pleading is improper if it has already been superseded by an amended pleading. *Gilles*, 906 F.2d at 1390. "Federal Rule of Civil Procedure 12(b)(5) provides a mechanism for dismissal of an action for improper or untimely service in violation of Rule 4." *Retractable Technologies, Inc. v. Occupational & Medical Innovations, Ltd.* (E.D. Tex. 2008) 253 F.R.D. 404, 405.

Despite having ample time to have effected service on Center Automotive, including two extensions of time from this Court, Plaintiffs have not served the

6

operative pleadings.  [Yang Decl., ¶ 2-3].  Accordingly, Center Automotive's motion should be granted under FRCP 12(b)(5).

**C. Center Automotive Should Be Dismissed Pursuant to FRCP 4(m) for Failure To Timely Serve**

In addition to the grounds set forth above, this Court should also dismiss Center Automotive on the basis of Plaintiffs' failure to timely serve under FRCP 4(m), which requires that a defendant must be served within ninety days after filing the complaint, and holds failure to do so without good cause is grounds for dismissal.

Plaintiffs have not and cannot show good cause for their failure to serve, especially after they completely ignored this Court's October 6, 2022 order, and failed to comply with its November 16, 2022 order.  Plaintiffs are well beyond the ninety day mark.  In fact, as of the date of this hearing, 578 days will have passed since the suit was filed, and 267 since the operative SAC was.

Accordingly, in addition to FRCP 41(b) and 12(b)(5), the matter should also be dismissed under FRCP 4(m).

**III.   CONCLUSION**

For all of the reasons set forth above, and pursuant to FRCP 41(b), 12(b)(5), and 4(m), Center Automotive respectfully requests the Court to dismiss the claims against Center Automotive with prejudice.

DATE: December 21, 2022                    MANNING, LEAVER, BRUDER & BERBERICH, LLP


                                           BY s/ Katherine Yang
                                              Katherine Yang, Esq.
                                              Attorneys for Defendant, Center
                                              Automotive, Inc. fdba Center BMW
                                              Email: kyang@manningleaver.com

7