UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPITO LLC, a Montana Limited Liability Company d/b/a San Diego Motorwerks; CHIDIEBERE AMADI, an individual,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>JERRY SIDERMAN, an individual; BMW FINANCIAL SERVICES NA, LLC; CENTER AUTOMOTIVE, LLC, d/b/a Center BMW; and DOES 1 through 200, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:21-cv-01205-H-JLB<br><br>**ORDER GRANTING DEFENDANT CENTER AUTOMOTIVE, INC.'S MOTION TO DISMISS**<br><br>[Doc. No. 78] |

On December 21, 2022, Defendant Center Automotive, Inc. ("Center") filed a motion to dismiss for insufficient service of process. (Doc. No. 78.) Plaintiff Dipito LLC ("Plaintiff") failed to file an opposition to the motion to dismiss within the time limits prescribed under Civil Local Rule 7.1(e)(2). On January 18, 2023, the Court issued an

order granting Plaintiff an additional two weeks to file an opposition.[1] (Doc. No. 79.) To date, Plaintiff has not filed an opposition.

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that the motion is fit for resolution without oral argument and submits the motion on the parties' papers. For the following reasons, the Court grants Center's motion to dismiss without prejudice.

## BACKGROUND

Plaintiff is an enterprise that purchases and resells vehicles.[2] (SAC ¶¶ 1, 15.) Center is a retailer of BMW vehicles and a certified BMW vehicle repair facility located in Sherman Oaks, California. (Id. ¶ 6.) The "Subject Vehicle" is a 2016 BMW M6 CPE. (Id.) Center leased the Subject Vehicle to Defendant Jerry Siderman ("Siderman") beginning on August 1, 2016. (Id. ¶¶ 6, 21.) BMW Financial Services NA, LLC ("BMW"), who is no longer a defendant in this case, financed his lease.[3] (Id. ¶¶ 3, 21.) The Subject Vehicle was allegedly damaged during the life of Siderman's lease. (Id. ¶¶ 18, 24, 29.) At the end of 2019, Siderman returned the Subject Vehicle to BMW. (Id. ¶ 21.) BMW then sold the car to Plaintiff via auction on January 28, 2020. (Id. ¶ 23.) Amadi purchased the Subject Vehicle from Plaintiff on February 4, 2020. (Id. ¶ 28.) Over the next six months, Amadi serviced the Subject Vehicle at BMW locations on 11 occasions and spent at least several thousand dollars on repairs. (Id. ¶¶ 30-40.) Plaintiff alleges that

---

[1] Plaintiff's opposition was due on January 13, 2023 and the Court gave Plaintiff until January 27, 2023 to file an opposition. (Doc. No. 79.)

[2] As of the time of this Order, the entity "Euromotorwerks" and the individuals Chidiebere Amadi ("Amadi"), Richard John Hagen, and Carrie Sorrento are no longer plaintiffs in this case. (Doc. Nos. 49, 54, 77.)

[3] As of the time of this Order, the entities BMW and Carfax, Inc. and the auctioneer entities Manheim Investments, Inc. (d/b/a Manheim Riverside), Greater Nevada Auto Auctions, LLC (d/b/a Manheim Nevada), and NextGear Capital—and their employees—Danny Braun, Cesar Espinosa, and Steve Harmon, are no longer defendants in this case. (Doc. Nos. 49, 54, 61, 77.)

Center provided mechanical and other repairs to the Subject Vehicle and failed to report known damage to it. (Id. ¶¶ 6, 47, 53, 99, 114.)

Plaintiff filed its original complaint on July 1, 2021. (Doc. No. 1.) On August 10, 2021, Plaintiff filed a proof of service for Center that referenced a "John Doe" who accepted service on August 8, 2021. (Doc. No. 13-1.) Plaintiff then filed a first amended complaint ("FAC") on January 31, 2022 and a seconded amended complaint ("SAC") on May 8, 2022. (Doc. Nos. 50, 56.)

