UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPITO LLC, a Montana Limited Liability Company d/b/a San Diego Motorwerks; CHIDIEBERE AMADI, an individual,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>JERRY SIDERMAN, an individual; BMW FINANCIAL SERVICES NA, LLC; CENTER AUTOMOTIVE, LLC, d/b/a Center BMW; and DOES 1 through 200, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:21-cv-01205-H-JLB<br><br>**ORDER:**<br><br>**(1) REGARDING PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT AND ORDERING SUPPLEMENTAL BREIFING; AND**<br><br>[Doc. No. 84.]<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>[Doc. No. 86.] |

　　The Court issues this order to address Plaintiff Dipito LLC's ("Plaintiff") request for entry of default judgment against Defendant Jerry Siderman ("Siderman") and Plaintiff's motion for attorneys' fees. On March 2, 2023, Plaintiff requested that the Court enter default against Siderman pursuant to Fed. R. Civ. P. 55(b). (Doc. No. 84.) On March 3, 2023, Plaintiff filed a motion for attorneys' fees (the "Motion"). (Doc. No. 86.) A hearing on the Motion is currently scheduled for April 3, 2023. (<u>Id.</u>) For the following reasons, the Court orders Plaintiff to submit supplemental briefing regarding its request for entry of default judgment and denies Plaintiff's Motion for attorneys' fees without prejudice.

  Plaintiff's is asking the Court to enter an order of default judgment pursuant to Fed. R. Civ. P. 55(b)(2).  Here, Plaintiff's request fails to analyze the <u>Eitel</u> factors that would enable the Court to determine whether entry of default is justified under Rule 55(b)(2).  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  The <u>Eitel</u> factors require Plaintiff to analyze: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim [against Siderman], (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  <u>Id.</u>  Without this analysis, the Court is unable to determine whether an entry of default judgment is appropriate.  Accordingly, the Court orders Plaintiff to submit supplemental briefing that addresses all of the <u>Eitel</u> factors.  <u>See, e.g.</u>, <u>Boynton v. USA,</u> No. 11-cv-0623-MCE-EFB, 2016 WL 915837, at *1 (E.D. Cal. Mar. 10, 2016) (ordering parties to submit supplemental briefs addressing <u>Eitel</u> factors); <u>Tom Ver LLC v. Organic Alliance, Inc.</u>, No.13-cv-3505-LHK, 2015 WL 6957483, at *2 (N.D. Cal. Nov. 11, 2015) (the court denied motion for default judgment two times because the plaintiff failed to cite a single case and did not address the <u>Eitel</u> factors).

  For example, under <u>Eitel</u> factor four, Plaintiff's request has provided insufficient proof or documentary evidence to support the proposed judgment amount of $185,277.00—$53,050.00 in damages for the subject vehicle and $130,516.00 in attorneys' fees.[1]  (Doc. No. 84-1 Ex. D; Doc. No. 84-2 at 2.)  The rule that factual allegations of the complaint are taken as true does not apply to the amount of damages.  <u>TeleVideo Sys, Inc. v. Heidenthal</u>, 826 F.2d 915, 917–18 (9th Cir. 1987) (citation omitted).  Allegations of damages must be proven.  <u>Geddes v. United Fin. Grp.</u>, 559 F.2d 557, 560 (9th Cir. 1977).  Here, Plaintiff seeks $53,050.00 in damages for the entire amount paid for the subject

---

[1] The remaining $1,711.00 comes from Plaintiff's request for various fees. (Doc. No. 84-1 Ex. D; Doc. No. 84-2 at 2.)

vehicle. (Doc. No. 84-1, Declaration of Michael Alfred, ¶ 9.) Plaintiff does not provide documentary evidence showing that Plaintiff is entitled to the entire purchase price of the subject vehicle. Plaintiff asserts that Siderman concealed and failed to disclose "known structural and other safety defects," "major insurance claims made and paid," and "the extent of body/paint damage to the subject vehicle." (Id.) Plaintiff, however, does not provide invoices related to those issues. Instead, Plaintiff points the Court to an exhibit attached to the complaint that is an invoice for the purchase price of the car. (Id.) Such evidence is insufficient and must be supplemented in Plaintiff's supplemental briefing. Geddes, 559 F.2d at 560.

Additionally, the Court orders Plaintiff to include in its supplemental briefing for its request for default judgment an appropriate analysis regarding attorneys' fees. If a plaintiff is entitled to "reasonable" attorney fees by contract or statute, the court will determine the amount to be awarded as part of a request for default judgment. See Vogel v. Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1158–59 (9th Cir. 2018). Here, Plaintiff filed a separate Motion for attorneys' fees. (See Doc. No, 86.) Plaintiff's Motion for attorneys' fees must be included as part of Plaintiff's request for default judgment. Additionally, Plaintiff's Motion fails to point to evidence of a contract between the parties where "the contract specifically provides that attorney's fees and costs . . . shall be awarded" as required by California Civil Code section 1717. Cal. Civ. C. § 1717. Accordingly, the Court denies without prejudice Plaintiff's motion for attorneys' fees and vacates the motion's hearing date set for April 3, 2023. The Court orders Plaintiff to include in its supplemental briefing: (i) an analysis regarding attorneys' fees that points to an applicable contract or statute and (ii) an analysis of the appropriate amount of attorneys' fees under the lodestar method.[2] Vogel, 893 F.3d at 1158–59.

---

[2]   The Court notes that this analysis should also apply to the $75,515.50 in attorneys' fees awarded to Manheim Auto Auction that Plaintiff seeks. (Doc. No. 84-1, Declaration of Michael Alfred, ¶ 11, Ex. C Scanned Page.) Plaintiff's analysis is a single sentence in a declaration and Plaintiff's evidence is a lone scanned page that appears to be from an

Further, Plaintiff's supplemental briefing must comply with the local rules of the Southern District of California (the "Local Rules"), and specifically the requirements of Local Rule 7.1. See Civ. L. R. 7.1 ("[T]he provisions of this rule will apply to motions . . . or other request[s] for ruling by the Court.")  For example, Rule 7.1(f) provides that "[e]ach motion or other request for ruling by the Court must include within it a Memorandum of Points and Authorities in support of the motion." Civ. L. R. 7.1(f).  Here, Plaintiff's request for default judgment is not compliant with the Local Rules.  (See generally Doc. No. 84.)  Accordingly, Plaintiff's supplemental briefing must comply with the Local Rules and specifically Rule 7.1.

In sum, the Court orders Plaintiff to submit supplemental briefing for its request for default judgment that: (i) analyzes each of the Eitel factors; (ii) includes an analysis for attorneys' fees that points to an applicable contract or statute and analyzes the appropriate amount of attorneys' fees under the lodestar method; and (iii) complies with the requirements of the Local Rules.  The Court denies Plaintiff's Motion for attorneys' fees without prejudice and vacates the April 3, 2023 hearing date.  (Doc. No. 86.)

**IT IS SO ORDERED.**

DATED: March 28, 2023

MARILYN L. HUFF, Senior District Judge
UNITED STATES DISTRICT COURT

---

arbitral award that states that Manheim Auto Auction is entitled $75,515.50 in attorney's fees and costs based on terms that govern an arbitration.  (Id.)  Such analysis and evidence are insufficient and must be supplemented.  Geddes, 559 F.2d at 560.