PETER K. LEVINE, ESQ.  SBN: 113672
**PETER K. LEVINE, A PROFESSIONAL LAW CORP.**
5455 WILSHIRE BLVD., SUITE 1250
LOS ANGELES, CA 90036
TELEPHONE: (323) 934-1234
FACSIMILE: (323) 934-1230

Attorney for Defendant Jerry Siderman

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPITO LLC, A MONTANA LLC DBA SAN DIEGO MOTORWERKS, CHIDIEBERE AMADI, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> JERRY SIDERMAN, an individual, BMW FINANCIAL SERVICES NA, LLC, CENTER AUTOMOTIVE, INC DBA CENTER BMW and DOES 1 through 200, <br><br> Defendants. | Case No. 3:21-cv-01205-H-JLB <br><br> Judge:  Hon. Marilyn L. Huff <br><br> **DEFENDANT JERRY SIDERMAN'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT.** <br><br> TRIAL DATE:         NOT SET <br> DATE ACTION FILED:   JULY 1, 2021 <br><br> <u>**DEFENDANT HEREBY DEMANDS JURY TRIAL**</u> |

Defendant, JERRY SIDERMAN ("SIDERMAN"), hereby answers plaintiff Dipito LLC, a Montana LLC DBA San Diego Motorwerks' ("Plaintiff") Second Amended Complaint ("SAC") on file herein and admits, denies and alleges as follows:

<u>**GENERAL DENIAL**</u>

Pursuant to the provisions of Federal Rules of Civil Procedure, Rule 8(b) and (c), SIDERMAN denies, generally and specifically, each and every allegation contained in the SAC and further denies that Plaintiff has been damaged in the sum alleged, or in any sum, or at all.

///

Further answering the SAC, and each specific allegation contained therein, SIDERMAN answers as follows:

1. Answering paragraph 1, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

2. Answering paragraph 2, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

3. Answering paragraph 3, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

4. Answering paragraph 4, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

5. Answering paragraph 5, SIDERMAN denies he is known as Maxwell Siderman, and admits he resided in Tarzana, Calif.

6. Answering paragraph 6, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

7. Answering paragraph 7, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

8. Answering paragraph 8, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

9. Answering paragraph 9, SIDERMAN denies all of the allegations contained therein as the SAC's cause of action under Magnuson-Moss Consumer Warranty Act, 15 U.S.C. 2308 is not pled against SIDERMAN and, upon information and belief, has been dismissed with prejudice as to remaining Plaintiff Dipito LLC, a Montana LLC DBA San Diego Motorwerks.

10. Answering paragraph 10, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein as there are no federal claims against SIDERMAN.

11. Answering paragraph 11, SIDERMAN denies all of the allegations contained therein as the SAC does not allege a federal claim for declaratory relief against SIDERMAN or anyone.

///

12. Answering paragraph 12, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

13. Answering paragraph 13, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

14. Answering paragraph 14, SIDERMAN admits that he conducts business in California, but denies the remaining allegations contained therein.

15. Answering paragraph 15, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

16. Answering paragraph 16, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

17. Answering paragraph 17, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

18. Answering paragraph 18, lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

19. Answering paragraph 19, SIDERMAN denies the allegations contained therein.

20. Answering paragraph 20, SIDERMAN denies the allegations contained therein.

21. Answering paragraph 21, SIDERMAN admits that he leased a 2016 BMW M6 from Center, financed his lease through BMW, and returned the vehicle at the end of the lease term. SIDERMAN admits he and his son drove the BMW.

22. Answering paragraph 22, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the remaining allegations and on that basis, denies all of the allegations contained therein.

23. Answering paragraph 23, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the remaining allegations and on that basis, denies all of the allegations contained therein.