On September 9, 2022, Center appeared and filed its first motion to dismiss for insufficient service of process. (Doc. No. 68.) On October 6, 2022, the Court issued an order granting Plaintiff an additional two weeks to file an opposition, or thirty (30) days to correct service of process on Center (the "October Order"). (Doc. No. 71.) In the October Order, the Court indicated that it was inclined to grant Center's motion to dismiss because Center provided a declaration stating that on May 27, 2021 it sold and no longer owned or operated its dealership at 5201 Van Nuys Blvd., Sherman Oaks, CA 91401—well before a "John Doe" accepted service there on August 8, 2021. (Doc No. 68-2.) The declaration also provided that David Farguson, the registered agent for service of process for Center, was not present at the dealership on August 8, 2021. (Id.) Plaintiff neither filed an opposition nor corrected service of process on Center within the time specified in the Court's October Order.

On November 14, 2022, the Court held a hearing on the motion where Michael Alfred appeared for Plaintiff and Katherine Yang appeared for Center. (Doc. No. 76.) At the hearing, counsel acknowledged that they had not corrected service of process on Center. (Id.) On November 16, 2022, the Court used its discretion to issue an order quashing Plaintiff's service of process on Center and granted Plaintiff an additional thirty (30) days to perfect service of process on Center (the "November Order"). (Id.) The November Order stated that "Plaintiff Dipito must perfect service of process on Center no later than thirty days (30) from that date this Order is filed." (Id.) To date, Plaintiff has not filed proof that it properly served Center.

## DISCUSSION

### I. Legal Standard

Center moves to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 4.[4] Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process. Fed. R. Civ. P. 12(b)(5). Once a party challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). Rule 4(m) requires defendants to be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). If a defendant is not served during that time period the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. A plaintiff, however, can prove timely service or show good cause for his failure to effect timely service. Id. If a plaintiff is unable to satisfy his burden, the court has discretion to dismiss an action or retain the action and quash service of process. See Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

### II. Analysis

Plaintiff failed to meet its burden of establishing that it timely served Center and Plaintiff failed to show good cause for its failure to effect timely service. Plaintiff's failures warrant dismissal. See, e.g., Stevens, 538 F.2d at 1389 (9th Cir. 1976); Williams v. Liu, No. SA SV 20-0382, 2020 WL 4873539, at *1 (C.D. Cal. June 19, 2020) (dismissing the action without prejudice for plaintiff's failure to effect service within a specified time). Here, the Court exercised its discretion to quash service of process on Center, rather than dismiss Center, in its November Order. Then, in accordance with Rule 4(m), the Court ordered that service be made within thirty (30) days of the November Order's filing date—a December 16, 2022 deadline. Plaintiff failed to meet that deadline, never applied for an

---

[4] Center also moves to dismiss under Fed. R. Civ. P. 41(b). The Court need not address Center's alternative base for dismissal in light of its ruling on Center's other grounds for dismissal.

extension of time to serve Center, and, to date, has not adequately served Center.[5]  The Court therefore grants Center's motion to dismiss because Plaintiff has not met its burden of establishing timely service and it has not proffered any reason for its failure to do so.

## CONCLUSION

For the reasons set forth above, the Court grants Center's motion to dismiss and dismisses Center from the action without prejudice.  The action will proceed with Plaintiff's claims against the remaining Defendant Jerry Siderman.

**IT IS SO ORDERED.**

DATED: February 13, 2023

MARILYN L. HUFF, Senior District Judge
UNITED STATES DISTRICT COURT

---

[5]  Center indicated in the present motion that on November 30, 2022 Plaintiff served the non-operative initial complaint on Mr. Farguson. (Doc. Nos. 78, 78-2.)  However, serving a non-operative complaint does not comply with the requirements of Rule 4.  See, e.g., Morris v. Barra, No. 10-CV-2642-AJB (BGS), 2014 WL 29721, at *17 (S.D. Cal. Jan. 3, 2014) ("If the original complaint has been superseded by an amended complaint, service is ineffective if the original (rather than the amended) complaint is served."); Hughes v. Equity Plus Financial, No. 09cv2927 BTM (RBB), 2010 WL 4723711, at *4 (S.D. Cal. Nov. 15, 2010) (same); Patel v. Dameron Hosp., No. CIV S-99-1275 DFL PAN PS, 2000 WL 35619441, at *4 (E.D. Cal. June 23, 2000) (same).  Additionally, Plaintiff's conduct here is particularly egregious as it attempted to serve a copy of a complaint that had been superseded twice.  Thus, Plaintiff's service of its original complaint was ineffective because it had been superseded by the FAC and SAC.