24. Answering paragraph 24, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

///

25. Answering paragraph 25, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

26. Answering paragraph 26, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

27. Answering paragraph 27, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

28. Answering paragraph 28, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

29. Answering paragraph 29, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

30. Answering paragraph 30, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

31. Answering paragraph 31, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

32. Answering paragraph 32, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

33. Answering paragraph 33, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

34. Answering paragraph 34, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

35. Answering paragraph 35, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

36. Answering paragraph 36, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

37. Answering paragraph 37, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

38. Answering paragraph 38, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

39. Answering paragraph 39, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

40. Answering paragraph 40, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

41. Answering paragraph 41, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

42. Answering paragraph 42, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

43. Answering paragraph 43, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

44. Answering paragraph 44, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

45. Answering paragraph 45, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

46. Answering paragraph 46, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

47. Answering paragraph 47, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

48. Answering paragraph 48, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

49. Answering paragraph 49, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

50. Answering paragraph 50, SIDERMAN denies the allegations contained therein.

51. Answering paragraph 51, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

52. Answering paragraph 52, SIDERMAN denies the allegations contained therein.

53. Answering paragraph 53, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

54. Answering paragraph 54, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

55. Answering paragraph 55, SIDERMAN denies the allegations contained therein as this matter does not involve a mortgage loan.

**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT [Against All Defendants]**

56. Answering paragraph 56, SIDERMAN incorporates his responses to each of the foregoing paragraphs as if set forth herein.

57. Answering paragraph 57, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

58. Answering paragraph 58, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

59. Answering paragraph 59, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

60. Answering paragraph 60, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

61. Answering paragraph 61, SIDERMAN denies the allegations contained therein as to him. SIDERMAN lacks sufficient information and belief to enable him to admit or deny the balance of the allegations and on that basis, denies all of the allegations contained therein.

62. Answering paragraph 62, SIDERMAN denies the allegations contained therein as to him. SIDERMAN lacks sufficient information and belief to enable him to admit or deny the balance of the allegations and on that basis, denies all of the allegations contained therein.

63. Answering paragraph 63, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

64. Answering paragraph 64, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

65. Answering paragraph 65, SIDERMAN denies the allegations contained therein and denies owing an affirmative duty to Plaintiffs. SIDERMAN lacks sufficient information and belief to enable

him to admit or deny the balance of the allegations and on that basis, denies all of the allegations contained therein.

66. Answering paragraph 66, SIDERMAN denies the allegations contained therein as to him. SIDERMAN lacks sufficient information and belief to enable him to admit or deny the balance of the allegations and on that basis, denies all of the allegations contained therein.

67. Answering paragraph 67, SIDERMAN denies the allegations contained therein and denies owing an affirmative duty to Plaintiffs. SIDERMAN lacks sufficient information and belief to enable him to admit or deny the balance of the allegations and on that basis, denies all of the allegations contained therein.

68. Answering paragraph 68, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

69. Answering paragraph 69, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

70. Answering paragraph 70, SIDERMAN denies the allegations contained therein and denies owing an affirmative duty to Plaintiffs. SIDERMAN lacks sufficient information and belief to enable him to admit or deny the balance of the allegations and on that basis, denies all of the allegations contained therein.

71. Answering paragraph 71, SIDERMAN denies the allegations contained therein as to him. SIDERMAN lacks sufficient information and belief to enable him to admit or deny the balance of the allegations and on that basis, denies all of the allegations contained therein.

**FOURTH CAUSE OF ACTION VIOLATION OF CA. BUS. AND PROFESSIONS CODE § 17200 et seq., [Against All Defendants]**

72. Answering paragraph 94, SIDERMAN incorporates his responses to each of the foregoing paragraphs as if set forth herein.

73. Answering paragraph 95, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

///

74. Answering paragraph 96, SIDERMAN denies the allegations contained therein as to him. SIDERMAN lacks sufficient information and belief to enable him to admit or deny the balance of the allegations and on that basis, denies all of the allegations contained therein.

75. Answering paragraph 97, SIDERMAN denies the allegations as to him. SIDERMAN lacks sufficient information and belief to enable him to admit or deny the balance of the allegations and on that basis, denies all of the allegations contained therein.

76. Answering paragraph 98, SIDERMAN denies the allegations contained therein as to him. SIDERMAN lacks sufficient information and belief to enable him to admit or deny the balance of the allegations and on that basis denies all of the allegations contained therein.

77. Answering paragraph 99, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

78. Answering paragraph 100, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

79. Answering paragraph 101, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

80. Answering paragraph 102, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

81. Answering paragraph 103, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

///
///
///
///

## FIFTH CAUSE OF ACTION DECEIT AND/OR NEGLIGENT MISREPRESENTATION

### [Against All Defendants]

82. Answering paragraph 104, SIDERMAN incorporates his responses to each of the foregoing paragraphs as if set forth herein.

83. Answering paragraph 105, SIDERMAN lacks sufficient information and belief to enable him to admit or deny the allegations and on that basis, denies all of the allegations contained therein.

84. Answering paragraph 106, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

85. Answering paragraph 107, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

86. Answering paragraph 108, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

87. Answering paragraph 109, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

88. Answering paragraph 110, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

89. Answering paragraph 111, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein..

90. Answering paragraph 112, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

///

91. Answering paragraph 113, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

92. Answering paragraph 114, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

93. Answering paragraph 115, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

94. Answering paragraph 116, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

95. Answering paragraph 117, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

96. Answering paragraph 118, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

97. Answering paragraph 119, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

98. Answering paragraph 120, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

99. Answering paragraph 121, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

///

100.     Answering paragraph 122, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

101.     Answering paragraph 123, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

102.     Answering paragraph 124, SIDERMAN denies the allegations contained therein as to him, but lacks sufficient information and belief to enable him to admit or deny the remaining allegations contained therein and on that basis, denies all of the allegations contained therein.

## **AFFIRMATIVE DEFENSES**
## **FIRST AFFIRMATIVE DEFENSE**

103.     SIDERMAN asserts that Plaintiff's SAC fails to state a claim against SIDERMAN upon which relief can be granted.  Among other things:  SIDEMAN owed no duty to the Plaintiff or Amadi, who allegedly purchased the BMW from SD Motorwerks on February 4, 2020.  Plaintiff does not allege that Defendant Siderman or BMW intended – or knew or had reason to know – that Plaintiff or Amadi would be the recipient of any benefits.  There are no allegations that Defendant had a contractual relationship with the Plaintiff.  There was no contractual relationship (privity of contract) between the Plaintiff, Amadi and Defendant.  Plaintiff has not alleged that Defendant knew or had reason to know that Plaintiff or Amadi would purchase the BMW.  There was a failure of consideration.  As currently pled, the contract claim is barred based on res judicata and law of the case.

104.     With respect to the 4th Claim, there is no legal §17200 cause of action against Defendant because he was not engaged in a business act, business, practice, or business conduct, and because Defendant owed Plaintiff no duty to disclose.

105.     With respect to the 5th Claim for Deceit and/or Negligent Misrepresentation, Defendant Siderman owed no duty of disclosure to the Plaintiff and made no misrepresentations or false statements.  There was no foreseeable duty owed to the Plaintiff by Defendant.  Upon information and belief, BMW was the lessor, title owner, and seller.  There are no specific allegations that Defendant ever made any

representations to the Plaintiff, and that Plaintiff was the express third-party beneficiary of Siderman's BMW lease. Nor has Plaintiff alleged any damages if Amadi paid SD Motorwerks for the BMW.

## SECOND AFFIRMATIVE DEFENSE

106. SIDERMAN has acted in good faith and without malice or intent to injure Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

107. Defendant affirmatively alleges that in connection with any and all of plaintiff's allegations pertaining to or referring to alleged damages, and defendant's denial of each and all of the said allegations, and without limiting the generality of the foregoing, or any part thereof, defendant hereby specifically denies that plaintiff is, has been, or will be damaged in any way or amount alleged, in any amount whatsoever, or at all, from any acts or omissions of this Defendant, and specifically denies that plaintiff is, has been, or will be entitled to any general, compensatory, or other damage, or relief as alleged, sought or referred to, or any other relief at all, and defendant affirmatively alleges that plaintiff has not been and will not be damaged or entitled to recover damages of any type or kind, in any amount whatsoever, or at all.

108. SIDERMAN alleges that the damages alleged to have been sustained by Plaintiff, if any, the face of which is denied on information and belief, were solely and proximately caused and/or contributed to by third parties, including agents of Plaintiff, and SIDERMAN is in no way responsible for, or liable to, Plaintiff for the wrongful or negligent acts or omissions on the part of third parties.

109. Defendant is therefore entitled to a reduction in any judgment or recovery as against him, if any, by the plaintiff, in direct proportion to the percentage of fault attributable to other third parties, including the Plaintiff.

110. Defendant alleges that if it should be established that defendant is in any manner legally responsible for plaintiff's alleged damages, which defendant denies, defendant would be entitled to indemnity and/or contribution from plaintiff and/or other third parties in direct proportion to plaintiff's and/or other third parties' negligence or other actionable conduct which proximately caused or contributed to plaintiff's alleged damages, if any. Defendant is entitled to a judicial determination of the percentage of the fault of each person who is a proximate cause of the alleged injuries sustained, including plaintiff.

111. Pursuant to California Civil Code sections 1431.1 through 1431.5 inclusive, plaintiff is barred and precluded from recovering against defendant on the Second Amended Complaint for any non-economic damages except those allocated to defendants in direct proportion to their percentage of fault, if any such fault or damages there be.

### FOURTH AFFIRMATIVE DEFENSE

112. To the extent that SIDERMAN could be found liable, and he is not liable, Plaintiff was comparatively/contributorily negligent. Upon information and belief, Plaintiff was careless and negligent in and about the matters alleged in the Second Amended Complaint, and that said carelessness and negligence on the part of the plaintiff proximately contributed to the happening of plaintiff's injuries, loss and/or damage, if any, allegedly sustained.

113. Defendants further allege that the direct and proximate cause of any and all of plaintiff's alleged damages, the fact of which is expressly denied, were unforeseeable actions of others, which constitute supervening, superseding, or intervening causes for which defendants are not liable. Thus, plaintiff's alleged injuries, damages, and/or losses, if any, are not recoverable from defendants.

114. In the alternative, any damages which plaintiff may be entitled to recover against defendant must be reduced to the extent such damages are attributable to the intervening acts and/or omissions of persons other than defendant. Therefore, any damages awarded to plaintiff shall be diminished in proportion to the amount of fault attributed to plaintiff as well as third-parties.

### FIFTH AFFIRMATIVE DEFENSE

115. SIDERMAN alleges that Plaintiff has not sustained any damages as a consequence of the conduct alleged in SAC and can state no claim for damages against SIDERMAN based thereon.

### SIXTH AFFIRMATIVE DEFENSE

116. SIDERMAN alleges that any damages sought by Plaintiff were proximately caused by Plaintiff's own failure to use reasonable means to prevent the alleged damage and due to its failure to use reasonable means to mitigate the damages.

### SEVENTH AFFIRMATIVE DEFENSE

117. SIDERMAN alleges that by reason of the knowledge, statements, conduct, approval, authorization and/or ratification by Plaintiff, or its agents, and assumption of risk, Plaintiff is estopped from recovery herein.

### EIGHTH AFFIRMATIVE DEFENSE

118. SIDERMAN alleges that Plaintiff, by its knowledge and/or conduct, has waived any and all rights it may have against him, and consented and approved all the acts and omissions about which Plaintiff now complains.

### NINTH AFFIRMATIVE DEFENSE

119. SIDERMAN alleges on information and belief that Plaintiff has breached and failed to perform the conditions and covenants required under any alleged agreement or contract which is the subject matter of the SAC.

### TENTH AFFIRMATIVE DEFENSE

120. Upon information and belief, Plaintiff is precluded from any recovery on the grounds that it is guilty of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

121. Plaintiff is barred and is estopped from any recovery herein by virtue of its own negligence and/or non-performance of its obligations.

### TWELFTH AFFIRMATIVE DEFENSE

122. SIDERMAN alleges that Plaintiff knowingly and voluntarily entered into a business transaction with certain persons and/or entities and thereby assumed all risks attendant to such transaction, and is thereby precluded from recovery herein.

///

///

///

### THIRTEENTH AFFIRMATIVE DEFENSE

123.   SIDERMAN alleges that the SAC and the causes of action contained therein, are barred by Plaintiff's failure to join necessary and/or indispensable parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

124.   SIDERMAN alleges that Plaintiff lacks standing to bring any claim against SIDERMAN upon which relief can be granted and lacks subject matter jurisdiction.

### FIFTEENTH AFFIRMATIVE DEFENSE

125.   SIDERMAN alleges that he did not engage in any conduct that was likely to mislead members of the public.

### SIXTEENTH AFFIRMATIVE DEFENSE

126.   SIDERMAN alleges he acted lawfully, and in a legally permissible way at all times.

### SEVENTEETH AFFIRMATIVE DEFENSE

127.   SIDERMAN alleges Plaintiff's action is barred under the equitable doctrine of laches and the statute of limitations including but not limited to those set forth in Code of Civil Procedure, sections 335.1, 337, 337.1, 337.15, 338 and 343.

### EIGHTEENTH AFFIRMATIVE DEFENSE

128.   SIDERMAN alleges the court lacks jurisdiction over the subject matter.  There are no claims arising under federal law alleged against this Defendant. And, upon information and belief, damages are only $9,918.80 (*See* ¶37 of the SAC).

///
///
///
///

### NINETEENTH AFFIRMATIVE DEFENSE

129. SIDERMAN reserves the right to have additional defenses that it learns of through the course of discovery.

**WHEREFORE**, SIDERMAN prays as follows:

1. That Plaintiff take nothing by virtue of the SAC herein and that this action be dismissed in its entirety;

2. For the costs of suit (and attorneys' fees) herein incurred;

3. For such other and further relief as the court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Defendant hereby demands that this case be tried before a jury pursuant to the Seventh Amendment of the Constitution of the United States of America, Rule 38(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 38.1 of the Local Civil Rules of the United States District Court for the Southern District of California.

Dated: May 1, 2023

Peter K. Levine, Esq.
Attorney for Defendant Jerry Siderman

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) CASE NO: 3:21-CV-01205-H-JLB
COUNTY OF LOS ANGELES )

I am a citizen of the United States and a resident of the aforesaid county; I am over the age of 18 years and not a party to the within entitled action; my business address is 5455 Wilshire Blvd., Suite 1250, Los Angeles, CA 90036

On May 1, 2023 I served the foregoing document(s) described as **DEFENDANT JERRY SIDERMAN'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT,** on the interested parties in this action as follows:

> Michael A. Alfred, Esq.
> Law Offices of Michael A. Alfred
> 7220 Trade Street, Ste. 104
> San Diego, CA 92121
> mikesr@alfredlawoffice.com
> Info@alfredlawoffice.com
> Counsel for Plaintiffs

__ BY US MAIL SERVICE. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California. I am aware that on Motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

**xx** ELECTRONIC MAIL (CCP 1010.6(e)(1): After confirming by telephone or email the appropriate electronic service address(es) for counsel being served, by e-mailing the document(s) to parties represented by counsel who have appeared in this action or proceeding.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 1, 2023 at Los Angeles, California.

By: _____
Roberto Segovia